

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Wayne E. Gosnell
Partner
gosnell@clayro.com

September 18, 2020

Judge Richard M. Berman
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman:

We are temporary counsel to Robert Hadden in the above-referenced Indictment.  We write regarding the bail conditions set by the Court and, as set forth below, request that (1) Mr. Hadden be permitted to satisfy the condition of his bond requiring the signature of financially responsible persons by allowing any non-family member of Mr. Hadden to remain anonymous and (2) that the time for Mr. Hadden to fully satisfy the conditions of the bond be extended until September 25, 2020.  The non-family suretors are innocent parties with significant privacy interests that will be violated should their names be disclosed publicly.  Given the intense publicity surrounding this case and the nature of the allegations, public disclosure of the names of non-family suretors will serve no legitimate purpose.

Although the public has a general right of public access to judicial documents, *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995), that right is not absolute and courts may seal documents or portions of documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," *In re New York Times Co.*, 828 F.2d 110, 117 (2d Cir. 1987).  In determining whether to seal information, the court must determine (1) the role of the material at issue in the exercise of the courts' power and the resultant value of such information to those monitoring the federal courts; and (2) balance the competing considerations against sealing such as the danger of impairing law enforcement or judicial efficiency and the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

Mr. Hadden asks for very limited relief here.  He requests only that this Court seal the names of non-family members who are willing to sign a bond on his behalf so that Mr. Hadden may satisfy the conditions of his bail requirements set by the court.  Aside from the names of these individuals, the rest of the bond would be publicly available for anyone to review.  Thus, this would permit the public to determine whether they believe that the bail conditions set by the court were appropriate under the circumstances and whether they had been met.  The only kernel of

information that would not be available to the public (but would be available to the government and the court) is the identity of the non-family suretors.

The role that the names of suretors play in the court's decision to allow Mr. Hadden to remain free on bail is minimal. Indeed, nearly all of the information about the suretor is not disclosed to the court or the public at all. For example, the government conducts a review of a suretor's income and personal information to satisfy itself that the person qualifies as a "financially responsible person." But the information reviewed by the government, such as tax returns, bank statements, and paychecks, is not open for public consumption. Here, the government would still be able to conduct its review of the individual to determine whether or not they are appropriate suretors. Similarly, there is minimal, if any, value to the public in knowing the name of suretors to monitor the federal courts.

The overriding concern here is the "privacy interests of innocent third parties," which the Second Circuit has repeatedly held "should weigh heavily in a court's balancing equation." *Gardner v. Newsday*, 895 F.2d 74, 79 (2d Cir. 1990). Publicly releasing the identity of Mr. Hadden's non-familial suretors will lead to public condemnation of them, harassment, embarrassment, and potential loss of employment or worse. We have spoken with several individuals outside of Mr. Hadden's family about their willingness to sign a PRB on Mr. Hadden's behalf. Everyone we have spoken to are confident that Mr. Hadden is not a risk of flight. However, they have all balked at signing the PRB because doing so (absent the relief sought here) would subject them (and their families) to intense negative public scrutiny.

It warrants mention of how much negative publicity surrounds this case. Both prosecutors and plaintiff's lawyers have given press conferences about these allegations and set up websites and hotline numbers seeking additional alleged victims. For example, when undersigned counsel performs a search for Robert Hadden on google, the first entry that appears is a paid advertisement by the law firm Slater Slater Schulman LLP attempting to find additional plaintiffs.[1] Plaintiff's lawyer Anthony DiPetro has waged a self-described war against Robert Hadden and Columbia University and New York Presbyterian Hospital for more than 7 years. And some of his clients, such as Marissa Hoechsteter and Evelyn Yang, have repeatedly been mentioned in prominent publications such as the New York Times and CNN and frequently post about the matter on social media (all while seeking massive civil settlements from Columbia University and New York Presbyterian Hospital).[2]

---

[1] *See* Lawyers Helping You with Dr. Robert Hadden Abuse, 24/7 Lawyer Helpline, *available at https://drhaddenlawsuit.com/?utm_source=Adwords&utm_campaign=victimepstein&utm_medi um=AdwordsPPC&gclid=EAIaIQobChMIqsGm3K3w6wIVj4jICh19cgNZEAAYASAAEgLxC_D_ BwE*.

[2] As discussed during the conference earlier today, Mr. Hadden has been the subject of a criminal prosecution by New York State prosecutors for nearly identical allegations. He has also been the subject of numerous civil cases involving the same allegations. *See, e.g.*, *Jane Doe 16, et al., v. Robert Hadden, et al.*, 20 Civ. 1791 (ALC) (SDNY); *Hoechstetter, et al., v. Robert Hadden, et al.*, 19 Civ. 2978 (ALC) (KHP) (SDNY); *see also, e.g.*, *Marissa Hoechstetter, et al., v Robert Hadden, et al.*, 154237/2019 (NY County Supreme Court); *L.K. and A.Y. v. Robert Hadden*, 155118/2013 (NY County Supreme Court); *Marissa Hoechstetter, et al., v. Robert Hadden, et*

In short, the non-family suretors will not sign a bond unless their identities are withheld from the public.  It bears noting that the presumption of public access has already been overridden in this case on behalf of others when, the government unilaterally omitted the names of alleged victims from the Indictment and when the government read statements from alleged victims—who were permitted to remain anonymous—in an effort to keep Mr. Hadden remanded.  The non-family suretors ask only for the same relief—that they be permitted to remain anonymous to the public.

Finally, given our application above, we respectfully request that Mr. Hadden's time to fully satisfy the conditions of his bond be extended until September 25, 2020.  As noted during the conference earlier today, Mr. Hadden has already satisfied all of the conditions regarding home detention and GPS monitoring.  He has placed a lien on his residence and personally signed for his bond.  And his wife is being interviewed later today to determine whether she is an acceptable suretor to the government and will sign the bond upon approval.

We have conferred with the government about our applications.  The government does not object to either application.

Respectfully submitted,

Wayne E. Gosnell, Jr.
Isabelle Kirshner
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 650
New York, New York 10165
*Counsel for Robert Hadden*

cc by ECF:
    Jessica Lonergan
    Maureen Comey
    Lara Pomerantz

---

*al.,* 161335/2018 (NY County Supreme Court); *Laurie Kanyok, et al., v. Robert Hadden, et al.,* 805131/2014 and 805137/2017 (NY County Supreme Court); *Jane Doe #10 v. Robert Hadden, et al.*, 805293/2013 (NY County Supreme Court).