```
 1   SUPREME COURT OF THE STATE OF NEW YORK
 2   COUNTY OF NEW YORK              PART 41
     -----------------------------------------
 3   THE PEOPLE OF THE CITY OF NEW YORK     Indict. No.
                                            2044/2014
 4
 5                   -VS-
 6
 7   ROBERT HADDEN, DEFENDANT               PLEA
     -----------------------------------------
 8                          February 23, 2016
                            100 Centre Street
 9                          New York County
10   B E F O R E:
11                  HONORABLE RONALD ZWEIBEL
                    JUSTICE OF THE SUPREME COURT
12
13   A P P E A R A N C E S:
14       FOR THE PEOPLE
15              Cyrus R. Vance, Jr.
                District Attorney
16              One Hogan Place
                New York, New York
17           By: LAURA MILLENDORF
                 JENNIFER GAFFNEY
18               AMANDA GOUN
                Assistant District Attorney
19
20       FOR THE DEFENDANT
```

Clerk is respectfully requested to docket and file.

Clayman & Rosenberg
305 Madison Ave.
New York, N.Y.
By:  ISABELLE KIRSHNER

AMALIA HUDSON
OFFICIAL COURT REPORTER

SO ORDERED:
Date: 10/21/2020

Richard M. Berman, U.S.D.J.

**PROCEEDINGS**

1  THE CLERK: Calendar three, Robert Hadden
2  indictment number 2004/2014 appearance, please.
3  MS. KIRSHNER: For Dr. Hadden, Isabelle Kirshner,
4  Clayman & Rosenberg.
5  MS. MILLENDORF: And for The People, Good morning,
6  Your Honor, Laura Millendorf, Jennifer Gaffney,
7  G-A-F-F-N-E-Y, and Amanda Goun, G-O-U-N Good morning.
8  THE COURT: Good morning.
9  MS. KIRSHNER: May we approach, Your Honor?
10 THE COURT: Sure.
11 (Discussion held off the record at the bench)
12 MS. MILLENDORF: Your Honor, thank you, and as
13 previously discussed at the bench, the People and defense
14 counsel have reached a disposition in this matter.
15 The defendant is going to be pleading guilty to criminal
16 sexual act in the third degree under Penal Law Section 130.40
17 Sub. (1) under count three and forcible touching under Penal
18 Law Section 130.52 under count six of the indictment in full
19 satisfaction of the above captioned indictment.  The
20 defendant will be sentenced to a conditional discharge and
21 will be subject to the following conditions:
22 At the time of the plea the defendant will execute a
23 written surrenderer of his New York State Medical license,
24 his license to practice medicine, which will be forwarded to
25 the Office of Profession Medical Conduct.  The defendant

1  agrees that he will not seek licensure in other jurisdiction
2  as a condition of this plea.
3      The defendant further waives his right to any decision
4  on any and all pending motions filed under this indictment
5  including Molineux and severances motions.  The defendant
6  will further execute a written waiver of his right to appeal.
7      The People further agree that the defendant will not be
8  prosecuted for any similar crimes which are known to the
9  District Attorney's office as of on or before February 22,
10 2016.  Your Honor --
11     THE COURT:  What was that last thing?
12     MS. MILLENDORF:  That the People are agreeing that
13 the defendant, after this plea, will not be prosecuted for
14 any similar crimes currently known to the District Attorney's
15 Office as of on or before February 22, 2016.
16     Prior to going on the record today.  The defendant and
17 The People have signed three copies each, which we are filing
18 and serving at this time, of a written waiver of a right to,
19 appeal, a written plea agreement, and the previously agreed
20 upon -- the defendant did also sign a copy of the written
21 order from the Office of Professional Medical Conduct
22 discussing the surrenderer of his medical licensure in New
23 York and his agreement not to seek such licensure in another
24 State.
25     So we're not providing the Court with a copy of the

**PROCEEDINGS**

1 O.P.M.C. agreement, but we will be providing the Court with a
2 the copy of the plea agreement in writing and a written
3 waiver of the right to appeal, and defense counsel also has
4 copies of these. I am handing those up now.
5 (Handing)
6 Your Honor, just again memorializing further, up at the
7 bench conference, we expect today to be adjourning for the
8 opportunity for the probation record to be filed and also for
9 any victims in the case to consider the possibility of making
10 victim impact statements in accordance with the requirement
11 in the C.P.L. If any victims choose to do that, we'll notify
12 defense counsel, and then on the adjournment date. We'll
13 also be dealing with the SORA registration issue and the sex
14 offender adjudication.
15 THE COURT: You said you're thinking about
16 requesting a probation report even though we discussed this.
17 MS. MILLENDORF: It is the People's position that
18 the safest thing to do is to get one, and the C.P.L does
19 require it. I know --
20 THE COURT: We certainly -- I'm certain we can get
21 one by April 5th.
22 MS. MILLENDORF: Yes. So we would request one.
23 THE COURT: Did we say April 5th?
24 MS. MILLENDORF: Yes, Your Honor.
25 MS. KIRSHNER: Yes. Your Honor, just to further to

**PROCEEDINGS**

1    add to the record, as you are aware we had an earlier

2    conversation in which the Court agreed that you would be

3    prepared to downwardly depart from the SORA calculations to

4    find Dr. Hadden a Level 1 Offender.  He is relying on that

5    condition as a condition of pleading guilty today.

6        In addition, I know Ms. Millendorf is indicating that

7    the agreement indicates that he's not going to be further

8    prosecuted for crimes known to the District Attorney's Office

9    as of I believe today not yesterday.  That is as of today

10    which is the 23rd.

11        Just I would like to incorporate by reference, although

12    I am not going to provide to Court, I receive an email from

13    Ms. Gaffney dated February 11, 2016 which goes to greater

14    detail as to the crimes that will be covered by the plea.

15        With that in mind, at this time I have been authorized

16    by my client to withdraw his previously entered not guilty

17    plea and allow him to enter pleas to counts three and six of

18    indictment 2044/2014 in full satisfaction of the charges

19    contained therein.

20        THE COURT:  Dr. Hadden, you've heard what your

21    lawyer, Ms. Kirshner, just stated?

22        MR. HADDEN:  Yes, sir.

23        THE COURT:  Is it your wish at this time to

24    withdraw your heretofore entered pleas of not guilty to this

25    indictment, and are you now offering to pled guilty to count

**PROCEEDINGS**

1 three of the indictment, criminal sexual act in the third

2 degree and the sixth count of forcible touching in violation

3 -- in violation of Penal Law 130.52 of the criminal --

4 MR. HADDEN: Yes, I plead guilty. Yes. That's
5 fine.

6 THE COURT: The charge of criminal sexual act in
7 the third degree is a violation of Section 130.40 Sub. (1).
8 Dr. Hadden, how old are you?

9 MR. HADDEN: Fifty-seven.

10 THE COURT: Are you using drugs or medication?

11 MR. HADDEN: My medication prescribed by --

12 THE COURT: Does the medication affect your ability
13 to understand you are taking this plea today?

14 MR. HADDEN: No.

15 THE COURT: Have you discussed this case with your
16 attorney.

17 MR. HADDEN: Yes, I have.

18 THE COURT: And have you had sufficient time to
19 thoroughly discuss your decision to pled guilty?

20 MR. HADDEN: Yes, I have?

21 Q And are you pleading guilty because you are guilty of
22 the charges?

23 MR. HADDEN: Yes.

24 THE COURT: You understand that by pleading guilty
25 you are waiving your constitutional rights which include your

**PROCEEDINGS**

right to trial by jury, your right to confront witnesses against you, your right to remain silent, and your right to put the State to it's burden of proving your guilt beyond a reasonable doubt?

MR. HADDEN: Yes, Your Honor.

THE COURT: You also understand that if your plea of guilty is accepted by this Court, it will be exactly the same as if you had been found guilty after trial of the two counts of criminal sexual act in the third degree and forcible touching, both felonies.

MR. HADDEN: Yes, sir.

THE COURT: You understand the charges you are pleading guilty to, is that correct?

MR. HADDEN: Yes.

THE COURT: Has anyone included the Court, the Assistant District Attorney, your lawyer, or anyone else forced you or threatened you to enter these pleas of guilty?

MR. HADDEN: No, Your Honor.

THE COURT: The third count of the indictment which charges you with criminal sexual act in the third degree in violation of Penal Law Section 130.40 Sub. (1) alleges as follows:

The defendant in the County of New York on or about June 29, 2012 engaged in oral sexual conduct with a second individual known to the grand jury who was incapable of

**PROCEEDINGS**

consent by reason of some factor other than being less than 17 years old.

Specifically on June 29, 2012, the defendant was a health care provider and during a treatment session, consultation, interview, or examination, he engaged in an act of oral sexual conduct against a patient for no valid medical purpose. Do you admit to that charge?

MR. HADDEN: Yes.

THE COURT: The sixth count charges you with forcible touching in violation of Penal Law Section 130.52 which alleges as follows:

The defendant in the County of New York on about May 7, 2012 intentionally and for no legitimate purpose forcibly touched the sexual and other inmate parts of a fifth individual known to the grand jury for the purpose of degrading and abusing such person and for the purpose of gratifying the defendant's sexual desire. Do you admit to that charge?

MR. HADDEN: Yes, Your Honor.

THE COURT: And I'm agreeing to sentence you in accordance with the plea agreement that was entered into between your lawyer and the District Attorney's Office whereby you will receive a three-year conditional discharge with the condition you don't get into, or if you don't commit any crimes within that period of time, you will not be

**PROCEEDINGS**

1   sentenced to jail.

2   You are going to be found a Level 1 SORA offender after
3   a conference that I had with your lawyer and the District
4   Attorney's Office, and the reason why I reduced this to a
5   Level 1 rather than a Level 2 was because these alleged
6   crimes were committed in your professional capacity for which
7   you will be surrendering your license and will not be
8   permitted to practice medicine in the future.

9   You also are being required to waive your right to
10  appeal. I don't remember whether it -- was it executed
11  already, the waivers of appeal?

12  MS. MILLENDORF: It was, Your Honor. If the Court
13  could review that with the defendant.

14  THE COURT: I just want to advise you, Dr. Hadden
15  that by waiving your right to appeal, you are waiving your
16  right to request the Appellate Division to review and to
17  reconsider the terms of this plea as well as this sentence.
18  You do, however, reserve certain limited constitutional
19  right. Do you understand that?

20  MR. HADDEN: Yes.

21  THE COURT: As a result of this plea you're going
22  to be required to surrender your medical license, and the
23  facts of this plea will be sent to the Office of Professional
24  Conduct, and you will also not be permitted to apply for a
25  medical license in any other state, any other state or

**PROCEEDINGS**

jurisdiction of the United States.

        MS. MILLENDORF:  Any other jurisdiction.

        THE COURT:  You also will not be prosecuted for any similar crimes prior to the date of February 22, 2016.

        MS. KIRSHNER:  February 23.

        THE COURT:  February 23rd?

        MS. KIRSHNER:  Today's date is the 23rd.

        THE COURT:  Today's date.  Right, prior to February 23, 2016.  I stand corrected.

Is there anything else that needed to be covered by this plea?

        MS. MILLENDORF:  No, Your Honor.  Thank you.

        MS. KIRSHNER:  No, Your Honor.  So April?

        THE COURT:  And April 5th for sentence.

Oh, my agreement though, to gave the sentence that was just placed on the record, is conditioned on three things. We are going to have a probation report, so Dr. Hadden, you will be required to go to Probation after you take this plea today so they can prepare a presentence report.

The second condition is you don't get arrested or charged with a crime between now and the date of sentence, and the third condition is that you show up in court on the day of sentence.

        MR. HADDEN:  Okay.

        MS. MILLENDORF:  On April 5th, morning call?

**PROCEEDINGS**

1  THE COURT: April 5th, early morning call.
2  MS. MILLENDORF: Fine.
3  THE CLERK: Robert Hadden, do you now consent to
4  withdraw your previously entered plea of not guilty and plead
5  guilty to one count of criminal sexual act in the third
6  degree and one count of forcible touching to satisfy
7  indictment 2044/2014. Is that your plea, sir?
8  MR. HADDEN: Yes.
9  THE CLERK: Adjourned to April fifth.
10  THE COURT: Was the plea agreement all signed.
11  MS. MILLENDORF: Yes, Your Honor.
12  \* \* \* \* \* \* \* \* \*

THE ABOVE IS CERTIFIED TO BE A
TRUE AND ACCURATE TRANSCRIPT OF
THE TESTIMONY AS TAKEN BY ME.


AMALIA HUDSON
OFFICIAL COURT REPORTER