# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

January 20, 2021

VIA ECF & EMAIL
The Honorable Ona T. Wang
U.S. Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10001

Re:     **United States v. Jeffrey Hadden**, No. 20-cr-468 (RMB) (OTW)

Dear Judge Wang,

     Our office was appointed to represent Mr. Hadden by Your Honor on January 15, 2021. For the reasons set forth below, I write to respectfully request reconsideration, based on further research into the CJA Plan and Administrative Office policy, of the Court's Order requiring Mr. Hadden to pay $100,000 in legal fees to the Clerk of Court by January 22, 2021.  This Order would impose extreme hardship on Mr. Hadden, his wife, and their disabled adult son, and is neither required by the SDNY CJA Plan nor warranted in the particular circumstances of this case.

     As the Court is aware, this District's CJA Plan permits appointment of counsel for defendants, like Mr. Hadden, who have some financial resources but not in sufficient amount to pay for retained counsel.  SDNY CJA Plan VI(B).  The CJA Plan indicates that "available funds" shall be paid to the Clerk of the Court as directed by the judicial officer appointing counsel, *id.*, but does not further explain how the amount shall be determined.  This provision has been rarely invoked in this Circuit and there is scant case law analyzing it.

     The Administrative Office's *Guide to Judiciary Policy* provides a useful reference point in discussing what amount of payment is required from a defendant who received court-appointed counsel but is determined to have been financially ineligible for those services: that person is to reimburse the funds paid to CJA counsel by the Court.  *Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel,* § 230.40 (Payments by a Defendant).  As of January 1, 2020, court-appointed counsel is entitled to be paid $152/hour, with a maximum total compensation (absent special approval from the Court) of $11,800.  *Id.*, at §§ 230.16 (Hourly Rates and Effective Dates in Non-Capital Cases); 230.23.20 (Current Attorney Case Compensation Maximums).  Thus, if the Court had concluded at the end of Mr. Hadden's representation, rather than at the beginning, that Mr. Hadden were financially ineligible, he would have been required to contribute a maximum of $11,800 to the costs of his representation, without analysis of his total "available funds."  SDNY CJA Plan VI(B).  I respectfully suggest that this amount should similarly serve as the ceiling for the amount Mr. Hadden is required to contribute by this Court.  Such a determination would ensure that there is no appearance of Mr.

Hadden being treated differently from other defendants, and no inferences to be drawn about the quality of the representation received based on the amount he is required to pay.

A crucial aspect of the Court's determination, of course, is "the realities of a defendant's duties with respect to his family" and preventing a defendant from suffering "manifest hardship" by virtue of a required contribution to legal fees. *United States v. Bracewell,* 569 F.2d 1194, 1199-1200 (2d Cir. 1978) ("It is as much in the public interest to protect against the possibility that a defendant's dependents will become societal charges as it is to require a financially able defendant, who has been provided with legal services at society's expense, to repay the costs of his defense."). Mr. Hadden's particular personal and financial circumstances (set forth in detail in the full financial statement provided to the Court on December 4, 2020) support the appropriateness of the CJA Case Compensation Maximum being applied here. His family home secures the $1 million bond (*see* ECF No. 4) and, thus, is not available as an asset. Mr. Hadden and his wife both are retired, derive their income solely from disability payments, and do not have realistic prospects for future employment. Mr. Hadden's disability payments will cease when he turns age 65, in less than three years. *See* ECF No. 45, at 2-3. Mr. Hadden's wife suffers from chronic medical conditions that require regular care. They support and care for their adult son, who is disabled. *Id.* Their joint life savings of approximately $130,000 is all the money they have to pay their mortgage once the disability payments end, for unexpected expenses (*e.g.,* car breaking down, heat going out, medical emergencies), as well as for the long-term care of their son. Were they required to pay $100,000 in legal fees, they would be left with only $30,000 in their old age and for their son's care (even assuming no large, unexpected expenses arise).

Finally, because it is at an early stage, it is uncertain how long this case will be active. To require Mr. Hadden to pay $100,000 in legal fees before discovery has even been made, let alone decisions about what course this case will take, seems inconsistent with the ordinary practice of paying for legal services as they are rendered.

Accordingly, I respectfully request that the Court modify its Order and require Mr. Hadden to contribute $2,000 a month in legal costs during the time this case is active, up to a maximum amount of $11,800. As contemplated by the CJA Plan, this amount could be revisited in the future, should Mr. Hadden's circumstances change. In the alternative, while staff in our office does not ordinarily submit timesheets to the Court, should the Court prefer, I am amenable to keeping track of the time I spend on this case and submitting that information under seal and *ex parte* to the Court so that Mr. Hadden can reimburse the Court for the actual hours, pursuant to the CJA hourly rate, up to the maximum CJA compensation limit.

Respectfully submitted,
/s/
Deirdre D. von Dornum
Attorney-in-Charge | EDNY
Federal Defenders of New York
*Counsel for Jeffrey Hadden*

cc:   AUSA Lara Pomerantz (via ECF)
      AUSA Jessica Lonergan (via ECF)
      AUSA Maurene Comey (via ECF)