**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                -against-

ROBERT HADDEN,

                Defendant.

------------------------------------------------------------x

20-cr -468 (RMB) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

The Court has reviewed Defendant's motion for reconsideration, (ECF 56), of the Court's order regarding partial appointment of CJA counsel together with Defendant's December 3, 2020 financial submission ("December 3 Financial Statement")[1] that was submitted to Judge Berman. A defendant may be found partially eligible for appointed counsel: "[i]f a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide the person and that person's dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel." *Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel,* § 210.40.40 (Payments by a Defendant). If a defendant is found to be partially eligible for appointment of counsel the judicial officer "should direct the person to pay the available excess funds to the clerk of the

---

[1] On December 23, 2020, Judge Berman denied Defendant's request to seal his December 3 Financial Statement and directed that it be filed by December 29, 2020. (ECF 35 at 3-4). Judge Berman also denied Defendant's request to stay that order on December 28, 2020. (ECF 39). The financial statement is now nearly a month overdue. Defendant is directed to file the statement forthwith and, in any event, no later than January 29, 2021.

appointment or from time to time after that." *Id*.

The December 3 Financial Statement and Judge Berman's Decision and Order, (ECF 35), both refer to Defendant's recent disclaimer of an inheritance with an "estimated gross value of $2 million." (ECF 35 at 8). In the December 3 Financial Statement, Defendant represents that the estate "is not settled and . . . [he does] not anticipate it will be in the near future." (December 3 Financial Statement).

Accordingly, the parties are directed to provide supplemental briefing on the following issues:

- The effect, if any, of the disclaimed inheritance on the Court's determination that Defendant is partially eligible for appointed counsel and Defendant's motion for reconsideration;

- Whether and when Defendant or his wife will have any access to, or control over, any portion of the disclaimed inheritance;

- Whether the disclaimed inheritance is expected to be used to offset or pay for their son's future care, (*see* ECF 56 at 2); and

- Whether the cessation of Defendant's private disability payments when Defendant turns 65 should be considered in the determination of Defendant's partial eligibility for appointed counsel and/or in the Court's determination of the "available excess funds" in connection with Defendant's motion for reconsideration.

The parties' supplemental submissions are due on February 1, 2021, and I will hold a telephonic hearing on Defendant's motion for reconsideration on February 2, 2021 at 3:00 p.m.

The telephone number is 866-390-1828, and access code is 1582687.

Federal Defenders of New York are further directed to keep contemporaneous time records of time spent on this appointment.

**SO ORDERED.**

Dated: January 27, 2021
      New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge