

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 15, 2021

<u>**BY ECF AND EMAIL**</u>
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>**United States v. Robert Hadden**</u>,
             20 Cr. 468 (RMB)

Dear Judge Berman:

      The Government respectfully submits this letter in response to the defendant's letter dated April 15, 2021, requesting (i) a second extension of the Court's deadline for pretrial motions; and (ii) an adjournment of the trial date in this case to a time in 2022. (Dkt. 81). The defendant's pretrial motions are currently due on May 25, 2021, and trial is scheduled to commence on September 20, 2021. The Government consents to an additional one-month extension of the defendant's pretrial motions deadline in order to allow defense counsel time to review discovery, but opposes the requested three-and-a-half month extension of the defendant's motions deadline and an adjournment of the trial date for the reasons that follow. Such a delay is unnecessary and unwarranted and would not be in the interests of justice, the public, or the many victims in this case (the "Victims").

<h2 style="text-align:center">BACKGROUND</h2>

      On September 8, 2020, the defendant, a former obstetrician and gynecologist ("OB/GYN") employed by a prominent university in New York (the "University"), was charged in Indictment 20 Cr. 468 (RMB), with six counts of enticement, in violation of 18 U.S.C. §§ 2422(a) and 2. (Dkt. 1). These charges arise from the defendant's sexual abuse of numerous patients, both minors and adults, in his capacity as an OB/GYN over the course of nearly twenty years. The defendant was initially represented by retained counsel until the Court appointed counsel, at the defendant's request, on or about January 19, 2021. (Dkt. 55).

      Trial in this matter was initially scheduled to begin on July 6, 2021. (11/12/2020 Min. Entry). On February 4, 2021, the Court adjourned the trial date to September 20, 2021. (2/4/2021 Min. Entry). The defendant's pretrial motions were initially due on March 26, 2021. (*Id.*). On March 8, 2021, with the Government's consent, the defendant requested two additional months to file his pretrial motions in order to review discovery. (Dkt. 80). The Court granted this request, resulting in a new motions deadline of May 25, 2021. (*Id.*).

Beginning on December 7, 2020, the Government has produced discovery to the defendant on a rolling basis, accompanied by a detailed index. The discovery consists of, among other things: (i) materials from other criminal and civil cases involving the defendant; (ii) subpoena returns; (iii) search warrant applications and orders; and (iv) search warrant returns, including images of the defendant's electronic devices. The subpoena returns and the defendant's electronic devices constitute the bulk of the discovery. The Government produced three search warrants to the defendant on March 1, 2021, and two additional search warrants on April 12, 2021, and as such the defendant will have had the operative warrants and applications for multiple months prior to the pretrial motion deadline. Within approximately one month, the Government plans to complete its responsiveness review of the search warrant returns and to identify materials responsive to the search warrants for the defendant.

## DISCUSSION

The defendant's current pretrial motions deadline is May 25, 2021. The defendant asks the Court to extend the motions deadline by over three-and-a-half months based principally on the quantity of discovery and defense counsel's other engagements. (Dkt. 81). For the reasons that follow, the Government consents to a one-month extension of the defendant's pretrial motions deadline to on or about June 22, 2021. The Government respectfully submits that a one-month extension is reasonable because it would afford the defendant additional time to review the search warrants and responsive materials. However, the Government opposes the defendant's request for an adjournment of the September 2021 trial date to a date in early 2022 and any further extension of the defendant's motions deadline because such delay is unwarranted and not in the interests of the Victims.

*First*, an additional extension of several months for the defendant's pretrial motions is not warranted. Pretrial motions typically include (i) motions to suppress evidence; and (ii) motions to dismiss based on "a defect in . . . the prosecution" or "in the indictment," "improper venue," "preindictment delay," "duplicity," or "multiplicity." Fed. R. Crim. P. 12(b)(3). By the end of June 2021, the defendant will have had significant time (*i.e.*, months) with the discovery to assess any such pretrial motions. Moreover, the Government has provided the defendant with a detailed index accompanying the Rule 16 productions, much of which is text-searchable. The Government is prepared and willing to answer any questions the defense may have about the discovery, or provide assistance to the defense in locating particular items within the discovery, in order to aid the defendant in preparation for trial. Indeed, the Government already has conferred with the defense regarding the discovery on multiple occasions, and stands ready and willing to continue to do so. In sum, while the discovery produced to date is voluminous, the defendant will have ample time to review that discovery in advance of any pretrial motions and certainly in advance of trial.

*Second*, the Government respectfully submits that the defendant's request to adjourn the trial is at best premature and in any event not within the interests of the Victims. Trial in this matter is more than five months away. The Government has expeditiously produced discovery to the defendant, with the majority of the productions following the Court's entry of a protective order on February 4, 2021. (Dkt. 68). Accordingly, there is no basis to adjourn the trial date at this juncture based on the quantity of discovery, which defense counsel will have multiple months

in advance of trial to review. Moreover, an adjournment would not be in the interests of the Victims, who have a right to a trial free from unreasonable delay. As the Court is aware, there are six statutory victims in this case and numerous non-statutory victims, each of whom have certain rights under the Crime Victims' Rights Act (the "CVRA"). 18 U.S.C. § 3771; *see also United States v. Larsen*, No. 13 Cr. 688 (JMF), 2014 WL 177411, at *4 (S.D.N.Y. Jan. 16, 2014). The Government anticipates that some of the Victims will be called to testify at trial in this matter. If the defendant is convicted, the Government anticipates that the Victims will be afforded the opportunity to speak at sentencing, in addition to "full and timely restitution" under the CVRA. 18 U.S.C. § 3771(a)(4), (6). Most importantly, the Victims are entitled to "proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). The Victims should not have to endure any unwarranted delays.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: ___/s/_____
     Jane Kim / Jessica Lonergan / Lara Pomerantz
     Assistant United States Attorneys
     (212) 637-2038 / 1038 / 2343

cc:    Defense Counsel (By Email and ECF)