**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 5, 2021

<u>Via Email and ECF</u>
Jessica Lonergan
Lara Pomerantz
Jane Kim
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Ms. Lonergan, Ms. Pomerantz, and Ms. Kim:

      In accordance with Federal Rules of Criminal Procedure 5, 16, 7(f), 12(c), and 12(d), and Federal Rules of Evidence, Rules 104, 403, 404 413, 608, and 609, and in light of your representation to the Court on April 15, 2021, that "[t]he Government is prepared and willing to answer any questions the defense may have about the discovery, or provide assistance to the defense in locating particular items within the discovery, in order to aid the defendant in preparation for trial" (ECF No. 83), I acknowledge the discovery previously provided and make the following requests on behalf of my client:

**Brady and Giglio Information**

1.    Pursuant to Rule 5 of the Federal Rules of Criminal Procedure and the Order issued by Judge Berman in this case pursuant to that Rule, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, e-mails, text messages, and other evidence and information which tends to exculpate the defendant, or which may be favorable or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against the defendant. This request applies to evidence which is within the possession, custody or control of the government, or which is or could by the exercise of due diligence become known to the government. *Brady v. Maryland*, 373 U.S. 83 (1963). If the government believes no such materials exist, please specify that in writing.

2.    In particular, please provide:

      a.     any statements by witnesses that contradict the claim that the defendant was alone in the examination room with patients during examinations, and any statements by witnesses that contradict a patient's report of alleged sexual assault by Dr. Hadden.  *See Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Giglio*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 219 (1995); A.B.A. Standards for Criminal Justice, Prosecution and Defense Function 3-3.11(a) (3d Ed. 1993);

      b.     as to any witness who did not immediately report an alleged sexual assault by Dr. Hadden to law enforcement, (i) when that witness first reported the assault; (ii) to whom that witnesss first reported the assault. *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980) ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted.");

      c.     as to each government witness, when that witness became aware of civil litigation against Dr. Hadden, and whether that witness has filed a claim against Dr. Hadden. *See* <u>Individual Practices of Hon. Richard M. Berman</u>, November 2020 (Giglio material includes "information that tends to show that the witness has a personal motive to inculpate the defendant");

      d.     whether any witness was employed in New York or had reasons for traveling to New York other than their gynecological appointments on the dates of the incidents.  *See United States v. Nelson*, 979 F. Supp. 2d 123, 131 (D.D.C. 2013) (evidence that defendant charged with traveling for purposes of sex with minor had alternative motive for travel represented *Brady* material the suppression of which required reversal).

3.     If the government is aware of facts which would constitute *Brady* material but assumes that the defendant or counsel knows or should know such facts, please verify that counsel is aware of these facts.

**Relationship Between Civil Lawyer and Federal Law Enforcement**

4.     A substantial amount of discovery produced by your Office in this case is labeled as "Materials from Anthony DiPietro."  It is my understanding that Mr. DiPietro is the civil lawyer suing Mr. Hadden for money damages in both state and federal court stemming from the same underlying alleged conduct as the charges here.

      a.     Please set forth whether Mr. DiPietro and the U.S. Attorney's Office/FBI are sharing information, and if so, what limits, if any, exist on such information sharing.  Please provide any document reflecting an agreement, including not only a formal agreement but an exchange of emails or the like, reflecting a mutual understanding, between the USAO/FBI and Mr. DiPietro concerning the sharing of information.

      b.     Some of the information provided by Mr. DiPietro to the U.S. Attorney's Office appears to be subject to a protective order entered by Judge Billings in New York

Supreme Court that does not permit any further dissemination of that information. *See Jane Doe # 3 v. New York and Presbyterian Hospital, N.Y. Sup. Ct. Index # 152438/2017,* Order dated July 26, 2019 (NYSECF # 236). To the extent Mr. DiPietro and the USAO have determined that this case qualifies as "related" to the civil case and that sharing information is appropriate under Judge Billings' Order, please so state so that the defense may have equal access to this information in keeping with Judge Billings' stated purpose in the protective order that "no party is disadvantaged." *Id.*

**Overlap of State and Federal Prosecutions**

5. On April 20, 2021, you stated that you would provide answers to the following questions, but have not done so to date:

(a) Are any of the federal indicted "victims" people who were indicted state "victims"? If yes, which counts in the federal indictment pertain to indicted state victims?

(b) Are any of the federal indicted "victims" people who were listed as Molineux witnesses in the state? If yes, which counts in the federal indictment pertain to people listed as Molineux witnesses in the state?

(c) Are any of the federal non-statutory witnesses (404/413) indicted state "victims"? If yes, which counts of the state indictment pertain to federal non-statutory witnesses?

(d) Are any of the federal non-statutory witnesses (404/413) people who were listed as state Molineux witnesses? If so, which Molineux witnesses?

(e) Were any indicted federal "victims" known to the DA's office at the time of the state plea but not the subject of either the state indictment or the state's Molineux application? If yes, which counts in the federal indictment pertain to such people?

(f) Were any of the federal non-statutory witnesses known to the DA's office at the time of the plea but not the subject of either the state indictment or the state's Molineux application. If so, who?

(g) Are there any federal indicted victims or witnesses the government intends to call who were not known to the DA at the time of the state plea?

(h) (IF YES) Would it be fair to say most of the federal victims/witnesses were known to DA at the time of the plea?

6. With respect to the federal government taking up this prosecution from the Manhattan D.A.'s Office, please provide:

> a. the first date on which the federal government spoke to the Manhattan D.A.'s Office concerning the defendant or the allegations underlying the federal indictment, and all subsequent dates on which the federal government or its agents conferred with the Manhattan D.A.'s office concerning the defendant or these allegations;

3

    b.     all correspondence, including emails and text messages, between the federal government and the Manhattan D.A.'s Office concerning the defendant or the allegations underlying the federal indictment;

    c.     notes of all conversations between the federal government and the Manhattan D.A.'s Office concerning the defendant or the allegations underlying the federal indictment.

**Reports of Examinations and Tests Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(F):**

7.     Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, including computer forensic tests and analyses, relating to the criminal action or proceeding which was made by, or at the request or direction of, a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial or which the prosecution intends to introduce at trial, including, but not limited to:

    a.    DNA reports and notes, FTK reports, a list of search "tags" used in the forensic searches of the various electronic devices seized from the defendant, his wife, and his father's home;

    b.    What, if any, search protocols were used in the search of these electronic devices, including what if any efforts were made to minimize the search.

    c.    Given the volume of electronic evidence, the defense also requests the government indicate to the defense which, if any, of this evidence the government deems relevant to this case. Given the size of the production, the defense should not have to seek a needle in a haystack. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1977) ("The government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided . . . ."); *United States v. Upton*, 856 F.Supp. 727, 748 (E.D.N.Y. 1994) (directing government to "provide a list of all documents to be referred to or relied upon by government witnesses); *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (ordering government to "identify to the defendants those documents which it intends to offer, or to use or to refer to in connection with the testimony of any witness, in its case in chief");

**Expert Testimony Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(G):**

8.     Please disclose any evidence which the government may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information relied upon in forming such opinions, and the qualifications of the witness.  This request applies to any evidence the government purports to introduce as non-expert "background" testimony.

**Statements of the Defendant Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A) and (B):**

9. All written or recorded statements made by the defendant to law enforcement, at any time and in any context, regardless of the government's intentions with respect to their use at trial.

10. All records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by the defendant to government or law enforcement authorities, regardless of the government's intentions with respect to the statement's use at trial. This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of the defendant are related or described. Where a defendant's statement is contained in more than one writing, please provide each such writing. In particular, this request includes, but is not limited to, all reports and writings which contain the substance of any statements made by the defendant to any law enforcement officer. Please state the names of any and all individuals who made the written recorded statements or who were present when the statements were made.

11. The substance of all oral statements made by the defendant to government or law enforcement authorities which have not been disclosed pursuant to Requests (1) and (2) above and which the government may use at trial. This request includes not only statements which the government intends to introduce at trial, but also statements which the government may "use" for impeachment or other purposes.

12. Please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants connected with this case, and whether or not any arrests, seizures, or electronic surveillances were made as a result of the applications.

13. The substance of all statements and expressive conduct of the defendant in response to all Miranda warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

14. All recorded testimony of the defendant or of any person authorized to legally bind the defendant or to make admissions on the defendant's behalf before any grand jury.

15. Please indicate whether the government is in possession of any statements made by persons other than the defendant which it intends to offer under an exception to the hearsay evidentiary rules or which might possibly draw an objection to admissibility based upon such rules. Please indicate the substance of any such statements and the theory under which the government contends they are admissible. This request specifically includes any evidence that relates to a "prompt outcry" by a witness that the defense might object to as an inadmissible prior consistent statement, regardless of whether the government would agree with that objection.

**Criminal Record of the Defendant and Other Crimes, Wrongs or Acts Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(D), Federal Rules of Evidence Rules 403, 404, 608 and 609:**

16. Please describe in detail any evidence of uncharged conduct of the defendant which the government intends to introduce at trial pursuant to Federal Rules of Evidence, Rule 404(b) or

413. In addition, please include any allegations of misconduct which the government may seek to use for impeachment or other purposes at trial.

**Documents and Tangible Objects Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(E) and 12(c):**

17. Copies of all books, papers, documents, photographs, drawings, film, and videotapes which are material to the preparation of the defense, or are intended for use at trial, or which were obtained from or belong to the defendant.

    This includes:

    a. All photographs, videos, or surveillance footage of the relevant locations;

    b. All NYPD radio transmissions of any incidents;

    c. Any 911 call tapes and ICAD reports;

    d. Any manuals, guidance, training materials, policies, correspondence, or the like concerning the relevant standards of care at Dr. Hadden's workplace in the possession of the government or which will be referred to at trial, including but not limited to materials addressing sexual harassment and abuse and the proper conduct of gynecological examinations.

18. Please provide a description of all tangible objects, buildings or places which are material to the preparation of the defense or which are intended for use at trial or which were obtained from or belong to the defendant. We request access to the original objects at an appropriate time. Specifically, we request to view all physical evidence.

19. If any evidence obtained was taken from or belongs to any defendant and was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure, and the exact location where each item was allegedly seized.

20. Please provide a detailed description of any documents, objects, recordings or physical evidence relating to this case which have been destroyed, lost, or which are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

    Thank you for your prompt attention to this matter.

Very truly yours,<br>
/s/ Deirdre D. von Dornum<br>
Attorney-in-Charge<br>
Federal Defenders of New York<br>
(718) 330-1210

cc:    Clerk of Court (by ECF)
        Robert Hadden