

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 11, 2021

**BY ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    **United States v. Robert Hadden**,
           20 Cr. 468 (RMB)

Dear Judge Berman:

    Trial in this matter is scheduled to commence on January 5, 2022. With the defendant's consent and for the reasons that follow, the Government respectfully submits this letter to request a brief trial adjournment to a date in March 2022, as well as a corresponding adjournment of the motion schedule.

    By way of background, trial had previously been scheduled to start on September 20, 2021. On April 15, 2021, the defendant requested an adjournment of the September trial date to a date in early 2022, as well as an adjournment of the motion schedule, citing, among other things, the voluminous discovery. (Dkt. 82). The Government opposed the defendant's request on the basis that such an extended adjournment was premature and inconsistent with the victims' interests in this case. (Dkt. 83). On April 15, 2021, the Court granted the defendant's request in part and scheduled the trial to begin on January 5, 2022. (Dkt. 84).

    The Government respectfully requests, with the defendant's consent, a brief adjournment of the trial to a date in March 2022. The Government submits that this brief adjournment is in the interests of justice and in the interests of the victims because it will ensure continuity of Government counsel. Specifically, the adjournment will ensure that at least one of the prosecutors who was assigned to this case during the early stages of the Government's investigation and who participated in numerous victim and witness interviews, as well as the Government's discovery productions, will be able to participate at trial.[1] In this matter, continuity of Government counsel

---

[1] AUSA Pomerantz, who has been assigned to this matter from its very early stages, has a trial which is scheduled to begin on November 29, 2021 before the Honorable Alison J. Nathan, and which is expected to last approximately four weeks. Accordingly, the brief adjournment will permit AUSA Pomerantz to participate in this trial. Of the other two other prosecutors who were assigned to this matter from its very early stages, AUSA Lonergan will no longer be employed by the U.S. Attorney's Office as of August 2021, and AUSA Comey is no longer assigned to this matter.

is particularly important given the complexities of the case; the large volume of discovery; the many victims, including minor victims, whom the Government anticipates will testify at trial; and the nature of sexual abuse suffered by the victims. Accordingly, the Government respectfully submits that the interests of the public and of the victims in continuity of Government counsel weigh in favor of a brief trial adjournment. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (listing continuity of Government counsel as one factor to consider when evaluating a request for a continuance); *see also United States v. Jones*, 18-42-cr, 2021 WL 727837, at *2 (2d Cir. Feb. 25, 2021) (finding that the district court "considered the unavailability of the prosecutor when granting the continuance, as it was entitled to do under the Speedy Trial Act" and "reasonably conclud[ed] that a small delay was justified" in "balanc[ing] the need for a speedy trial with the efficiencies of continuity of counsel"). In addition, the defendant in this case is not detained and consents to such an adjournment.

The parties also respectfully request the following adjustment to the motion schedule:

- The defense shall file any pretrial motions by October 18, 2021.
- The Government shall file its response by November 18, 2021.
- The defense shall file any reply briefing by December 2, 2021.

By way of an update, the Government notes for the Court that its privilege and responsiveness review of the search warrant returns in this case remains ongoing. As of April 2021, the Government believed that it would be able to complete its responsiveness review by the end of May 2021. (*See* Dkt. 83 at 2). However, because of certain technical issues involving the electronic review platforms, among other things, the Government's responsiveness review remains ongoing. The Government has communicated the above to defense counsel, and plans to identify material responsive to the search warrants for the defense in advance of the defense's motions deadline.

Should the Court grant the above requests, the Government respectfully requests, with the defendant's consent, that the Court exclude time under the Speedy Trial Act from September 20, 2021 through the new trial date. The exclusion of time is in the interests of justice under 18 U.S.C. § 3161(h)(7) because it will allow the defense to continue to review discovery and file any pretrial motions; permit the parties to prepare and file motions *in limine*; and allow adequate time for the parties to prepare for trial.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: ___s/___
Jane Kim / Jessica Lonergan / Lara Pomerantz
Assistant United States Attorneys
(212) 637-2038 / 1038 / 2343

cc: Defense Counsel (By Email and ECF)