# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 6, 2021

Via Email and ECF
Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

      Re:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

I respectfully move for the Court to preclude the government from using in its case-in-chief at trial any materials seized from the defendant's family home in New Jersey on September 9, 2020 ("New Jersey home seizure") that are not identified by the government as responsive sufficiently prior to the August 2, 2021, pre-trial motions filing deadline to allow defense counsel to take account of them in the motions. The government has had these seized materials, which include intensely personal information from Mr. and Mrs. Hadden's cell phones and laptops, for almost a year and has not identified a single document or file as responsive. This delay in identifying responsive materials and returning non-responsive materials both violates the Fourth Amendment and infringes on the defendant's Fifth and Sixth Amendment rights to due process and the effective assistance of counsel in preparing pre-trial motions and reviewing evidence for trial.

**Factual Background**

Robert Hadden is charged with six counts of violating the Mann Act by allegedly enticing women to travel across state lines for medical appointments with the purpose of sexually abusing them during these appointments. The crimes described are hands-on, not electronic or on-line. The alleged conduct concluded in 2012. The only electronic evidence the government has alluded to thus far are a small number of emails and texts between Mr. Hadden and some of the alleged victims regarding their medical care and upcoming appointments. *See* Indictment, attached as Exhibit A. These emails and texts all occurred prior to 2012 and were known to the government prior to the federal indictment.

On September 8, 2020, Special Agent Aaron Spivack of the F.B.I. submitted an affidavit to a Magistrate Judge in New Jersey in support of an application for a warrant to search Mr. and

1

Mrs. Hadden's home in Englewood, N.J. *See* Spivack Affidavit for Application to Search Hadden's Home ("Spivack Home Aff."), SDNY_RH_00011262-11296, attached as Ex. B (filed under seal). The Affidavit set forth detailed information regarding the alleged criminal conduct between 1993 and 2012, incorporating the Indictment by reference. *Id.* at ¶ 9. The Affidavit indicated that the FBI had identified a small number of phone calls, emails and text messages with some of the alleged victims and that Special Agent Spivack believed that Mr. Hadden might still have downloads or saved files from that time period containing information about or communications with victims, solely because in Agent Spivack's experience, "individuals who commit crimes of sexual assault often retain information relating to their victims." *Id.* at ¶¶ 12(f), 13, 14, 18(d), 24. The Affidavit requested permission to seize and subsequently search off-site not just phone call, email and text message evidence from 1993 to 2013, but a wide swath of highly personal information, including data regarding any internet searches conducted or web pages visited on electronic devices, all documents related to the University and Hospital that formerly employed Mr. Hadden, all data in Mr. Hadden's work email account, and any sexually explicit photos or videos (even, for example, sexually explicit photos of Mr. and Mrs. Hadden). [1] *Id.*

The Honorable Joan M. Wettre, United States Magistrate Judge for the District of New Jersey, granted the application for the search warrant on September 8, 2020. *See* New Jersey Home Search Warrant, attached as Ex. C (under seal). 24 law enforcement agents, including at least five NYPD officers, searched the Hadden family home early the next morning and seized numerous items, including boxes of what the FBI called "miscellaneous" documents and many electronic devices belonging both to Mr. Hadden and his wife (including eleven USB drives/data cards, six compact discs, three tablets, an audio recorder, five cell phones, and two laptops). *See* Search Warrant Return, attached as Exhibit D.

Trial in this matter was initially scheduled to begin today, July 6, 2021. On February 4, 2021, the Court adjourned the trial date to September 20, 2021. The defense pretrial motions were initially due on March 26, 2021. On March 8, 2021, with the government's consent, the defense requested two additional months to file pretrial motions in order to have sufficient time to review discovery. ECF No. 80. The Court granted this request, resulting in a new motions deadline of May 25, 2021. *Id.* On April 15, 2021, the defense requested an additional 90-day extension of the Court's deadline for pretrial motions, in order to allow sufficient time to review discovery prior to the filing of those motions, and an adjournment of the trial date to early 2022. ECF No. 81. That same day, the government indicated that it consented only to a 30-day extension of the defense motions and strenuously objected to the request for an adjournment of trial as unwarranted. ECF No. 83. The government represented to the Court that "within approximately one month" (*i.e.*, by May 15, 2021), "the Government plans to complete its

---

[1] The defense intends to file a motion challenging this search warrant as overbroad and insufficiently particular to satisfy the Fourth Amendment. The instant motion is limited to challenging the government's decision to retain seized information for almost a year without identifying responsive materials and returning non-responsive materials.

responsiveness review of the search warrant returns and to identify materials responsive to the search warrants for the defendant."  ECF No. 83, at 2.[2]

To date, the government has failed to identify as responsive to the categories of information authorized in the search warrant a single item taken during the wide-scale rummaging through the Hadden family home.[3]  The government, conversely, has repeatedly declined to identify to counsel any materials from the seized documents, computers, cell phones, and hard drives that it does *not* intend to introduce at trial.  Instead, the government has, as of today, said it will *begin* to produce materials identified as responsive to defense counsel in early September, a month after defense pre-trial motions are due.  This stands in stark contrast to the government's representation to the Court, in objecting to the defense's request for additional time to review discovery prior to the filing of motions, that "[b]y the end of June 2021, the defendant will have had significant time (*i.e.*, months) with the discovery to assess any such pretrial motions."  ECF No. 83 at 2.[4]

This is despite the defense indicating to the government several months ago its intention to file a suppression motions based on the search warrant and its execution, and urging the government to produce responsive materials immediately and on a rolling basis, so that the defense can properly take account of these materials in drafting pre-trial motions.  The defense has no idea how voluminous the responsive information will be, but, given the number and size of the electronic devices, it could be quite extensive.  Moreover, the government has indicated that it has had technical difficulties reviewing and analyzing the electronic information, which certainly does not give comfort as to the ease with which counsel—with far fewer resources than

---

[2] The Court ordered the pretrial motion schedule and trial schedule modified so that defense pretrial motions are due August 2, 2021 and trial is set to commence January 5, 2022.  ECF No. 84.

[3] Although the government has created images of the electronic devices, it has not returned any of the devices or hardware to the Haddens.  In addition, the government has not to date provided defense counsel with full copies of the seized non-electronic materials (such as documents). *Compare United States v. Metter*, 860 F.Supp.2d 205, 210 (E.D.N.Y. 2012) (noting that the government created images of the seized computer hard drives and promptly returned the computer hardware to is owners as well as providing defendant with copies of the seized physical documents) *with United States v. Debbi*, 244 F.Supp.2d 235, 237-38 (S.D.N.Y. 2003) (finding a Fourth Amendment violation in the search, seizure, and retention of seven boxes of documents from the defendant's home when no meaningful attempt was made to separate and retain only the items the warrant permitted to be seized).

[4] On April 5, 2021, the government produced to the defense full mirror images of a number of the electronic devices seized from the Hadden family home.  Because these are massive files containing many gigabytes of data, much of which appears to have absolutely nothing to do with this case, were defense counsel to be required to review every file produced, without the government identifying responsive materials, this would take far more than the ten months it has thus far taken the government and its team of FBI agents.  The government has not to date provided a full copy of the paper materials seized.  It has only provided photographs of the first page of paper materials or, in certain instances, photographs of the outside of the boxes seized.

3

the U.S. Attorney's Office and FBI—will be able to review it and make meaningful use of it in pre-trial motions and at trial.

## Argument

    The government's significant delay in conducting off-site review of the evidence seized from Mr. Hadden's family home in New Jersey merits either preclusion of its use in the government's case-in-chief or blanket suppression of the seized evidence.  This is so for two independent reasons: (1) this lengthy delay in identifying what is responsive and what is not, and returning non-responsive materials, violates the Fourth Amendment;[5] and (2) this lengthy delay infringes on the defendant's due process rights and compromises counsel's ability to provide effective assistance to Mr. Hadden both in the preparation of pre-trial motions and for trial.

### Lengthy Delay In Executing The Search Warrant Violates The Fourth Amendment

    "[T]he Fourth Amendment requires the government to complete its review, *i.e.,* execute the warrant, within a 'reasonable' period of time." *United States v. Wey,* 256 F. Supp. 3d 355, 383 (S.D.N.Y. 2017) (quoting *United States v. Metter,* 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) (holding that the retention of all imaged emails for fifteen months without review was unreasonable and suppressing all seized email evidence)); *see also United States v. Alston,* 15–cr–435, 2016 WL 2609521, at *3 (S.D.N.Y. Apr. 29, 2016) ("While Rule 41 prescribes no particular time period for data extraction in these circumstances, the time needed to complete off-site copying or review is subject to the rule of reasonableness."); *United States v. Lustyik,* 57 F.Supp.4d 213, 230 (S.D.N.Y. 2013) ("[l]ike all activities governed by the Fourth Amendment, the execution of a search warrant must be reasonable" and "[l]aw enforcement officers therefore must execute a search warrant," including, when applicable, review of recovered electronic communications, "within a reasonable time")

---

[5] In addition, the government has been slow to acknowledge and return seized materials that are clearly non-responsive, with little or no review needed to so determine.  Today, after several requests from counsel, the government agreed to return six of the items seized during the search of Mr. Hadden's home and to consider returning further items that the government says are still undergoing "privilege review."  For example, counsel specifically asked for the return of a book about sex abuse cases that was given to Mr. Hadden's wife by her psychiatrist.  The government said it would look into this, but that the book – a published book not about this case or written by a lawyer representing anyone in this case – was still undergoing privilege review.  Similarly, counsel specifically asked for the return of a composition notebook containing notes taken by Mr. Hadden in medical school.  The government again said it would look into this.  It has been ten months since these items were seized.  Neither are plausibly privileged or responsive.  And those are only isolated examples of the materials seized by the FBI from the Hadden family home. *See United States v. Soliman,* No. 06-cr-236, 2008 WL 4757300 (W.D.N.Y. Oct. 29, 2008) (requiring the government to "cull through the documents [seized and] identify and return those materials not covered by the warrant"); *United States v. Debbi,* 244 F. Supp. 2d 235,238 (S.D.N.Y. 2003) (ordering the return within five days of all property seized "that the Government has not by this date determined are evidence of the alleged [crimes]").

The search warrant for the defendant's family home specifically sought, and the government was granted permission for, the widespread seizure of all information contained in any electronic devices found at the Hadden family home, as well as very broad categories of paper documents.  This was the type of "general warrant" the Fourth Amendment's Warrant's Clause was meant to protect against, sweeping far more broadly than the Mann Act charges in the Indictment against Mr. Hadden. "The Fourth Amendment was intended to prevent the Government from entering individuals' homes and indiscriminately seizing all their papers in the hopes of discovering evidence about previously unknown crimes.  Yet this is exactly what the Government claims it may do when it executes a warrant calling for the seizure of particular electronic data relevant to a different crime." *United States v. Ganias*, 755 F.3d 125, 139-40 (2d Cir. 2014) (internal citations omitted), *rev'd on other grounds*, *United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016) (en banc).

This general search warrant could be salvaged only by rapid and precise review of the seized materials, followed by the immediate return of items irrelevant to the charged crimes under investigation, namely the contact sexual offenses alleged to have occurred between 1993 and 2012.  *See Metter*, 860 F.Supp.2d at 212-16 (describing the unique Fourth Amendment concerns raised by off-site searches and the importance of the government taking measures to ameliorate these concerns).  As the Second Circuit has stated, "like 18th Century 'papers,' computer files may contain intimate details regarding an individual's thoughts, beliefs, and lifestyle, and they should be similarly guarded against unwarranted Government intrusion. If anything, even greater protection is warranted."  *Ganias*, 755 F.3d at 135 (citing *United States v. Galpin*, 720 F.3d 436, 446 (2d Cir. 2013) ("[A]dvances in technology and the centrality of computers in the lives of average people have rendered the computer hard drive akin to a residence in terms of the scope and quantity of private information it may contain."); *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009) ("The modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs...."); Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L. Rev. 531, 569 (2005) (explaining that computers and cell phones have become the equivalent of "postal services, playgrounds, jukeboxes, dating services, movie theaters, daily planners, shopping malls, personal secretaries, virtual diaries, and more")).

Here, the government has retained intensely personal information contained on Mr. and Mrs. Hadden's cell phones, laptop computers, thumb drives and other storage devices, and paper documents for nearly a year without completing the constitutionally mandated execution of the search warrant.  This violates the Fourth Amendment and all materials seized during the search of the family home should either be suppressed or precluded from use in the government's case in chief at trial.  *See Metter*, 860 F.Supp.2d at 215-16; *see also Ganias*, 755 F.3d 125.

**Production of Substantial Materials *After* The Defense Motions Are Due And Within Four Months Of The Trial Date Infringes Mr. Hadden's Fifth and Sixth Amendment Rights**

The government's decision to proceed in this fashion and on this time-line means that after defense motions are due and less than four months before trial is set to commence, the government will be identifying for the first time evidence it considers responsive and may seek to use at trial.  In sum, the government has decided to give itself a year to review and analyze responsive materials but plans to give the defendant—who faces very serious charges here—less than four months to do so before trial.  The government has resisted counsel's efforts to date to narrow the field of materials relevant to motions and trial on the basis that the trial is still too far off for such decisions to be made.  Late disclosure of responsive material, particularly to the extent it is complex material contained on electronic devices, infringes the defendant's rights to effective assistance of counsel and due process.  This is not a case where the government at the last minute discovers responsive material; the government has had these materials since September 9, 2020.  In evaluating the impact of late-disclosed material, the Second Circuit's case law clearly establishes that disclosure must be made in time "to allow for full exploration and exploitation by the defense."  *Leka v. Portuondo*, 257 F.3d 89, 101 (2d Cir. 2001).  Responsive material seized from a defendant's home during the execution of a search warrant that is not disclosed until a month after a suppression motion is due fails this test.

Moreover, in the unusual circumstances of this case, it is difficult to see the legitimate purpose of this wide-ranging seizure of materials from the defendant's home, let alone why the government should be permitted to belatedly dump responsive items on the defense.  The charges against the defendant date to the time-period 1993 to 2012 and stem almost exclusively from direct witness testimony and documentary records obtained by the Manhattan D.A.'s Office years ago.  Eight years after the last alleged conduct, and six years after the defendant was prosecuted in the state for the same conduct, the FBI decided to go to the defendant's home for the first time and sweep up electronic devices and documents to be searched off-site.  Any electronic evidence or documents in the defendant's possession in 2020 are likely to be at best, peripheral, and at worst, a thinly disguised effort to further dirty up the defendant with activity or items unrelated to the charged conduct.  For the government to dump this discovery on court-appointed counsel after motions are due and with less than four months before trial will serve only to distract counsel from the constitutionally-mandated responsibility of defending Mr. Hadden, and to prevent counsel from focusing on the actual evidence against the defendant as to the charges against him.

For the reasons stated above, I respectfully ask the Court to preclude the government from introducing in its case-in-chief at trial any information seized from the Hadden family home that is not identified as responsive sufficiently in advance of the August 2, 2021 motions deadline, or, in the alternative to suppress all information seized from the Hadden family home by the FBI on September 9, 2020.[6]

---

[6] The government has indicated that it would not object to allowing the defense to supplement the defendant's motions once the government has concluded its production of responsive materials.  This

Respectfully Submitted,

/s/ Deirdre D. von Dornum

Attorney-in-Charge
Federal Defenders of New York
 (718) 330-1210

cc:    Counsel of Record (by ECF)
        Robert Hadden

---

does little to ameliorate the prejudice to the defendant of his counsel being consumed with pretrial motion practice rather than trial preparation in the months just before trial, or to justify the government's dilatory review, let alone to cure the Fourth Amendment violation.