# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 9, 2021

Via Email and ECF
Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

Re:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

As the Court requested, the parties met and conferred yesterday following the conference, and again this morning. We were not, unfortunately, able to come to agreement on issues flagged in my motion to preclude that bear directly on my ability to effectively prepare for motion practice and trial. As discussed at the conference on July 8, 2021, while the government's commitment to identifying responsive materials by September 3, 2021, is a useful step, it is only one part of the discovery disputes that bear on motions and trial. As the Court knows, I am doing my best with limited resources and limited time to represent Mr. Hadden as effectively as I can.

I respectfully ask the Court to direct that:

➢ With respect to the child pornography that the government stated in its July 7, 2021, letter it had recovered from a laptop seized by the FBI from Mr. Hadden's deceased father's home, that on or before September 3, 2021, the government notify the defense as to whether it intends to either seek to introduce the child pornography at trial or to bring an additional charge relating to the child pornography. Having sufficient notice prior to the filing of any motions related to the search and seizure issues is crucial. If the government seeks to use in any way this material against Mr. Hadden in this case, the defense will need to: (1) hire a forensic expert to examine the laptop and evaluate whether there is any evidence to connect Mr. Hadden—as opposed to his father or someone else—to that material; (2) prepare motions relating to the admissibility, or not, of such material, and if necessary, seeking severance of any child pornography-related count from the existing charges. In addition, should the government seek to introduce this or any other evidence from the father's laptop at Mr. Hadden's trial, the defense will need to file a suppression

1

motion raising multiple contested factual issues that will likely require an evidentiary hearing, including whether the consent to search that resulted in the initial seizure of the laptop was provided by someone with actual or apparent authority to give such consent. (Mr. Hadden's father's estate was in probate proceedings at the time the laptop was seized from a home that was part of the estate).   If the government is not planning to seek the introduction of materials from the father's laptop, this will obviate the need to spend considerable resources and effort litigating these issues.  But one way or another, I need to know, in sufficient time, how the government intends to proceed.

➢ The government provide to the defense no later than July 15, 2021, a complete scan of all documents seized from Mr. Hadden's home.  As noted in my motion, the government has not yet made a copy of those documents available (but, rather, has invited counsel to sit in the FBI office and thumb through boxes of materials), and the FBI Warrant Return states only "misc documents," providing little insight into what was seized.  When we met and conferred, the government was amenable to providing a copy of these documents, which is, of course, the usual practice with documents seized during a search, but would not commit to a date by which it could do so.  None of the complicating factors detailed by the government in relation to the computer searches is present as to these traditional paper documents and the defense sees no reason why a firm deadline for production of these materials should not be imposed now, almost a year after the documents were seized.

➢ At such time as the government or its agents creates forensic reports regarding any electronic device, it will provide such reports promptly to the defense.  As discussed at the July 8, 2021, conference, such reports are routinely produced as Rule 16 discovery in cases involving electronic discovery, including computers and cell phones.  This request places no additional burden on the government, as the reports only need be produced when generated.

➢ The Government will identify for the defense evidence that it may seek to offer in the form of trial exhibits on a rolling basis at least one month before trial, if not before.  The Government is free to supplement, revise, and update this list as needed, and will provide this information to the defense to assist defense counsel's trial preparations.

If these specific deadlines and understandings are put in place, the defense would ask the Court to order that those pre-trial motions that do not relate to the seizures from Mr. Hadden's father's home or Mr. Hadden's family home be filed on the schedule previously set by the Court, and that those pre-trial motions that relate to the seizures, or to other information provided by the government subsequent to August 2, 2021, be filed on the following schedule agreed to by the parties:

- o  Defense motions due October 15, 2021
- o  Government response due November 5, 2021
- o  Defense reply due November 12, 2021.

2

If, on the other hand, these deadlines and understandings are not put in place by the Court, the defense would respectfully request that before putting any motion schedule in place pertaining to the seized materials, the defense have the opportunity to review the responsive materials during the week following September 3, 2021, and advise the Court as to how much time will be necessary to prepare its second-round of motions, including whether a forensic expert will need to be retained and any other similar issues.

Alternatively, as set forth in the initial motion, the defense seeks preclusion of the materials seized from the Hadden family home due to the government's failure to execute the warrant in a timely manner.

I thank the Court for its assistance.

Respectfully Submitted,

/s/ Deirdre D. von Dornum

Attorney-in-Charge
Federal Defenders of New York
 (718) 330-1210

cc:     Counsel of Record (by ECF)
        Robert Hadden