

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 11, 2021

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Robert Hadden,**
              **20 Cr. 468 (RMB)**

Dear Judge Berman:

      The Government respectfully submits this letter in response to the defense's letter of July 9, 2021 (the "Defense's July 9 Letter"), which sets forth five requests that differ substantially from the requests made by the defense during the parties' meet-and-confer. (Dkt. 99.) As discussed in greater detail below, the Government is prepared to satisfy or has already satisfied four of five of the defense's recent requests. The Government cannot satisfy the defense's last request with respect to any future child pornography charges against the defendant because doing so would, among other reasons, not serve the interests of the public. Accordingly, the Government respectfully requests that the Court:

1. Grant the defense's request to file any suppression-related motions on a supplemental motions calendar such that defense motions must be filed by October 15, 2021, the Government's response must be filed by November 5, 2021, and the defense reply must be filed by November 12, 2021.[1]

2. Deny the defense's suppression motion (*see* Dkt. 93) as moot in light of the suppression-related supplemental motions calendar outlined above.

3. Decline to decide four out of five of the defense's requests because the Government will satisfy or has satisfied them as described below, and the Court's intervention is thus not necessary.

4. Deny the defense's request for advance notification of any future child pornography charges against the defendant and a date certain by which the Government must charge the

---

[1] The parties agree that the defense's non-suppression-related motions shall be filed in accordance with the existing motions calendar such that the defense motions must be filed by August 2, 2021, the Government's response must be filed by September 2, 2021, and the defense's reply must be filed by September 15, 2021. (Dkt. 99 at 3).

defendant with any additional child pornography charges because this request has no basis in law and would not serve the interests of the public.

## RELEVANT BACKGROUND

On July 6, 2021, the defense filed a motion seeking to preemptively suppress evidence obtained pursuant to court-authorized search warrants, without any legal basis. (Dkt. 93). On July 7, 2021, the Government submitted a letter to the Court (i) describing the Government's diligent and reasonable review process, (ii) consenting to a supplemental motions calendar for any suppression motions, and (iii) respectfully requesting that the Court deny the defendant's suppression motion. (Dkt. 95 (the "Government's July 7 Letter")). On July 8, 2021, the Court provided guidance to the parties and expressed an openness to (i) the Government's identification of responsive materials by September 3, 2021, and (ii) various briefing schedules for the defense's pretrial motions that would be of convenience to the defense. (Dkt. 98-1 at 7, 15-16, 23 (Transcript of July 8, 2021 Conference)). The Court provided the parties with the opportunity to meet and confer.

On July 8 and July 9, 2021, the parties conferred. During the course of the parties' communications, the defense made several requests that the Government could not agree to and which differ substantially from the requests in the Defense's July 9 Letter. With respect to the requests in the Defense's July 9 Letter, the Government plans to satisfy or has satisfied all but one of these requests, as discussed below.[2]

(1) Defense Request Regarding Digital Copies of the Hard-Copy Materials Seized From the Defendant's Residence. The defense has been free to inspect and review these materials in-person since the defendant's arrest (*i.e.*, for current defense counsel, since the time of her appointment in January 2021). While the Government has complied with its Rule 16 obligations by making such materials available to the defense for review, as a courtesy and in efforts to assist the defense, on July 8, 2021, the Government offered to provide the defense with scanned versions of the hard-copy documents and papers seized from the defendant's residence. The Government plans to provide scanned versions of these materials to the defense early this week.

(2) Defense Request Regarding Forensic Reports of the Electronic Devices. As previously stated to the defense, the Government is not aware of any forensic analysis report apart from the forensic images of the electronic devices that the Government has already produced. (Dkt. 98-1 at 22). To the extent that the Government obtains any such forensic analysis reports, the Government will promptly produce them.[3]

---

[2] The defense's requests are discussed herein in order of complexity rather than in the order outlined in the Defense's July 9 Letter.

[3] In a letter dated May 20, 2021, the Government asked the defense for clarification with respect its request for an "FTK" report. (Dkt. 91-1 at 7; 98-1 at 22). In response, the defense stated that it is requesting "forensic analysis reports." (Dkt. 91 at 3). The Government does not interpret the defense's request to include, among other things, agent work product, notes, or exports made during the course of the forensic review.

(3) Defense Request Regarding Advance Identification of Potential Trial Evidence. The defense has access to the Rule 16 discovery in this case, and the Government will identify materials responsive to the search warrants well in advance of trial. While the Government is under no obligation to provide information regarding its potential trial exhibits more than a month before trial, as a courtesy and in efforts to be helpful to the defense, the Government plans to identify for the defense evidence that it may seek to offer at trial as a trial exhibit on a rolling basis at least one month before trial—but the Government will not be limited in any way by this provision of information and will be free to supplement, revise, and update the list as needed.

(4) Defense Request Regarding Child Pornography from the Apple iBook. As discussed in the Government's July 7 Letter, the Government searched and seized an Apple iBook following a consent search of the residence of the defendant's deceased father. (Dkt. 95 at 5). The FBI discovered child pornography on the Apple iBook. (*Id.*). The Apple iBook was seized in connection with this case and its contents have been made available to the defense pursuant to Rule 16. (*Id.*). As previously stated to the defense, the defendant should presume that the Government will seek to offer evidence from the Apple iBook in its case-in-chief or otherwise, but the Government will notify the defense should its view of the Apple iBook change.

(5) Defense Request For Advance Notice of Any Future Child Pornography Charges Against the Defendant and A Charging Decision With Respect to Any Child Pornography Offenses of the Defendant By September 3, 2021. The defense has asked the Court to order the Government to notify the defense by September 3, 2021, as to whether the Government plans to charge the defendant with any child pornography offenses. The defense's request effectively asks the Court to order the Government to make a charging decision with respect to any additional child pornography charges against the defendant by a date certain (*i.e.*, September 3, 2021) and four months in advance of trial. This request has no basis in law. As a general matter, the Government remains free to bring criminal charges against an individual where there is sufficient evidence that the individual committed a federal offense, and the timing of such charges are typically governed by the statute of limitations enacted by Congress. The Government is also generally under no obligation to inform an individual that he may be charged with a crime. Here, should the Government seek to bring additional charges against the defendant that it seeks to have tried jointly with the existing charges, such charges will be brought sufficiently in advance of trial. For these reasons, among others, the Government is not able to agree to this request because doing so would neither be consistent with the law nor serve the interests of the public.

## CONCLUSION

Based on the foregoing, the Government respectfully requests that the Court: (i) grant the defense's request to file any suppression-related motions on the supplemental motions calendar outlined above; (ii) deny the defense's suppression motion (Dkt. 93) as moot in light of the supplemental motions calendar; (iii) decline to decide four out of five of the defense's requests because the Government will satisfy or has satisfied them, and the Court's intervention is thus not necessary; and (iv) deny the defense's request for advance notification of any future child pornography charges against the defendant and a date certain by which the Government must charge the defendant with any additional child pornography charges because this request has no basis in law and would not serve the interests of the public.

In light of the above, the Government respectfully submits that the conference scheduled for Monday, July 12, 2021, may no longer be necessary.  If the Court and the defense agree, the Government will notify the victims that the conference has been cancelled.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: _____/s/_____

Jane Kim / Lara Pomerantz
Assistant United States Attorneys
(212) 637-2038 / 2343

cc:     Defense Counsel (By Email and ECF)