**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 8, 2021

<u>Via Email and ECF</u>
Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

Re:   *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

The defense submits this letter in response to the government's September 3, 2021, letter ("Gov't Sept. 3 Letter," Dkt. #121) reporting to the Court that it has not completed its responsiveness review of evidence recovered pursuant to search warrants within the Court-prescribed deadline. (*See* Dkt. Entry dated 7/12/21).

Contrary to the government's position that no court action is needed at this time, the government's failure to produce responsive materials in a timely manner and in accordance with the Court's prior Order requires in fairness that the Court either (a) preclude the government from introducing at trial any materials not produced as of the September 3, 2021 deadline, or, alternatively, (b) adjourn the motion schedule and the trial date to allow the defense to properly prepare for motion practice and trial with some reasonable sense of the evidence that will be used at trial and with sufficient time to challenge and confront that evidence. The motion schedule in this case has already been bifurcated due to the government's delays, leaving the defense with a schedule in which critical issues concerning the admissibility of evidence will not be resolved until the eve of trial. The government's additional delay, and its view that no court action is necessary in light of it, impairs counsel's ability to effectively represent the defendant.

**Factual Background**

The defense motions in this case were originally due on March 26, 2021, just two months after present counsel was appointed. On March 8, 2021, with the government's consent, the defendant requested two additional months to file pretrial motions, in order to review discovery. (Dkt. # 80). The Court granted this request, resulting in a new motions deadline of May 25, 2021. (*Id*.).

1

After the government indicated it had seized, and obtained warrants to search, some 33 electronic devices from the defendant's family home as well as a laptop from the defendant's deceased father's home, but had not yet identified for the defense any of the responsive materials recovered from those devices, the defense sought an extension of the motion schedule and the trial date, which was then set for September 20, 2021. (*See* Letter from Deirdre D. von Dornum, dated April 14, 2021, Dkt # 82). The defense indicated it was able to identify generally those motions it might wish to make, but could not fully draft those motions or determine what other motions should be made without fully reviewing the discovery. (*Id*.) The government at that time stated it would only consent to a one-month extension for defendant's motions, with no modification of the trial date. (Letter from AUSA Jane Kim, Jessica Lonergan and Laura Pomerantz, dated April 15, 2021, Dkt # 83, at 2.). The government represented to the Court that "within approximately one month" (*i.e.*, by May 15, 2021), "the Government plans to complete its responsiveness review of the search warrant returns and to identify materials responsive to the search warrants for the defendant." (*Id.*) The government indicated that "[b]y the end of June 2021, the defendant will have had significant time (i.e., months) with the discovery to assess any such pretrial motions." (*Id*. at 2). The Court adjourned the motion deadline to August 2, 2021 and the trial date to January 5, 2022, based on the defense application as well as the difficulties caused by the COVID-19 pandemic. (Dkt.# 84).

Notwithstanding its opposition to the defense request less than two months earlier, the government then sought an adjournment of the new trial date due to scheduling conflicts of the assigned prosecutors. The government indicated there was a particularly important need for "continuity of government counsel" in light of the "complexities of the case," "the large volume of discovery," and "the many victims" the government anticipated would testify at trial. (Letter from AUSAs Jane Kim, Jessica Lonergan and Laura Pomerantz dated June 11, 2021, Dkt. # 87). The request was denied. (Dkt. #89).

The government failed to meet its target date of May 15, 2021, to complete its responsiveness review. Accordingly, on July 6, the defense moved to preclude the use of materials at trial that had not been identified as responsive as of that date. The defense contended the delay in identifying responsive materials violated the Fourth Amendment, infringed the defendant's due process rights, and compromised counsel's ability to provide effective assistance to Mr. Hadden in the preparation of pre-trial motions and at trial. (Letter from Deirdre D. von Dornum, dated July 6, 2021, Dkt. #93, at 3). As explained in that request:

> The defense has no idea how voluminous the responsive information will be, but, given the number and size of the electronic devices, it could be quite extensive. Moreover, the government has indicated that it has had technical difficulties reviewing and analyzing the electronic information, which certainly does not give comfort as to the ease with which counsel—with far fewer resources than the U.S. Attorney's Office and FBI—will be able to review it and make meaningful use of it in pre-trial motions and at trial.

(*Id*. at 3-4). The defense further emphasized that the late disclosure left the defense in a position where the government would first be identifying responsive material after defense motions were due and on the eve of trial. The defense further argued that the specter of this document "dump"

risked distracting defense counsel from focusing on the actual evidence pertaining to the current charges against Mr. Hadden.  (*Id*. at 6).

The government countered that it had been diligent in conducting its review in light of various complicating factors, including the volume of material, its need to segregate privileged material, and technical challenges.  In its response, the government identified a new target date, indicating that it "plans to identify responsive materials for the defendant by early September – four months before trial is scheduled to commence." (Letter from AUSAs Jane Kim and Lara Pomerantz dated July 8, 2021, Dkt. # 95, at 2.).  The defense was not prejudiced, the government contended, because "the defense will have the responsive materials approximately four months before trial, which is more than enough time to prepare for trial."  (*Id.* at 10.)

The Court, in effect, adopted the government's view, based on the government's representations.  It bifurcated the motion schedule, directing the defense to file its other motions as scheduled by August 2, 2021, and extending the due date for motions relating to the seizures and searches until October 15, 2021.  As to the identification of responsive materials, however, the Court ordered the government to submit its responsive materials on a rolling basis, and "no later than 9/3/2021."  (*See* Dkt. Entry dated 7/12/21).

As of August 31, 2021, the defense had received only one small production of discovery materials deemed responsive (SDNY_RH_00058701-SDNY_RH_00058757, produced in Production 11 on 7/30/2021).  Defense counsel wrote to the government asking about the mandated rolling production of responsive materials, and were told only that the government would produce further responsive materials by the deadline of September 3, 2021.  The government did not disclose that its responsiveness review was delayed; nor did it provide any additional information at that stage.

On the day its responsiveness review was to conclude, September 3, 2021, the government wrote to the Court announcing that it will update the Court in a month's time as to the status of its responsiveness review, which is still ongoing, absent further direction from the Court.

**The Government's Delay in Identifying Responsive Material Is Contrary To This Court's Order And Prejudicial To Counsel's Ability to Effectively Represent Mr. Hadden**

*The government has failed to comply with this Court's order.*  This Court set September 3, 2021, as the deadline for responsiveness review and urged the government to identify responsive materials prior to that date and on a rolling basis.  In so ordering, the Court intended to provide sufficient time for the defense to meaningfully review responsive material, brief suppression issues, and prepare for trial.   While the government correctly notes that the September 3, 2021, deadline was set at the government's suggestion, this hardly means that the government is free to ignore it.  Where the Court relies on litigants to propose schedules for discovery and briefing, they are not free to ignore those schedules once endorsed by the Court.  Moreover, while the government notes that it advised the defendant it would be writing to the

3

Court to provide an update on the delayed responsiveness review, it only did so minutes before it filed its letter, something hardly consistent with the Court's previous directions to the parties to seek to resolve discovery disputes in good faith.  The government provides no explanation for why it failed to notify the Court or the defense earlier that it would not be able to meet the September 3rd deadline.

*The complexity of the discovery review is an even larger issue for the defense.*  The government's contention that no change to the motion schedule or trial date is necessary is belied by the government's own explanations as to the complications it has faced due to technical issues and the volume of material.  The defense, too, is struggling with these same issues, but with far fewer resources than the Department of Justice or the FBI.  The government's productions have not all involved traditional documents in pdf form that are easily read.  Instead, the government has produced massive numbers of documents in various electronic formats, including database files which are intended for use with various case management systems.  Though the database files are meant to make large volumes of information easily searchable, the defense does not employ the same case management system as the government, and many of the provided database files are improperly formatted for the system available to the defense.  Moreover, given the volume and size of the files the defense has received to date, simply downloading the government's productions and transferring them to a platform where they can be easily shared with our paralegal and investigator has been time consuming and complicated.  There are still a considerable number of documents we have not been able to fully access because of technical difficulties.  Further, as the Court is aware, a whole set of electronic discovery can be reviewed by counsel only at the FBI's Office.  Finally, due to the protective order in this case, Mr. Hadden may only review most documents in the presence of counsel and the COVID-19 pandemic has limited such meetings.

*It is not tenable to brief suppression issues without knowing what we are seeking to suppress.*  The government suggests that defense counsel can simply go ahead and file our suppression motions, and, if more responsive materials emerge afterwards, as the government's responsiveness review continues without an end in sight, we can deal with it then. (Gov't Sept. 3 Letter at 5, Dkt. # 121).  But, the suppression issues in this case concern not just the four corners of search warrants, but how those seizures and searches were carried out, and what materials, if any, are actually responsive to the terms of the search warrants.  Some of those issues, in turn, stem from which devices the purportedly responsive materials were found on, and what evidence, if any, connects the materials to Mr. Hadden, as opposed to other members of his family.  Even as to the responsive materials already identified by the government, counsel has not yet received complete information about which devices the materials were recovered from, or the metadata that would show who created or accessed these materials.  Without knowing what the government is claiming is responsive and the full electronic context, counsel cannot present those issues to the Court.  Once the defense has the complete universe of responsive materials, moreover, we will need to analyze those materials and have our computer expert review any metadata so that we can present any issues with seizure, reliability, or attribution.

Briefing suppression without knowing exactly what electronic materials we are seeking to suppress would be equivalent to moving to suppress a defendant's statement without knowing

4

the content of that statement, when it was made, to whom, in what circumstances, or even whether it is fair to say the defendant was the person making the statement. Such an exercise will not provide the Court with accurate information on which to decide the motion and would be a massive waste of counsel's already strained resources. Instead, as is the usual practice in this court, the schedule for the suppression motion should be set for after responsive materials are fully identified. That will enable counsel to focus on the myriad issues posed by the evidence pertaining to the actual charges against Mr. Hadden, which do not involve electronic materials.

*The government's wide-ranging search and recovery operation is far afield of the charges in this case.* The government seeks to continue its responsiveness review without any end date based on its assertion that its progress to date gives "reason to believe that continued review and analysis will yield additional responsive materials." (Gov't Sept. 3 Letter at 4 n. 7, Dkt. #121). At the same time, the government cites nothing to suggest that what it has found to date will be admissible or particularly relevant. While the government indicates it has found a significant amount of non-defined "sexual material," and that a disproportionate amount of this material has been deleted, it also acknowledges that it cannot necessarily attribute this material to the defendant and that it cannot draw any inference at this point that the deletion of these files represents an intent to obstruct justice.[1] The Court is left with the government's vague aspiration that continued analysis "could be highly probative of the defendant's state of mind" (*id.*), something that could be said of a search of anyone's electronic devices in any case.

It bears repeating that Mr. Hadden is charged with hands-on sexual offenses, allegedly committed at his workplace roughly a decade ago. Notwithstanding the fact that the nature of the charges gives little to no reason to believe that the crimes alleged involved the use of his personal computers, the government has engaged in an exhaustive search of every computer storage device in his family's home and one from his father's house. That this search is time consuming and complicated is entirely unsurprising. The delay is thus a function of the government's approach and would likely occur in any case the government pursued in this way.

## Conclusion

In sum, nine years after the last alleged criminal act, one year after the defendant's indictment, six weeks before his suppression motions are due, and four months before the start of the scheduled trial, the government has indicated it cannot yet say which materials are responsive to the search warrants executed at the defendant's home and on his father's laptop. The only fair response at this point is to either preclude the introduction of evidence not identified as responsive by September 3, 2021, or to adjourn the motion schedule and trial date until the government has completed its responsiveness review and the defense has had an opportunity to analyze the materials deemed responsive. As discussed at the last conference, the

---

[1] As the defense understands it, deleted data takes up a significant proportion of most computers. Anytime a web page is viewed but not saved, *e.g.,* when someone follows a link to look at an article or product listing, the information is saved in the computer's cache or unallocated space and eventually will be deleted by other files that need to use the same disk space.

modified motion schedule was already problematic from the defense perspective, as it left open until the eve of trial critical Fourth Amendment issues. The briefing on the suppression issues will likely be extensive, particularly if the first round of motion briefing – the defendant's brief was 65 pages and the government's response 70 – is any indication. Some remaining issues may require evidentiary hearings. The defense cannot carry out its constitutional obligations to Mr. Hadden if we are forced to prepare for and engage in this litigation without any real understanding of the evidence we are seeking to suppress, or the admissible evidence at trial.[2] We appreciate the Court's commitment to moving this case forward, but respectfully ask that consideration be balanced against the defendant's right to effective representation and a fair trial.

       Thank you for your consideration of these requests.

Respectfully Submitted,

*/s/ Deirdre von Dornum*

_____
Deirdre D. von Dornum
Michael D. Weil
*Counsel for Robert Hadden*

cc:    Counsel of Record (by ECF)
       Robert Hadden

---

[2] Finally, that the defense has previously sought and received an adjournment is of no significance. Rather, the trial in this case could never have taken place on September 20, 2021, as the government previously insisted, given that the government has still not completed discovery. If anything, it is the government's opposition to previous adjournment requests (except when to its own benefit) that seems inappropriate in hindsight.