# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 24, 2021

Via Email and ECF
Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

    Re:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

The defense renews its request, previously made at Dkt. #122, that the Court adjourn the deadline for submission of suppression motions and the trial date. In order to ensure the effective representation of the defendant and a fair trial, we respectfully ask that the Court adjourn the suppression motion deadlines by 60 days and the trial date by 90 days. The government joins in the request for adjournment.

We have been working as hard as we can on this case, but we are unable to effectively represent Mr. Hadden on the schedule as currently set. We apologize to the Court for any inconvenience this may cause, and we are certainly cognizant that, although the allegations are now a decade or more old, there are witnesses in this case who have an interest in it moving forward. But counsel's obligation under the Constitution is to ensure that Mr. Hadden receive a fair trial. In the current circumstance, that will not be possible. This is so for several, interrelated reasons:

*First*, the discovery in this case is voluminous and complex, as the government has previously acknowledged (*see* Dkt. # 121), stemming from years of prior criminal and civil litigation and multiple search warrants. The government produced its "17th Discovery Production" at the end of last week, and has indicated that additional Rule 16 discovery may well be forthcoming. The defense has been unable to fully review even half of the discovery produced to date, which thus far consists of 33 electronic devices and over 150,000 pages, much of that complex medical records. A portion of this material is reviewable only on site at the FBI's office, where counsel is not permitted to bring a camera, cell phone or laptop, making review even more laborious. Other portions have been produced in a variety of electronic

1

formats, not all of which Federal Defenders has access to, necessitating considerable delays while the information is reformatted and uploaded.

*Second*, the government's "responsiveness review" from the search warrant executions is not yet completed. Counsel began to receive responsive documents from the government on July 30, 2021, with additional responsive materials received on September 2 and September 3, 2021. The present motion and trial schedule was set based on the premise that the responsiveness review would be completed by September 3, 2021, which, for the reasons the government has previously indicated, has not been possible. (*See* Dkt. # 122).

*Third*, conferring with our client, which is essential to our understanding the medical records, as well as working on our affirmative case, is made more burdensome and time-consuming by the COVID-19 pandemic, combined with the protective order that prevents us from sending Mr. Hadden much of the discovery in this case, so that it can only be reviewed with him together in person, page by page.

*Fourth*, we were appointed to work on this case only 9 months ago. We have no case agents. We have no FBI electronic review team. We don't have multiple paralegals to organize and cull through the discovery. We have only two lawyers available to work on this case, and both of us are working on it simultaneously with other cases, which we were assigned to prior to this one, and include a death penalty case in the Supreme Court in October and trials set for November and December.

The current due date for the defense suppression motions is October 8, 2021. In order to meet that deadline, counsel will have to once again, as with the prior pre-trial motions, stop our efforts to review the voluminous discovery and to prepare our affirmative case, and focus entirely on drafting motions to suppress an as-yet-unknown universe of materials that may come from devices that have nothing to do with Mr. Hadden. This feels like an unproductive use of court-appointed counsel's already strained resources, since, when additional responsive materials are produced by the government as its review continues, we will then have to supplement the suppression motions to take account of those materials.

It is for this reason—and so that counsel can, while the responsiveness review continues, focus on reviewing the discovery produced to date and establishing the defense's affirmative case, and thus, be better able to effectively represent Mr. Hadden—that we seek a 60-day adjournment of the suppression motion schedule so that we can draft and file one set of motions, if possible, and not conduct the suppression litigation in a piecemeal fashion, or at all if it turns out to be unnecessary.

The current trial date is January 5, 2022, approximately two months after the suppression motions are scheduled to be fully briefed. However, the suppression motions, based on the materials deemed responsive to date, will raise, *inter alia*, contested fact issues involving the consent to search Mr. Hadden's deceased father's house and the execution of the search and seizure at Mr. Hadden's family home, which appear highly likely to require evidentiary hearings

with multiple witnesses, and may necessitate additional post-hearing briefing. Moreover, depending on the outcome of the suppression litigation, the government may seek to introduce electronic evidence and call a computer forensic expert, which would necessitate the defense also consulting with, and potentially calling as a witness, its own computer forensic expert, a possibility the defense cannot prepare for without knowing what, if any, electronic evidence will be admitted at trial. In addition to the pre-trial and suppression motions, it appears there will also need to be substantial *in limine* motion practice, given the unusual evidentiary issues present in this case, due to the prior criminal proceeding and related civil proceedings. Counsel's need to thoroughly consider and draft such motions would be in addition to preparing for the numerous fact witnesses and expert medical witness that the government has already indicated it is likely to call. For all of these reasons, it seems prudent to allow additional time between the suppression litigation and the commencement of trial; accordingly, we ask that the trial date be adjourned for 90 days.

      In sum, this is a complicated case with voluminous discovery involving very serious and sensitive charges that carry lengthy terms of imprisonment. The original indictment was brought one year ago, and the superseding indictment was brought two months ago. The defendant is out on bail and in perfect compliance with the conditions of his release. There is no allegation of any criminal conduct by Mr. Hadden in the last 9 years. Discovery has taken longer than anticipated. An unprecedented public health situation has exacerbated the problem. Counsel needs additional time in order to effectively represent Mr. Hadden.

      We have consulted with the attorneys for the government and they have indicated that although they do not take a position on our ability to effectively represent Mr. Hadden on the current schedule, they agree that the discovery is voluminous and complex, and join in our request for a 60-day adjournment of the suppression motion and 90-day adjournment of the trial.[1]

      If the Court grants this adjournment, we would withdraw our request, made in Dkt. #122, for the government to be precluded from offering at trial any responsive materials disclosed to the defense after September 3, 2021.

      Thank you for your consideration of these requests.

      Respectfully Submitted,
_____/s/_____
Deirdre D. von Dornum
Michael D. Weil
*Counsel for Robert Hadden*

---

[1] Such a schedule would look as follows:
Defense Suppression Motions Due: 11/22/2021
Government Response Due:    12/13/2021
Defense Reply Due:    12/22/2021
Any Evidentiary Hearing:    January 2022
Trial to commence:    April 2022.

cc: Counsel of Record (by ECF)
    Robert Hadden