UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
                Government,     :          20 Cr 468 (RMB)
- against -                                  :
                                             :          **ORDER**
ROBERT HADDEN,                               :
                                             :
                Defendant.       :
------------------------------------------------------------x

        By letter dated December 14, 2021 (ECF No. 138), counsel for defendant Robert Hadden requests that the Court use a juror questionnaire as the first step in the selection of a petit jury in this case. By letters dated December 21, 2021 (ECF No. 144) and January 12, 2022 (ECF No. 150), the government opposes defense counsel's request.

        "[J]udges have been accorded ample discretion in determining how best to conduct the *voir dire*." Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981). While the Second Circuit has "approved the use of questionnaires as one of many tools available for *voir dire*, [it has] expressly declined to hold that district judges are ever obligated to make use of this procedure in selecting juries." Treacy, 639 F.3d at 46 (internal quotation marks omitted).

        The Court believes that a juror questionnaire is not necessary to select a fair and impartial jury in this case. See id.; Transcript of Oral Argument, United States v. Ray, No. 20-cr-110 (S.D.N.Y. Jan. 6, 2022), ECF No. 290; United States v. Harding, 273 F. Supp. 2d 411, 429 (S.D.N.Y. 2003). This Court has usually conducted its trials without using a juror questionnaire, including those trials involving pretrial publicity, such as the trial of Ahmad Khan Rahimi (16 Cr. 760). The Court generally is receptive to the *voir dire* questions proposed by defense counsel and the government when conducting jury selection.

1

Defense counsel argues that potential jurors would be more likely to disclose sensitive personal information, including "whether they have personally experienced sexual abuse," on a questionnaire than in a courtroom. (Dkt. 138 at 3.) That is not always so. In a recent high profile case cited by the defense, a juror allegedly failed to disclose that he had been a victim of sexual abuse even though the juror questionnaire specifically asked for such information. See Rebecca Davis O'Brien and Benjamin Weiser, *Maxwell Verdict Is Clouded After Juror's Disclosure of Past Sexual Abuse*, N.Y. TIMES, Jan. 5, 2022. In conducting *voir dire*, the Court intends to inform potential jurors that they may initially raise sensitive issues at sidebar.

Conclusion and Order

Defense counsel's request to use a juror questionnaire (ECF No. 138) is respectfully denied.

Dated: New York, New York
January 20, 2022

_____
**RICHARD M. BERMAN, U.S.D.J.**