**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

November 8, 2022

<u>Via Email and ECF</u>

Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

    Re:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

    We write in response to the Court's instruction that the parties file on the public docket redacted versions of Exhibits A through F of the government's opposition to the defense suppression motion. *See* ECF No. 159 (referencing ECF Nos. 137-1 through 137-5). After consultation with the government, we respectfully ask that the Court (1) allow Exhibits A, B and C to ECF No. 137 to be unsealed with certain limited redactions that have been agreed upon by the parties (largely to protect personal identifying information), and (2) maintain Exhibits D and E under seal in their entirety, at least until after the trial of this matter has concluded. The government has no objection to these requests.

    We make the request for Exhibits D and E to remain under seal because the redactions to these exhibits that would be necessary to protect Mr. Hadden's right to a fair trial would be so extensive as to be likely to "mislead rather than inform the public;" thus, sealing, rather than redaction. remains appropriate. *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (*Amodeo II*). The possible prejudice to Mr. Hadden from unsealing of these Exhibits is high. *See United States v. Cohen,* 366 F. Supp.3d 612, 622 (S.D.N.Y. 2019) (holding that a strong countervailing interest against the presumption of access is "minimizing the danger of an unfair trial from adverse publicity") (citing *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (*Amodeo I*). By contrast, the public's interest in the information contained in these Exhibits is relatively low, given that these Exhibits are search warrants that do not appear to have yielded any evidence of value. In this scenario, ordinarily no motion to suppress would have been filed and the warrant applications would remain sealed. These Exhibits are only the subject of litigation in this case because the defense had to file a protective motion to suppress, given that the government's responsiveness review had not concluded at the time the defense's motions

1

were due.  Thus, the right of access should be entitled to less weight, consistent with the Court of Appeal's reasoning in *Amodeo II*:

> the strong weight to be accorded the public right of access to judicial documents was largely derived from the role those documents played in determining litigants' substantive rights—conduct at the heart of Article III—and from the need for public monitoring of that conduct. As one moves along the continuum, the weight of the presumption declines. One judge has pointed out, for example, that where a district court "*denied* the summary judgment motion, essentially postponing a final determination of substantive legal rights," the public interest in access "is not as pressing."

71 F.3d at 1049 (quoting *In re Reporters Comm. For Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C. Cir. 1985) (Wright, J., concurring in part and dissenting in part)).

Finally, courts have considered the stage of a proceeding in ruling on the right of access.  *See Cohen*, 366 F. Supp.3d at 624.  At a minimum, delaying disclosures in this case until the conclusion of the trial would be appropriate, given the length of time the materials have been sealed to date and the grave risk of tainting the jury pool.

Thank you very much for your consideration of this request.  Should the Court grant it, the government will file Exhibits A, B and C with the agreed-upon redactions.

Respectfully Submitted,

_____/s/_____
Deirdre D. von Dornum
Michael D. Weil
Kathryn Wozencroft

*Counsel for Robert Hadden*

cc:   Counsel of Record (by ECF)
      Robert Hadden