UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    *-v.-*

ROBERT HADDEN,

                Defendant.

S2 20 Cr. 468 (RMB)


## JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Jane Kim
Lara Pomerantz
Paul Monteleoni
Assistant United States Attorneys
- Of Counsel -

Deirdre D. von Dornum, Esq.
Michael Weil, Esq.
Kathryn Wozencroft, Esq.
Federal Defenders of New York

## **Introduction**

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. Where the parties disagree as to particular questions or approaches, the Government's position is indicated in **blue**, and the defendant's position is indicated in **green**.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate. **The defendant requests that the Court do so on an individual basis outside the presence of other potential jurors, to minimize the risk that an entire panel of prospective jurors will be tainted by another prospective juror's responses. Because of the subject matter in this case, as well as the extensive publicity about this and other cases involving accusations of unwanted sexual advances and sexual assault, individual, private *voir dire* will ensure that the information provided by prospective jurors will accurately represent their beliefs, feelings, and life experiences. Where the Court conducts a further inquiry, the Government requests that, where appropriate—depending on the inquiry and/or as requested by a party—the Court conduct its further inquiry of particular jurors on an individual basis outside the presence of other potential jurors. As discussed below, there may be questions asked of jurors that do not require sidebar and/or for which the jurors do not wish or need to speak at sidebar. (In addition, the Government does not share the defendant's above view of this and other cases.)**

Where a particular juror has voiced a concern about a specific fact, we ask the Court, in such an instance, to conclude with an inquiry of whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

The defendant also requests leave to orally tender supplemental questions as may be necessitated by the answers of prospective jurors in oral *voir dire*.  The Government requests that the Court provide the parties with the opportunity to submit supplemental questions to the Court as needed for certain prospective jurors—but that neither of the parties be permitted to ask questions directly of the prospective jurors.  Prospective jurors should only be asked questions by the Court.

<u>Defense Request – Juror Questionnaire</u>

In addition, the defense respectfully requests that the Court provide a two-question written questionnaire to each potential juror at the start of jury selection that asks specifically and only about the potential juror's past experiences with sexual abuse.  Given the highly personal nature of this issue and the importance of the parties' learning this information in order to select a fair and impartial jury, the defense believes this question should be asked both in writing and orally, to increase the chances of jurors' feeling comfortable volunteering this information, in whichever format is less intrusive for a particular juror.

The government's previous concerns that a questionnaire would be cumbersome and inefficient are ameliorated by the use of a short questionnaire that can be administered on the same day that voir dire takes place.  The Court and the parties can review the questionnaires quickly prior to the oral voir dire process beginning. Further, such a questionnaire will actually expedite, rather than slow, the jury selection process since it targets a topic likely to disqualify a significant number of jurors.  Jury selection in the recent trial of Ricardo Cruciani, a neurologist charged with sexually assaulting patients, in New York State Supreme Court, is instructive.  In *People v. Cruciani*, a juror questionnaire was

utilized at the request of both parties.  Notably, results from the questionnaire led to the parties agreeing to excuse 54 jurors for cause prior to any oral voir dire, streamlining and expediting the selection process.   It is evident from the transcript of the Cruciani jury selection, that the topic of prior sexual assault and/or abuse came up again and again.[1]

Specifically, we ask that the Court permit a questionnaire to be distributed at the beginning of jury selection that includes the following two questions:

Have you, or a family member or friend, ever been the victim of a sexual assault or sexual abuse?

If so, would anything about that experience interfere with your ability to be fair and impartial in this case?

Based on the answers provided by jurors to this questionnaire, the parties may agree to remove a juror for cause, or agree that a particular juror should be asked additional questions at sidebar.

### Government's Opposition to the
### Defendant's Motion for Reconsideration Regarding the Juror Questionnaire

On January 20, 2022, the Court denied the defendant's request that the Court use a juror questionnaire. (Dkt. 152).  For the same reasons stated in the Court's Order (Dkt. 152), and as stated in the Government's opposition to the defendant's first motion (Dkts. 144, 150), the Government opposes the defendant's motion for reconsideration.  The defendant has not raised any new facts, circumstances, or arguments in support of its motion for reconsideration, besides the smaller number of questions in the newer proposed questionnaire.  Although a smaller questionnaire will presumably be less time-consuming

---

[1] *See People v. Cruciani*, 1734/2018, Tr. 6/21/22 at 2-6.  *See also United States v. Ghislaine Maxwell,* 20 Cr. 330 (AJN) (parties agree to joint jury questionnaire including questions about prior sexual assault).

than a longer one, it still imposes a substantial measure of delay and burden, and the defendant makes no showing whatsoever that the Court's finding that "a juror questionnaire is not necessary to select a fair and impartial jury in this case" should be reconsidered.  (Dkt. 152 at 1).

## Proposed Examination of Prospective Jurors

### The Charges

The case for you which you have been summoned for jury selection is a criminal case.  The defendant on trial, Robert Hadden, has been charged with certain federal crimes in an Indictment filed by a grand jury sitting in this District.  The Indictment is not evidence.  It is not proof of anything.  It simply contains the charges that the Government will seek to prove to the trial jury beyond a reasonable doubt.[2]

Those of you who are selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I will briefly summarize the charges in this case now in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for you to serve on the jury.

The Indictment in this case contains eight counts or charges.  Each of the eight counts charges Robert Hadden, the defendant, with persuading, inducing, enticing, or coercing an individual to travel across state lines to engage in sexual activity for which a person can be charged

---

[2] The Government's position is that this paragraph makes clear that the Indictment is not evidence.  It also makes clear that the Indictment simply contains the charges against the defendant.  The Indictment is not proof of the defendant's guilt—but the statement that it is not "proof of anything" is unnecessary, deviates from the standard language, and is not literally accurate.  In any event, the jury will be further instructed on this point. The defense's position is that the indictment is not proof of anything for juror purposes. It is impermissible for a juror to consider the fact that an indictment has been brought in evaluating a person's guilt or innocence.

with a criminal offense, or attempting to do so.  The defendant, Robert Hadden, was previously employed by Columbia University Medical Center and New York Presbyterian Hospital as a physician specializing in obstetrics and gynecology.  The charges against the defendant arise from his alleged sexual abuse of patients in his capacity as an obstetrician-gynecologist (or OB/GYN) during the time period of approximately in or about 1997 to in or about 2012.

- **Count One of the Indictment charges that, from at least in or about 2010, up to and including in or about 2012, Robert Hadden induced or attempted to induce a minor to travel in interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense.**

- **Count Two of the Indictment charges that, from at least in or about 2005, up to and including in or about 2012, the defendant induced or attempted to induce an adult to travel in interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense.**

- **Count Three charges the defendant with the same conduct with respect to a second adult from at least in or about 1997, up to and including in or about 2012.**

- **Count Four charges the defendant with the same conduct with respect to a third adult in or about 2012.**

- **Count Five charges the defendant with the same conduct with respect to a fourth adult from at least in or about 1998, up to and including in or about 2010.**

- **Count Six charges the defendant with the same conduct with respect to a fifth adult from at least in or about 2003, up to and including in or about 2011.**

- **Count Seven charges the defendant with the same conduct with respect to a sixth adult from at least in or about 2008, up to and including in or about 2009.**

- **Count Eight charges the defendant with the same conduct with respect to a seventh adult from at least in or about 2000, up to and including in or about 2011.[3]**

---

**[3] The Government's position is that it is important to describe the eight counts of the Indictment to provide prospective jurors with more information about the case so that they can respond to the Court's questions and identify if they are familiar with the charges or the case.  The defense's position is that listing each count is more confusing than it is helpful. The paragraph preceding the bulleted charges explains the eight counts thoroughly and clearly.**

We are about to select from among you the jurors who will sit in this case.  Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.  **Please know that each of us respects your privacy.  Your responses will be kept confidential and will only be considered for the purpose of determining if you are a suitable juror for this case.[4]**

      1.      Now that you've heard the statement of what the case is about, do any of you recognize this case or have any familiarity with it?  Do you have any personal knowledge of the charges in the Indictment or facts relating to it, as I have described them to you?  Do you feel you've had any experience that sounds similar to what this case is about?  If so, please raise your hand now and I will ask you to come up privately to discuss it.

      2.      Have you heard or seen or read anything about this case or the defendant?  **If so, is there anything you read or heard that would cause you to feel that you cannot be fair and impartial?** (If so, we respectfully request that the Court speak with the prospective juror

---

**[4]** **The Government appreciates this sentiment, but is hesitant for the Court to make the above promise to potential jurors given that the parties cannot be certain that the prospective juror's response will remain sealed from any public access or that the prospective juror's response may not be used for any purpose than the one described above.  For example, if it was later determined that a prospective juror was not truthful in answering the Court's questions, it is possible that a prospective juror's responses would not remain confidential and would not solely be used for the purpose described above.  The defense is concerned that jurors will be reticent to disclose prior sexual abuse or assault.  The chances of a juror failing to disclose information critically important to Mr. Hadden's right to a fair trial is the issue at stake. It is important for prospective jurors to understand that their answers will not be publicly disclosed.  The Court and parties are entitled to presume jurors under oath are being truthful, and need not include in its instruction caveats premised on the possibility they are committing perjury.**

privately to find out what they heard, saw, or read, and then ask them if it would cause them to feel that they cannot decide the case fairly and impartially.)

3.        Do any of you feel, for any reason, that you could not view a case involving the charges, as I described them, in a fair and impartial manner?

**4.        Do any of you feel you could be more impartial in a case involving another type of charge?[5]**

5.        As I stated, the charges in this case involve alleged violations of a law prohibiting enticing an individual to travel across state lines to engage in sexual activity for which a person can be charged with a criminal offense.  Is there anything about the nature of these charges that would cause you to be unable to render a fair and impartial verdict in this case?

6.        Some of the evidence in this case will involve discussions of breast, vaginal, and anal exams.  Some of the evidence will involve sexually explicit conduct, including allegations of sexual assault and sexual abuse.  Is anyone so uncomfortable with the prospect of hearing such evidence that they feel the nature of this evidence would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

**7.        Do you have any specific views or feelings concerning laws regarding the age at which individuals can or cannot consent to sexual activity with other individuals that would affect your ability to serve as a fair and impartial juror?[6]**

---

**[5] The Government's position is that this question is vague, confusing, and duplicative of more specific questions set forth below. The defense's position is that this is a different way of asking about a prospective juror's ability to sit on a sexual assault case. Considering the stakes of a juror not disclosing such information, it is worth asking about the topic from multiple angles – particularly if prospective jurors are not completing detailed questionnaires.**

**[6] The Government's position is that this question is relevant here because Count One relates to the defendant's enticement of a minor victim, the jury will be instructed on the lack of consent that may result from a victim's age under New York Penal Law, and the**

8.      Do you have any opinion about the enforcement of federal laws that might prevent you from being fair and impartial in this case?  Do you believe that the crimes charged in the Indictment, as I have described them to you, should not be illegal or that such laws should not be enforced?  Do you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

9.      Have you or someone close to you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to sex trafficking, sex crimes against minors, or sex abuse generally?

10.      Have you or someone close to you ever been accused of sexual harassment, sexual abuse, or sexual assault?  Would that prevent you from being fair and impartial in this case?  If you would prefer not to give your answer in open court, please let me know and we can speak with you privately.

11.      Have you or someone close to you ever been the victim of sexual harassment, sexual abuse, or sexual assault?  (If so, we respectfully request that the Court speak with the prospective juror at side bar to find out about their experience and then ask them if it would cause them to feel that they cannot decide the case fairly and impartially.)  **Would that prevent you from being fair and impartial in this case?**

---

**Government expects that at least two minor victims may testify at trial.  The Government notes that this was a question asked of prospective jurors in *United States v. Maxwell*, 20 Cr. 330 (AJN).** The defense's position is that the only minors involved in this case do not allege sexual acts, but only forcible touching (unlike in *Maxwell*).  There will be no testimony in this trial regarding sexual activity between Mr. Hadden and a minor. Therefore, the question is not relevant.

12.        Witnesses in this case may testify claiming sexual abuse or sexual assault. Would you have any difficulty assessing the credibility of a witness claiming sexual assault or abuse just like you would any other witness?

**13.        Have you or someone close to you ever been the victim of inappropriate behavior, abuse or assault of any kind by a medical professional? Would that prevent you from being fair and impartial in this case? If you would prefer not to give your answer in open court, please say so and we can speak with you privately.[7]**

**14.        Have you followed any news about any court case or trial involving allegations of sexual assault or abuse? If yes, which ones? Do you believe that your views on the subject may have been affected by what you've heard, read, or seen in another case or trial?  If yes, please raise your hand and we will speak with you privately.[8]**

15.        This case has been publicized in the media.  Have you followed any news about this case or allegations made regarding Mr. Hadden?  If yes, please raise your hand and we will speak with you privately.

---

**[7] The Government's position is that this question is duplicative of question 11 and the phrase "inappropriate behavior" is vague and confusing. The defense position is that this question is not duplicative. Question 11 asks about prior experiences of sexual assault or abuse. Question 13 asks about any form of abuse or assault (not just sexual) by a medical professional.**

**[8] The Government's position is that this question is vague and confusing, inappropriately probes prospective jurors' personal views on news coverage of unrelated events, would significantly prolong *voir dire*, is not tailored to address questions of bias, and is unnecessary in light of the proposed questions to address bias in this case.  The defense's position is that this question asks about whether other cases and trials with allegations of sexual abuse and assault could impact a prospective juror's ability to be fair.  Earlier questions only ask about prospective juror's knowledge of this specific case.**

**16.      Do you have any personal knowledge of this case?  If yes, please raise your hand and we will speak with you privately.[9]**

### General Questions

17.      Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

18.      Do you have any difficulty understanding, reading, or speaking English?

19.      Do you have any medical, physical, or mental condition or illness or take any medications that might interfere with your service as a juror in this case?

20.      Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

21.      After the jury is selected, we will begin opening statements and then the presentation of evidence.  The trial in this case should last approximately three weeks.  Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for the juror to serve?

22.      Do you have any personal commitments that would make it difficult for you to get to court by 9:00 a.m. every day of trial, or remain at the courthouse until 5:00 pm?

### Knowledge of the Trial Participants

23.      The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams.  The conduct of the trial will be in the immediate charge

---

[9] **The Government proposes asking this question of potential jurors at the outset in question 1 because it could immediately disqualify a prospective juror.  The defense's position is that this question is so crucial that it should be asked in multiple ways and that it is important to ask it here again after the potential jurors have heard more about the case than when asked the first question.**

of Assistant United States Attorneys Jane Kim, Lara Pomerantz, and Paul Monteleoni.  They will

be assisted by FBI Special Agents Aaron Spivack and Georgia Ratcliffe, and by Christopher De

Grandpre, a paralegal specialist in the U.S. Attorney's Office.  [*Please ask them to stand*].  Do any

of you know Mr. Williams, Ms. Kim, Ms. Pomerantz, Mr. Monteleoni, Special Agent Spivack,

Special Agent Ratcliffe, or Mr. De Grandpre?  To your knowledge, have you, your family

members, or your close friends had any dealings with them?

24.      As I stated, the defendant in this case in Robert Hadden.  Do you know, or

have you had any dealings, either directly or indirectly, with the defendant or with any relative,

friend or associate of the defendant?

25.      The defendant is represented by Deirdre von Dornum, Michael Weil, and

Kathryn Wozencroft.  They will be assisted by Caroline Kissick, a paralegal in the Federal

Defenders Office.  [*Please ask them to stand.*]  Seeing them here today, do any of you know Ms.

von Dornum, Mr. Weil, Ms. Wozencroft, or Ms. Kissick?  Has any juror had any dealings with

them or individuals in their office?

26.      I will now read a list of names of individuals and entities who may be

mentioned during the trial, or who may be witnesses in this case:

[*Names to be supplied*]

Do any of you know any of those people?  Do you, or does someone close to you, have any

experience, connection, or association with any of the names just read to you?

### Knowledge of Location

27.      Events in this case allegedly took place at the following locations:

[*List to be supplied*]

Are any of you particularly familiar with any of those locations?

**<u>Prior Jury Service</u>**

28.        Have you ever served as a juror in a trial in any court?  If so, in what court did you serve and was it a civil or criminal case?  What type of case was it?  Without telling us what the verdict was, did the jury reach a verdict?  **(If civil, *let me remind you that this case is a criminal case that has a much higher burden of proof than a civil case – the government must prove its allegations beyond a reasonable doubt*).**[10]

29.        Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court?  If so, when and where?  **(If yes, *please remember that the burden of proof for the grand jury is substantially less than the burden of proof beyond a reasonable doubt in a criminal case*).**[11]

30.        For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would **[prevent you from acting as a fair and impartial juror in this case]** **[affect your ability to serve as a juror in this case]?**[12]

---

[10] **The Government's position is that the jury will be instructed as to the burden of proof in this criminal trial and this instruction here is unnecessary and duplicative.  The defense position is that this instruction is routinely given when prospective jurors disclose prior jury service.  It is necessary to clarify that the burden of proof in a criminal case is higher than the burden of proof in a civil case and in no way duplicative.**

[11] **The Government's position is that the jury will be instructed as to the burden of proof in this criminal trial and this instruction here is unnecessary and duplicative.  The defense position is that this instruction is routinely given when prospective jurors disclose prior jury service.  It is necessary to clarify that the burden of proof in a criminal case is higher than the burden of proof in the grand jury and in no way duplicative.**

[12] **The Government's position is that the ultimate question is whether a prospective juror will be able to be fair and impartial in this case.  The language proposed by the defendant is imprecise and vague.  The defense position is that it is important to ask the broader question here. For example, if a prospective juror previously had a jury experience where they were bullied in the jury room, they may feel like they are unable to voice their opinion as a juror. This would not necessarily affect their ability to be fair and impartial, but it would affect their ability to serve as they would be unable to properly deliberate.**

## Relationship with, and View of Government and Defense

31.      Do you, or your relatives or close friends, work in law, law enforcement, the justice system, the courts, or any correctional institution, jail, or prison?  In what capacity?  Has any of you had any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case?

**32.      Do you have any education or training in law or law enforcement?[13]**

**33.      Have you, a family member or close personal friend at any time worked for or applied for a job or internship at the Department of Justice, the United States Attorney's Office, or the FBI?  Have you or a family member or close friend ever worked for or applied for a job or internship at the New York County District Attorney's Office.[14]**

34.      Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Federal Bureau of Investigation?

35.      Do you or any of your relatives or close friends work for a criminal defense lawyer or investigator?  Do you have any opinions about prosecutors or criminal defense attorneys generally that might make it difficult for you to be a fair and impartial juror in this case?

---

[13] **The Government's position is that this question is duplicative of questions 31, 34, 36 and 65. The defense position is that this question is not duplicative. It asks about training and education on the topic of law enforcement which is not covered by any other question.**

[14] **The Government's position is that part of this question is duplicative of questions 31, 34, 36 and 65.  The remaining portions of this question are irrelevant (that is, it is not apparent how, if a prospective juror's friend applied for a certain internship, that would create bias on the part of the prospective juror). The defense position is that this question is not duplicative. If a prospective juror or a person close to a prospective juror worked for a prosecuting agency – or was in the process of trying to get hired by one, that certainly could give rise to an impermissible bias.**

36.     Do you have any opinions about the criminal justice system generally or the federal criminal justice system in particular that might make it difficult for you to be a fair and impartial juror in this case?

37.     Mr. Hadden was a doctor at the time of the alleged crimes.  Do any of you have any opinions about doctors or the medical profession that might affect your ability to be fair and impartial in this case?

### Experience as a Witness, Defendant, or Crime Victim

38.     Have you, or has anyone close to you, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case?  And, what was your role in that case?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

**39.     Have you or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?[15]**

---

**[15] The Government's position is that this question, which is commonly asked, is relevant in assessing the bias of prospective jurors. The Defense's position is that this question is so far removed from the case at trial that it is not helpful in assessing bias.**

**40.       Have you, or has any relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?[16]**

41.       Have you, or has any anyone close to you, ever been arrested or charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  Again, if you would prefer not to give your answer in open court, please say so and we can discuss it privately.

42.       Have you, or has anyone close to you, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

43.       Has any juror, or anyone close to you, ever been a victim of a crime?  If you would feel uncomfortable answering this question in open court, please say so and we can follow up at the sidebar. If you answer yes, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.  Is there anything about that experience that could affect your ability to be fair and impartial in this case?

**44.       Have you or someone close to you ever considered taking legal action against someone for abuse of any kind?  If yes, what were the circumstances? Did you contact a lawyer? What happened?[17]**

---

**[16] The Government's position is that this question, which is commonly asked, is relevant in assessing the bias of prospective jurors. The Defense's position is that this question is so far removed from the case at trial that it is not helpful in assessing bias.**

**[17] The Government's position is that this question is overbroad and partially duplicative of question 11.  If, upon being asked question 11, the prospective juror is able to be fair and impartial, this question becomes irrelevant.  The defense's position is that this question is not duplicative.   A prospective juror may be able to be fair and impartial regarding an**

**45.       Have you or anyone close to you received any education, training or work experience in victim advocacy or rights?[18]**

46.       Have you, or anyone close to you—either as individuals or in the course of their business affairs—ever been a party to a legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the United States Attorney's Office or the FBI, **or the NYPD**?  Have any of you had any legal, financial, or other interest in any such legal action or dispute or its outcome?  Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the government or owed by you to the government?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

### Views on Certain Witnesses, Investigative Techniques, and Evidence

47.       The witnesses in this case may include law enforcement witnesses.  A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness.  Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?  Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

48.       Some of the evidence admitted at trial may come from searches performed by law enforcement officers. The Court will instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have any feelings or

---

**experience of sexual assault but may not be able to be fair and impartial because of negative experiences with the legal system or lawyers.**

**[18] The Government's position is that this question is overbroad, confusing, and vague, and the subject matter is addressed in a more tailored fashion in question 9.  The defense's position is that this question is not duplicative.  Victim advocacy is generally oppositional to defense lawyers and to defendants, not just supportive of victims so in a case with witnesses alleged to be victims of sexual abuse it is important to explore this potential area of bias.**

opinions about searches conducted by law enforcement officers, or the use of evidence obtained from searches, that would affect your ability to be fair and impartial in this case?

49.    You also may hear testimony in this case from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would affect your ability to be fair and impartial in this case?

**50.    Do you believe that people who make accusations of sexual assault should be believed, in general? Will your opinion be difficult to set aside if you are selected as a juror in this case?[19]**

**51.    Do you believe that if a number of people make accusations of sexual assault against a person that those accusations must be true? Will your opinion be difficult to set aside if you are selected as a juror in this case?[20]**

52.    Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

**53.    Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?**

---

**[19] The Government's position is that this question is duplicative of question 12 and is highly suggestive and inappropriate. The jury will be instructed by the Court on witness credibility. The defense position is that this question is neither duplicative nor suggestive. If a prospective juror is unable to presume Mr. Hadden innocent and believes that accusations of sexual assault should always be believed, then that prospective juror will be unable to follow the Court's instructions and should be disqualified.**

**[20] The Government's position is that this question is duplicative of question 12 and is highly suggestive and inappropriate. The jury will be instructed by the Court on witness credibility. This question is neither duplicative or suggestive. The purpose of voir dire is to determine if prospective jurors can follow the Court's instructions prior to being selected and sworn. The fact that sworn jurors will be instructed on witness credibility is irrelevant.**

54.     Does anyone have trouble accepting the idea that a defendant need not present any evidence at all, including not testifying on his own behalf, because he is presumed innocent and cannot be convicted unless the Government proves an allegation beyond a reasonable doubt?

**55.     Your verdict cannot be based on speculation or guesswork or outside information of any kind. Will you agree to base your decision in this case based solely on the facts and credible evidence presented to you in this courtroom?[21]**

**56.     Is there anyone who would have difficulty following my instruction that the Defendant can only be convicted if you are unanimously convinced that he committed one or more of the crimes charged here and not if you believe he committed other crimes that are not charged here?[22]**

---

**[21]** **The Government's position is that this question is duplicative of questions 57 and 58.  The Court will instruct the jury on the law.  This question is not duplicative.  The purpose of voir dire is to determine if prospective jurors can follow the Court's instructions prior to being selected and sworn.  The fact that sworn jurors will be instructed on the law is irrelevant to the function of voir dire.**

**[22]** **The Government's position is that this question inappropriately advances defense arguments in *voir dire*, and is unnecessary and confusing.  It is also duplicative of questions 57 and 58.  The Court will instruct the jury on the law.  This question is not duplicative.  The purpose of voir dire is to determine if prospective jurors can follow the Court's instructions prior to being selected and sworn.  The fact that sworn jurors will be instructed on the law is irrelevant. And, it is not a "defense argument" that the Defendant can only be convicted if the jury is unanimously convinced that he committed a crime charged here and not if the jury believes that he committed other uncharged crimes.  That is the law.**

**Function of the Court and Jury**

57.     The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your ideas of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.  Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

58.     Is there anyone who would have any hesitation or reservation about following the law as I explain it to you even if you disagree with the law?

59.     Will each juror accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

60.     Will each of you accept the proposition that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence presented here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?  **Conversely, would anyone have trouble accepting the proposition that disgust or anger or outrage must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty?[23]**

---

**[23] The Government believes that the reference to sympathy and empathy are balanced and do not necessarily refer solely to sympathy or empathy for the defendant, whereas the reference to disgust, anger, and outrage, in this context, most naturally connotes opinions directed towards the defendant.  Accordingly, the Government considers this reference unduly suggestive. The defense's position is that this question is appropriate and not suggestive. A juror could feel disgust, anger or outrage for a witness as well.  For example,**

61.     **It is not a particularly pleasant duty to find another individual guilty of committing a crime.[24]**   Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

62.     Does any juror have any religious, philosophical, or other beliefs that would **[make you unable to render a verdict in a criminal case]** [affect your ability to render a verdict in a criminal case]?

63.     I have tried to direct your attention in these questions to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in their mind, for any reason whatsoever, that they will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

64.     If you are chosen to serve as a juror in this case, the Court will order you not to read, listen to, or watch any accounts of this case reported on television, the radio, or over the Internet or social media.  This includes not being in the room when a family member or roommate is listening to the news.  Jurors are also not allowed to do any research regarding this case, whether over the Internet, on social media or in any other manner.   The case must be decided

---

if they found that the witness was not being truthful or exaggerating in a matter of great importance.  However, putting that aside, it is completely proper for the Court to inquire about whether a juror could put aside feelings of disgust, anger or outrage for a defendant.

[24] The Government's position is that this language is routinely used in this District and represents a commonsense reality.  The defense position is that the Court should not appear to have an opinion on how any particular verdict may feel to jurors.  Not all jurors may feel this way (just look at the conviction rate!) and stating that a guilty verdict is unpleasant is unduly suggestive.

solely on the basis of the evidence presented in the courtroom. Would you have any difficulty following these rules, which are binding on every juror?

### Questions for Individual Jurors

65.     The parties respectfully request that the Court ask each juror to state the following information:

(a) The juror's full name;

(b) the juror's age;

(c) the juror's family status (including whether the juror has any children and, if so, ages of the children);

(d) the juror's current town of residence and length of time at the residence;

(e) the juror's county of residence during the past ten years;

(f) the educational background of the juror, including the highest degree obtained, and any degrees, licenses or certificates obtained;

(g) the juror's occupation and job title;

(h) the name and general location of the juror's employer, and the period of employment with that employer;

(i) the same information concerning other employment within the last five years;

(j) if the juror is not currently employed and has not been employed for the last five years, what was the last occupation and name of last employer?

(k) If the juror is a student, where does the juror attend school and what is the juror studying?

(l) the same employment information with respect to the juror's significant other and any working children or other member of the juror's household;

(m) the newspapers, magazines, television media, podcasts, and internet news sources that the juror typically reads, watches or listens to and how often;

(n) the websites that the juror reads and/or posts comments or information on;

(o) the television shows that the juror typically watches and or podcasts or radio programs the juror regularly listens to;

(p) the juror's use of social media;

(q) the juror's hobbies, major interests, and leisure-time activities; and

(r) what groups or organizations does the juror belong to or strongly support? This includes civic, social justice, political, religious, school, fraternal, entertainment, union, or professional groups.

(s) do you have any life experiences, attitudes, or opinions that you have not mentioned already, which you believe would interfere with your ability to be a fair and impartial juror in this case?

### Requested Instruction Following Impaneling of the Jury

66.      From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends, or overhearing the conversations of strangers or acquaintances.  It also extends to any postings that you or others may make to social media, and I instruct you now that you are not to use Twitter, Facebook, Instagram, Snapchat, TikTok, a personal blog, or any other form of social media to post or read anything related to this trial until after you have returned a verdict.

67.      If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So, if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

68.     [Per the suggestion of the court of appeals in *United States v. Ganias*, 755 F.3d 125, 132-33 (2d Cir. 2014), *vacated on other grounds*, 824 F.3d 199 (2d Cir. 2016) (en banc)]: I know that many of you use cell phones, Blackberries, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, iPhone, Blackberry, text messaging, e-mail, social media websites or applications (including Facebook, Instagram, Twitter, LinkedIn, YouTube), blogs, websites, internet chat rooms, or by other means.

69.     Finally, if anything should happen involving any of you that is of an unusual nature, or that you think is something the Court should be told about, please do not discuss it with any other juror. Simply give my clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. I make these remarks without expecting

anything unusual or improper to happen. It is just safer to take the precaution of alerting you in advance.

Dated:  New York, New York
        December 7, 2022

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                        By:     _____s/_____
                                        Jane Kim
                                        Lara Pomerantz
                                        Paul Monteleoni
                                        Assistant United States Attorneys


                                        _____s/_____
                                        Deirdre D. von Dornum
                                        Michael Weil
                                        Kathryn Wozencroft
                                        *Counsel for Robert Hadden*