

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2022

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>United States v. Robert Hadden,</u>
             **S2 20 Cr. 468 (RMB)**

Dear Judge Berman:

      The Government respectfully submits this letter in response to the defendant's supplemental letter of December 6, 2022, regarding the parties' motions *in limine*. (Dkt. 193). For the reasons set forth below and in the Government's briefing (Dkts. 173, 178, 186), the Court should (1) deny the defendant's request for a pretrial evidentiary hearing, including for two victims who were sexually abused by the defendant ("Minor Victim-3" and "Victim-27") and two witnesses who observed the defendant sexually abuse victims during the course of medical examinations ("Witness-1" and "Witness-2"); (2) deny the defendant's motion to preclude evidence of the defendant's other acts of sexual assault and abuse under Rules 413 and 404(b); and (3) deny the defendant's motion to preclude evidence of victims' prior consistent statements, which are plainly admissible in response to the defendant's anticipated attacks on victim credibility under Rule 801(d)(1)(B).[1]

**I.    Evidence of the Defendant's Other Sexual Assaults and Sexual Abuse Is Admissible— and The Defendant's Request for A Pretrial Evidentiary Hearing Should Be Denied**

      The Government is not aware of a single case in which a District Court in this Circuit has required witnesses of a defendant's other bad acts to testify at an evidentiary hearing prior to trial. Nor has the defense cited one. For good reason: such a pretrial hearing would waste judicial resources, and it would harass and intimidate victims and witnesses of the defendant's sexual abuse. Indeed, in *Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court held that District Courts need not make a "preliminary finding" that the defendant committed a prior bad act before evidence of that bad act may be offered at trial. *Id.* at 688-89; *id.* at 677-78 (holding that requiring such a preliminary finding is "inconsistent with the structure of the Rules of Evidence and with the plain language of Rule 404(b)," "imposes an [unnecessary] level of judicial

---

[1] Victim and witness references contained herein are consistent with the references reflected in Indictment S2 20 Cr. 468 (RMB) (the "S2 Indictment") and in the Government's briefing (Dkts. 173, 178, 186).

oversight," and "is simply inconsistent with the legislative history" of the Rule).  Rather, evidence of a defendant's other bad acts is admissible if it is relevant and not unduly prejudicial, confusing, or wasteful under Rules 401 and 403.  *Id.*

Under Rule 401, as discussed in the Government's briefing, evidence of the defendant's other sexual assaults and sexual abuse of victims in his capacity as an OB/GYN, is undeniably relevant as to the defendant's guilt as to each of the eight counts of the S2 Indictment. (Dkts. 173 at 2-36; 186 at 5-9).  Other sexual abuse evidence in this case is highly probative because it shows that the defendant used the same "pattern or practice" abusing victims "in a particular manner." *Boyce v. Weber*, No. 19 Civ. 3825 (JMF), 2021 WL 2821154, at *4 (S.D.N.Y. July 7, 2021).  Such evidence shows the defendant's intent, his grooming of victims, his creation of opportunities to be alone with victims, his knowing commission of the offenses, and the victims' lack of mistake.  (*See* Dkts. 173 at 30-35; 186 at 7).  It corroborates the testimony of other victims and supports the credibility of testifying witnesses.  (*See* Dkts. 173 at 31; 186 at 7).  It also shows the defendant's propensity for committing such crimes of sexual assault under Rule 413.  (*See* Dkts. 173 at 35; 186 at 6-7).  Further, under Rule 403, the exceedingly probative value of evidence of the defendant's other sexual abuse is not outweighed by any danger of unfair prejudice.

The defendant mistakenly relies on—and selectively quotes from—the Supreme Court's discussion of Rule 104(b) in *Huddleston*.  Under Rule 104(b), "'[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.'"  *Id.* at 690 (quoting Fed. R. Evid. 104(b)).  "In determining whether the Government has introduced sufficient evidence to meet Rule 104(b)," the Supreme Court held that:

> <u>the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence</u>.  The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.

*Id.* (emphasis added); *see also United States v. Fasciana*, 226 F. Supp. 2d 445, 456 (S.D.N.Y. 2002).  The Supreme Court went on to note that "[o]ften the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding." *Huddleston*, 485 U.S. at 690.  Rule 104(b) does not require corroboration.  *United States v. Dillon*, 532 F.3d 379, 391 & n.8 (5th Cir. 2008).[2]

The vast majority of the defendant's arguments as to Minor Victim-3, Victim-27, Witness-1, and Witness-2 relate to their credibility—not the sufficiency of the evidence.  (Dkt. 193 at 2-3 (listing defendant's attacks on the credibility of the witnesses)).  For example, the defendant argues that Minor Victim-3 has a motive to fabricate because of a civil lawsuit, and suggests the same for

---

[2] The relevance of anticipated testimony from victims who were sexually abused by the defendant or witnesses who saw the defendant sexually abuse others is plain and not apparently conditional on any other fact.  Even assuming such evidence is conditional, Rule 104(b) is satisfied.

Victim-27. (*Id.* at 2).[3] The defendant argues that the anticipated testimony of both Witness-1 and Witness-2 are not credible because they do not recall the date or the patient(s) they observed the defendant abuse. (*Id.* at 3). But the law is clear: in determining whether conditional evidence is admissible, the Court cannot evaluate a witness's credibility or determine if the Government has proven the conditional fact. *Huddleston*, 485 U.S. at 690; *see also Fasciana*, 226 F. Supp. 2d at 456 ("In the context of a Rule 404(b) proffer, it is not appropriate for a court to make credibility determinations, or weigh evidence, in connection with disputes as to whether the factual underpinnings of the proffer can be proven."). Those are questions for the jury. To the extent the defendant attacks Minor Victim-3 and Victim-27's motives to fabricate or the "vagueness" of Witness-1 or Witness-2's recollections, the defendant is free to cross-examine these witnesses at trial on these points.[4]

The anticipated testimony of each Rule 404(b)/413 witness is sufficient under Rule 104(b) in light of the Government's anticipated trial evidence. In *Huddleston*, the Supreme Court "emphasize[d] that in assessing the sufficiency of the evidence under Rule 104(b), <u>the trial court must consider all evidence presented to the jury</u>." 485 U.S. at 690 (quoting *Bourjaily v. United States*, 483 U.S. 171, 179-80 (1987)) (internal quotation marks omitted) (emphasis added) ("Individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts."). Here, a grand jury sitting in this District concluded that there was probable cause that the defendant enticed eight victims to travel interstate to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(a). (Dkt. 169). In or about 2016, the defendant admitted to sexually abusing two patients; that is, he admitted to (1) his oral sexual assault of Victim-15 on or about June 29, 2012 (*i.e.*, his licking of Victim-15's vagina); and (2) his sexual assault of Victim-16 on or about May 7, 2012 (*i.e.*, his touching of Victim-16's vagina and anus for no legitimate purpose). (Dkt. 173 at 18-19). The Government has outlined key portions of the anticipated testimony of numerous victims who were sexually abused by the defendant in similar ways and during OB/GYN appointments. (*Id.* at 2-18). In light of all of this evidence, the Court can readily conclude that the jury could reasonably find by a preponderance of the evidence that the defendant sexually abused each of the victims set forth in the Government's briefing, including Minor Victim-3 and Victim-27, and that Witness-1 and Witness-2 observed the defendant sexually abuse victims during the course of examinations and appointments. The defendant's request for a pretrial evidentiary hearing should be denied.

---

[3] The defendant makes no effort to establish that Victim-27 is even party to any such lawsuit, and, in fact, to the Government's knowledge, she is not.

[4] The defendant's arguments that the anticipated testimony of Minor Victim-3, Victim-27, Witness-1, and Witness-2 are "vague" and "lacking any factual details" is simply untrue. The Government has outlined key points from the anticipated testimony of these witnesses in the Government's briefing and Rule 404(b)/413 notice, and has provided the defense with each witness's prior consistent statements. Should the Court request to see reports or notes of the witness's prior consistent statements, the Government will of course provide them.

## II. Witness's Prior Consistent Statements Are Admissible Under Rule 801(d)(1)(B)

The defendant seeks to attack the credibility of testifying victims and then to preclude the Government from responding with evidence of the victims' prior consistent statements reporting the defendant's abuse.[5] This is simply not the law. The victims' prior consistent statements are plainly admissible under Rule 801(d)(1)(B) for all of the reasons discussed below and in the Government's briefing. (Dkts. 173 at 42-46; 186 at 11). In particular, the Court should deny the defendant's requests to exclude Victim-7's prior consistent statements about the defendant's sexual assault that she made to her doctor ("Witness-4"), Victim-3's prior consistent statements about the defendant's sexual abuse made to her friend ("Witness-5"), and Victim-15's prior consistent statements about the defendant's sexual abuse made to her friend (Victim-1), her partner ("Witness-3"), and to law enforcement.

<u>Victim-7's Prior Consistent Statements to Witness-4</u>. Victim-7, as referenced in Count Eight of the S2 Indictment, was a patient of the defendant from in or about 2000 up until the defendant sexually assaulted Victim-7 in or about 2011 by making oral contact with her vagina during an appointment. (Dkt. 173 at 8). After the defendant sexually assaulted Victim-7, Victim-7 returned to the defendant's practice for appointments with Witness-4. Witness-4 is another doctor in the defendant's practice who manages the care of several of the defendant's former patients. During an appointment, Victim-7 told Witness-4, in substance and in part, that she had been sexually assaulted by the defendant. In or about 2021, in an interview with the Government, Witness-4 indicated that she recalled a patient who reported the defendant's sexual abuse during an appointment with her, but could not recall the victim's name. In or about January 2022, during an appointment with Victim-7, Witness-4 recalled that Victim-7 had been the patient who reported the defendant's abuse.[6] Witness-4 asked Victim-7 if she could provide Victim-7's name to lawyers involved in the defendant's case. Victim-7 called the Federal Bureau of Investigation to report the defendant's abuse soon thereafter.

The Government anticipates that the defendant will attack Victim-7's credibility at trial. Because Victim-7 will be subjected to cross-examination about her statements regarding the defendant's abuse, Victim-7's prior consistent statement to Witness-4 about the defendant's sexual abuse is admissible under Rule 801(d)(1)(B) and may be offered to rehabilitate Victim-7's credibility. *See* Fed. R. Evid. 801(d)(1)(B); *see also United States v. Caracappa*, 614 F.3d 30, 39 (2d Cir. 2010) ("The prior consistent statement need not be proffered through the testimony of the declarant but may be offered through any witness who has firsthand knowledge of the statement.").

<u>Victim-3's Prior Consistent Statements to Witness-5</u>. Victim-3, as referenced in Count Four of the S2 Indictment, was a patient of the defendant from at least late 2011 up to and including in or about 2012, during which time the defendant sexually abused Victim-3, including through frequent and medically unnecessary breast exams. (Dkt. 173 at 13-14). In or about 2013, Victim-

---

[5] As discussed in the Government's briefing, the defendant has indicated that he plans to aggressively attack the credibility of the victims in this case. (Dkt. 117 at 4, 9-12, 39-40, 43-59; Dkt. 193 at 2-3). Certainly, if the defendant proffers that he does not intend to attack the credibility of certain victims or witnesses at trial, their prior consistent statements may not be admissible.

[6] Accordingly, the defendant's arguments regarding Witness-4, which are all based on the premise that the patient making the prior inconsistent statement is unidentified, are simply mistaken.

3 told her friend, Witness-5, in substance and in part, that the defendant conducted a breast exam at every visit, including when Victim-3 was pregnant. Witness-5 responded, in substance and in part, that conducting a breast exam at every prenatal visit was abnormal.

The Government anticipates that the defendant will attack Victim-3's credibility at trial. Because Victim-3 will be subject to cross-examination about her statements regarding the defendant's abuse, Victim-3's prior consistent statements to Witness-5 are admissible under Rule 801(d)(1)(B) to rehabilitate Victim-3's credibility in light of "other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801(d)(1)(B), Advisory Committee Notes to 2014 Amendment; *see also, e.g.*, *United States v. Ray*, No. 20 Cr. 110 (LJL) 2022 WL 558146, at *5 (S.D.N.Y. Feb. 24, 2022) ("[T]he use of a prior consistent statement is not limited to the rebuttal of a charge of recent fabrication or improper influence or motive."); *United States v. Purcell*, 967 F.3d 159, 197 (2d Cir. 2020) (affirming admission of prior statements even where defense did not suggest "recent fabrication or a recently created improper motive or influence" under amended rule, without deciding whether the statements would have been admissible before amendment); (Dkts. 173 at 51-57; 178 at 27).[7]

<u>Victim-15's Prior Consistent Statements</u>. As discussed in the Government's briefing, after the defendant sexually assaulted Victim-15 on or about June 29, 2012, Victim-15 communicated with Witness-3 by text message, phone, and in person. Witness-3 called 911 to report the defendant's assault. Police responded to the 911 call and interviewed Victim-15. The following evidence regarding the defendant's sexual assault of Victim-15 is admissible under well-established exceptions to the hearsay rule, as discussed in the Government's briefing:

- Victim-15's communications with Witness-3 on or about June 29, 2012, including by text message and phone, are admissible as excited utterances and present sense impressions under Rules 803(2) and 803(1). (Dkts. 173 at 36-46; 186 at 9).

- Victim-15's communications with Victim-1 on or about June 29, 2012, including by text message and phone, are admissible as excited utterances and present sense impressions under Rules 803(2) and 803(1). (Dkts. 173 at 36-46; 186 at 9).

- Witness-3's 911 call on or about June 29, 2012 is admissible as an excited utterance under Rule 803(2). (Dkts. 178 at 28-32; 186 at 9).

- Victim-15's statements to law enforcement on or about June 29, 2012, are admissible as excited utterances under Rule 803(2). (Dkts. 173 at 39; 186 at 9).

This above statements by Victim-15 are also admissible as her prior consistent statements under Rule 801(d)(1)(B) in light of the defendant's anticipated attacks of Victim-15's credibility. The defendant's argument that these statements are cumulative is entirely premature and, in any event,

---

[7] The defendant's assertion that Victim-3's statements to Witness-5 all follow a motive to fabricate is unconvincing. The fact that some "civil litigation"—to which Victim-3 was not at the time a party—had begun in 2013 (Dkt. 193 at 3 n.1), or a criminal prosecution had commenced in 2014 (*id.*), hardly means that Victim-3 personally had any incentive to fabricate at the time of her statements in 2013 and 2014.

unavailing; the different pieces of evidence, as is common in trials, are each probative in overlapping but different ways. For example, the text messages and 911 call recording are documentary but do not tell the entire story. The testimony of different witnesses to the different sets of statements each also tell different pieces of the story. In a case in which the credibility of victims is so critical, these different forms of evidence do not remotely meet the threshold for cumulativeness.[8]

For the foregoing reasons, the Court should deny the defendant's requests for a pretrial evidentiary hearing, and to preclude both evidence of the defendant's other acts of sexual assault and sexual abuse and certain prior consistent statements of witnesses at trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s
Jane Kim
Paul M. Monteleoni
Lara Pomerantz
Assistant United States Attorneys
(212) 637-2038 / 2219 / 2343

cc:   Defense Counsel (By Email and ECF)

---

[8] The defendant's claim that he is "in effect being tried by out-of-court statements rather than in-court testimony" is plainly belied by the record. (Dkt. 193 at 4). The Government plans to call numerous statutory victims who will testify about their personal experiences of the defendant's sexual abuse and assault. (Dkt. 173 at 2-8). The Government has moved under Rules 404(b) and 413 to call additional victims and witnesses who would testify about their personal experiences of the defendant's sexual abuse. (*Id.* at 8-18). Certain evidence pertaining to the defendant's own admissions and to Victim-15, discussed above, are admissible under exceptions to the hearsay rule. (*Id.* at 18-26, 36-42).