

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 27, 2022

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>United States v. Robert Hadden</u>, S2 20 Cr. 468 (RMB)

Dear Judge Berman:

    The Government respectfully submits this letter, with the consent of the defense, to request that the Court permit certain victims to testify at trial under pseudonyms and permit the filing of related trial exhibits under seal.

    In order to protect the dignity and privacy of certain of the victims expected to testify at trial—namely Minor Victim-1, Victim-1, Victim-2, Victim-4, Victim-6, Victim-7, Victim-16, Victim-18, and Victim-19 (the "Victims")[1]—the Government respectfully requests that the Court take certain measures at trial, which are narrowly tailored to the particular circumstances and privacy interests of each victim and consistent with the protections victims of sex crimes have been afforded in recent federal trials.[2] *See, e.g.*, *United States v. Raniere*, No. 20 Cr. 3520, 2022 WL 17544087, at *6-*7 (2d Cir. Dec. 9, 2022) (summary order) (affirming the district court's order permitting testifying victims to testify by a nickname, first name, or pseudonym only, where the court "reasoned that requiring victims to provide their names in public 'could chill their willingness to testify, for fear of having their personal histories publicized'" and where defendant "already knew the identity of the individuals"); *United States v. Maxwell*, 20 Cr. 330 (AJN) (S.D.N.Y. Nov. 1, 2021) (Dkt. 465 at 6-8) (permitting victims to testify under pseudonyms—a "quite common" proposal—because of the court's statutory duty to protect an alleged crime victim's right to be treated with fairness and with respect for the victim's "dignity and privacy," because of the "sensitive and inflammatory nature of the conduct alleged," and because if victims of abuse were subject to publicity, harassment, and embarrassment, "other alleged victims of sex crimes may be deterred from coming forward" to report abuse); Aug. 3, 2021 Tr. at 53:13-55:2, *United States v. Kelly*, No. 19 Cr. 286 (E.D.N.Y.) (permitting certain victims to testify using

---

[1] The identifying numbers used herein correspond to those used in the motions *in limine* and the Government's December 21, 2022 sealed letter to the Court in response to the Court's December 2, 2022 Order (Dkt. 202, Ex. A (sealed)).

[2] The Government expects that other victims will testify at trial under their own names.

pseudonyms or their first names and prevent public disclosure of their addresses, names of family members, or exact places of employment).

The parties have conferred and the defense has informed the Government that it consents to the Victims testifying under pseudonyms.

### A. Applicable Law

The Confrontation Clause guarantees defendants the right to cross-examine witnesses who testify against them. *See, e.g.*, *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008). This right, however, is not absolute. A defendant's rights under the Confrontation Clause must yield to accommodate other legitimate interests in the criminal trial process. *See, e.g.*, *id.*; *see also Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir. 1991) ("[T]here is no absolute right of an accused to have a jury hear a witness's true name and address."). For instance, trial courts have "wide latitude . . . to impose reasonable limits . . . on . . . cross-examination based on concerns about, among other things, harassment, prejudice, . . . or the witness's safety." *United States v. Al Farekh*, 810 F. App'x 21, 25 (2d Cir. 2020) (summary order) (alterations in original) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)); *see* Fed. R. Evid. 611(b) (imposing limits on the scope of cross-examination).

In the context of the disclosure of witness identifying information, the Second Circuit has identified two primary interests of defendants: "(1) obtaining information needed for in-court and out-of-court investigation of the witness; and (2) enabling defense counsel to elicit information that might be relevant to the jury's deliberations as to the credibility or knowledgeability of the witness." *United States v. Marcus*, No. 05 Cr. 457 (ARR), 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007) (citing *United States v. Marti*, 421 F.2d 1263, 1266 (2d Cir. 1970)), *aff'd*, 628 F.3d 36, 45 n.12 (2d Cir. 2010). If the Government provides a reason to "limit disclosure of identifying information in open court," the defendant must "demonstrate a 'particularized need' for disclosure . . . which the court weighs against the risks to the witness." *Id.* (citing *Marti*, 421 F.2d at 1266; *United States v. Bennett*, 409 F.2d 888, 901 (2d Cir. 1969)); *see United States v. Urena*, 8 F. Supp. 3d 568, 572-73 (S.D.N.Y. 2014) (permitting an undercover law enforcement officer to testify under a pseudonym, after balancing the relevant interests).

Strong public interests support limiting public disclosure of victim identities and other sensitive information. The Crime Victims' Rights Act, 18 U.S.C. § 3771, requires district courts to implement procedures to ensure that crime victims are accorded, among other rights, "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." *Id.* §§ (a)(1), (a)(8). Moreover, the public "has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe on behalf of Doe No. 1 v. Nygard*, No. 20 Civ. 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)).

These interests are particularly salient in sex abuse cases. It is "quite common" for victims in such cases to testify or be referred to only by pseudonyms or first names. *See United States v. Maxwell*, 20 Cr. 330 (AJN) (S.D.N.Y. Nov. 1, 2021) (Dkt. 465 at 7); Aug. 3, 2021 Tr. at 53:13-55:2, *United States v. Kelly*, No. 19 Cr. 286 (E.D.N.Y.); Oct. 17, 2019 Tr. at 32:1-36:6, *United States v. Dupigny*, No. 18 Cr. 528 (JMF) (S.D.N.Y.) (Dkt. 198) (permitting use of real first names and fake last names); Order at 10-11, *United States v. Kidd*, No. 18 Cr. 872 (VM) (S.D.N.Y. July

1, 2019) (Dkt. 60) ("The Court is persuaded that, to protect the minor victims, they should be permitted to testify under pseudonyms and that such anonymous testimony does not violate Kidd's Sixth Amendment rights."); May 8, 2019 Tr. at 6:20-21, *United States v. Benjamin*, No. 18 Cr. 874 (JSR) (S.D.N.Y.) (Dkt. 53); Order at 29-35, *United States v. Raniere*, No. 18 Cr. 204 (NGG) (E.D.N.Y. May 6, 2019) (Dkt. 622); *United States v. Zhong*, No. 16 Cr. 614 (DLI), 2018 WL 6173430, at *2 (E.D.N.Y. Nov. 26, 2018); Order at 2-3, *United States v. Martinez*, No. 17 Cr. 281 (ERK) (E.D.N.Y. Dec. 18, 2017) (Dkt. 34) ("Jane Doe will be permitted to testify as 'Jane Doe' at trial, and will not be required to disclose her address, names of family members or exact place of employment (if any)."). Because of the explicit nature of the alleged offense conduct, which may require victims to testify about "degrading and humiliating treatment," revealing victim identities "would likely cause . . . anxiety and risk social stigma," and "could chill the willingness of other alleged victims of sex crimes to come forward." Order at 2, *Martinez*, No. 17 Cr. 281 (ERK) (E.D.N.Y. Dec. 18, 2017) (Dkt. 34). Additionally, victims in sex abuse cases suffer from "likely adverse personal, professional and psychological consequences of publicly linking their identities to their past" conduct. *United States v. Paris*, No. 06 Cr. 64 (CFD), 2007 WL 1484974, at *2 (D. Conn. May 18, 2007). "In light of the explicit nature of the conduct" that is the subject of the case, victims have "legitimate" fears "of harassment by the media" and "loss of employment potentially resulting from trial publicity." *Marcus*, 2007 WL 330388, at *1. These interests significantly outweigh any defense interest, especially where the defense knows the true identities of victims and is able to mount their defense. *See id.*; Order at 2-3, *Martinez*, No. 17 Cr. 281 (ERK) (E.D.N.Y. Dec. 18, 2017) (Dkt. 34).[3]

Where witnesses testify under pseudonyms, the concomitant sealing or redaction of exhibits containing their true names is appropriate. Although "the public has an 'especially strong' right of access to evidence introduced in trials," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), it "is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001). For example, "subject matter [that] is traditionally considered private rather than public" will weigh "heavily against access." *Amodeo*, 71 F.3d at 1050. This includes certain "financial records . . . , family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters . . . ." *Id.* at 1051. "[T]he 'venerable' privacy-interest exception to the presumption of access exists to avert 'cater[ing] 'to a morbid craving for that which is sensational and impure.'" *United States v. Cohen*, 366 F. Supp. 3d 612, 626-627 (S.D.N.Y. 2019) (quoting *Amodeo*, 71 F.3d at 1051).

### B. Discussion

The Victims are expected to testify in explicit detail and/or be the subject of highly sensitive and personal testimony concerning alleged sexual abuse and OB/GYN examinations. The limited protections requested by the Government, and consented to by the defense, are reasonable, necessary, and narrowly tailored to protect the Victims' well-being and prevent undue harassment and embarrassment and other adverse consequences, including loss of employment. To the Government's knowledge, none of the Victims have previously publicly identified

---

[3] Indeed, in the context of a supervised release violation hearing, this Court has recently permitted a victim to testify under a pseudonym. *See* Nov. 9, 2022 Tr. at 17:19-23, *United States v. Casiano*, No. 16 Cr. 177 (RMB) (S.D.N.Y. Nov. 9, 2022) (Dkt. 105).

themselves in their own names as victims of the defendant. In particular, the use of pseudonyms is appropriate for the Victims for the following reasons:[4]



---

[4] In the case of certain of the Victims, the Government believes that certain subject areas might provide additional reasons for anonymity if those areas became the subject of testimony. However, the Government and the defense are in discussions regarding whether these subject areas will be inquired into at all, and accordingly these subject areas are not relied on herein as reasons supporting anonymity.



Accordingly, the Government—with the consent of the defense—proposes measures that will protect against unnecessary public disclosure of the Victims' identities, in order to protect the Victims from potential harassment from the media and others, undue embarrassment, and other adverse consequences.

The Government requests, with the defendant's consent, that the Victims be permitted to testify under pseudonyms.[5] While the Victims' names would not be known to the public, they will be revealed to the jury, and the defense is already aware of the identities of the Victims. The requested relief is appropriate to protect the privacy and dignity of the Victims and to minimize negative impacts on the Victims from testifying under their real names about highly sensitive and personal information concerning the alleged sexual abuse. It would ensure that, while the substance of the Victims' testimony will remain public and may appear in the news and on the internet, these details will not be publicized side-by-side with each Victim's true name. *See* Order at 2-3, *Martinez*, No. 17 Cr. 281 (ERK) (E.D.N.Y. Dec. 18, 2017) (Dkt. 34) ("This case has already received significant national and local press coverage. Revealing Jane Doe's identity would likely cause her anxiety and risk social stigma."). Making the Victims' association with this case public requires the Victims to be associated with the graphic details of their experiences, not just in the general public consciousness, but with their families, friends, colleagues, and current and prospective employers. The Government also requests, with the defendant's consent, that any exhibits identifying the names of witnesses testifying under pseudonyms be sealed. The Government's sealing request is narrowly tailored to prevent public disclosure only of those exhibits which would identify *by name* the Victims testifying in this case. Any other result would

---

[5] The parties agree that the requested relief of testimony under pseudonyms by the Victims is appropriate because each Victim is expected to testify about, among other things, their backgrounds, where they lived at the time they were patients of the defendant, and other identifying information. Moreover, the fact that the Victims were patients of Hadden was typically known to the Victims' acquaintances, and some of the Victims have distinctive names. Accordingly, if they were to testify using their real first names or their initials, they are very likely to be identified.

defeat the purpose of permitting the Victims to testify using pseudonyms, incurring all the harms described above. *See Paris*, 2007 WL 1484974, at *2 (concluding that the interest in protecting victim identities outweighs the public interest in access to information because "the public and press will be able to hear the Jane Does' and Minors' testimony in full"); *United States v. Maxwell*, 20 Cr. 330 (AJN) (S.D.N.Y. Nov. 1, 2021) (Dkt. 465 at 6) (permitting redaction of victims' real identities from exhibits).

If the Court grants the requested relief, the parties will confer and submit a letter with the true names of witnesses and the proposed nomenclature for those witnesses at trial. Below are certain of the parties' proposals should the Court grant the requested relief.

- **Voir Dire**. The parties propose that prospective jurors be handed a sheet with a list of names and places that may come up at trial. That sheet, which would be filed under seal, would contain the true names of witnesses. The sheet would not be read aloud; instead, the parties request that the Court direct prospective jurors to read the sheet and to raise a hand if they are familiar with any of the witnesses. To the extent necessary, examination of jurors on this subject would then be conducted at sidebar, with the transcript redacted to remove witness identifying information.

- **Sealed Exhibit of Witness Identities**. The parties propose that, during the course of trial, the jurors be given a copy of a sealed exhibit, which will provide the true names of witnesses and the pseudonyms under which they are testifying. In addition, for the witnesses testifying under pseudonyms, the Government may offer as exhibits under seal copies of each witness's driver's license, which has the witness's true name and photograph, in order to avoid confusion for the jury and make clear for the jury the true names and pseudonyms of testifying witnesses.

- **Jury Instructions**. The parties request that the Court give the jury a preliminary instruction and jury charge at the conclusion of trial that are similar to the instructions the Honorable Alison J. Nathan gave the jury in *United States v. Maxwell*. Nov. 29, 2021 Tr. at 24:21-25:4, *United States v. Maxwell*, 20 Cr. 330 (S.D.N.Y.); Dkt. 565 at 62-63. The parties propose that the Court instruct the jury prior to opening remarks:

    > This case has received and may continue to receive attention in the media. To protect their privacy, I have permitted witnesses, if they choose, to be referred to in open court by a pseudonym—that is, under different names. The full names of the witnesses are known to the Government, the defense, and to the Court, and were shown to you during jury selection. This process should not bear in any way on your evaluation of the evidence in this case.

The parties propose that at the conclusion of the presentation of evidence, the Court instruct the jury:

> Finally, as you know, I have permitted certain witnesses to be referred to in open court by a pseudonym. As I explained to you in my preliminary instructions before opening statements, this process

    is to protect the privacy of witnesses as this case has received attention in the media. I instruct you again that this process should not bear in any way on your evaluation of the evidence or credibility of any witness in this case.

- **Jury Addresses and the Examination of Witnesses**. The parties agree that references to the Victims in jury addresses and examination of other witnesses, to the extent applicable, will be in accordance with the manner described in this letter, and that the defense will not elicit personal identifying information for the Victims, such as their specific addresses or specific details of their current employment.

  Accordingly, the Government respectfully requests, with the consent of the defense, that the Court permit the Victims to testify at trial, and be referred to by counsel and other witnesses, under pseudonyms and permit the filing of trial exhibits containing the names of the Victims under seal.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

      by: s/
        Jane Kim
        Paul M. Monteleoni
        Lara Pomerantz
        Assistant United States Attorneys
        (212) 637-2038 / 2219 / 2343

cc:  Defense Counsel (By Email and ECF)