LAW OFFICES OF
MICHAEL S. ROSS
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
FORTY-SEVENTH FLOOR
NEW YORK, NY 10165

TELEPHONE
(212) 505-4060
FACSIMILE
(212) 505-4054
E-MAIL
michaelross@rosslaw.org

December 22, 2022

**BY ECF**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *United States v. Robert Hadden*, 20 Cr. 468 (RMB);
               Motion to Quash.

Dear Judge Berman:

      We have been retained by Anthony T. DiPietro, Esq., who is the subject of the attached December 1, 2022 subpoena *ad testificandum* (the "Subpoena") issued by defense counsel.  We are submitting this brief letter on behalf of our client, Mr. DiPietro, to advise the Court that we will be seeking an opportunity to make a motion to quash the Subpoena.

      Over the past decade, Mr. DiPietro represented many victims of the defendant's abuse (including seven of the victims in this case) in civil litigation against the defendant and various medical entities.  That litigation resulted in a settlement before this Court in *Hoechstetter v. Columbia University,* 19-cv-02978.  Defense counsel now seeks, by way of subpoena, to elicit testimony from Mr. DiPietro concerning Mr. DiPietro's clients.

      I spoke with Michael Weil, Esq., of the Public Defender's Office, counsel to the defendant, for the purpose of understanding the basis for the truly unusual step of seeking to

Law Offices Of
Michael S. Ross

Hon. Richard M. Berman
December 22, 2022
Page 2

introduce at trial the testimony of the lawyer representing crime victims. Mr. Weil has advised me that his office intends to question Mr. DiPietro about matters including the financial incentives of the victim-witnesses (presumably referring to their civil settlements) and any prior statements which his clients may have made which might be inconsistent with their trial testimony. It is quite obvious that the Subpoena therefore presents issues under the attorney-client privilege and work-product doctrines. As we would demonstrate to the Court in our anticipated motion to quash, a subpoena that seeks such privileged and/or work-product protected information is not appropriate where there are other means of obtaining the relevant information that do not intrude on the attorney-client relationship.

It is axiomatic that a defendant's subpoena *ad testificandum* is only appropriate when the presence of the witness is necessary for an adequate defense; the witness can offer relevant testimony; and the witness' testimony is not merely cumulative. *United States v. Gotti,* 784 F. Supp. 1011, 1012 (E.D.N.Y. 1992); *see also United States v. Nixon,* 418 U.S. 683 (1974). Trial subpoenas are not intended as devices for fishing expeditions and certainly not where attorney client-privileged and work-product protected information is involved. An attorney cannot be compelled by subpoena to disclose such information. *In re Grand Jury Subpoena,* 282 F.3d 156, 161 (2d Cir. 2002) (attorney cannot be compelled to testify to statements made by his client in his presence to IRS agents under work product doctrine).

Here, the Subpoena improperly attempts to invade the attorney-client relationship in an effort to learn facts known by Mr. DiPietro which he acquired in the course of his attorney-client relationship with his clients. The Subpoena is subject to legal challenge for at least three fundamental reasons which would be addressed in our motion to quash.

Law Offices Of
Michael S. Ross

Hon. Richard M. Berman
December 22, 2022
Page 3

*First*, a number of the prosecution victim-witnesses are Mr. DiPietro's clients. Defense counsel are seeking their prior statements to Mr. DiPietro for purposes of possible impeachment. These statements likely include information that is subject to the attorney-client privilege and/or the work-product protection doctrine. An attorney may not testify for the purpose of impeaching a former client by using the former client's confidences. *See, e.g.*, *United States v. Prevezon Holdings*, 839 F.3d 227, 237 (2d Cir. 2016) (granting writ to preclude adverse use of confidential information by non-party client's former counsel); CPLR § 4503 (protecting privileged communications); *cf. In re Grand Jury Subpoena,* 282 F.3d at 161.

*Second*, with respect to any testimony about the financial recoveries in any civil cases, such testimony would be cumulative and unnecessary given that defense counsel may seek such testimony from the victims themselves. *Cf. Stauber v. City of New York*, 2004 U.S. Dist. LEXIS 7973, at *8 (E.D.N.Y. May 7, 2004) (finding deposition of plaintiff's counsel to be inappropriate where defendants could depose police officials regarding their conversations with plaintiff's counsel, and plaintiff's counsel's statements to police officials had a "tenuous relationship ... to ... the plaintiffs' claims or the City's defenses").

*Third*, the testimony of Mr. DiPietro is not necessary for an adequate defense in this case. Mr. DiPietro has no first-hand knowledge of any of the alleged misconduct in this case and cannot possibly provide relevant information to that effect.

These and other issues would be addressed in our motion to quash.

Law Offices Of
Michael S. Ross

Hon. Richard M. Berman
December 22, 2022
Page 4

                                                      Respectfully submitted,

                                                      /s/
                                              Michael S. Ross
                                              Eugene Gormakh

Att.

cc:    All Counsel
       (By ECF)

---

Any Motion to Quash is due 12/30/22 at 4:00 pm; any Response is due 1/5/23 at 4:00 pm; any Reply is due 1/6/23 at 4:00 pm.

SO ORDERED:
Date: 12/27/22

*Richard M. Berman* (signature)
Richard M. Berman, U.S.D.J.

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ROBERT HADDEN | ) | Case No. 20-CR-468 (RMB) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  Anthony DiPietro
     The Woolworth Building - Suite 880
     233 Broadway, New York, New York 10279

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Daniel Patrick Moynihan United States Courthouse 500 Pearl St., New York, NY 10007 | Courtroom No.: | 17B |
|---|---|---|---|
| | | Date and Time: | 01/04/2023 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Date:  12/01/2022

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ROBERT HADDEN , who requests this subpoena, are:

Deirdre von Dornum, Esq., Federal Defenders of New York, 1 Pierrepont Plaza 16th Fl, Brooklyn, NY 11201, <Deirdre_Vondornum@fd.org>, c/o Caroline Kissick, 646-895-0947, <Caroline_Kissick@fd.org>

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   20-CR-468 (RMB)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: