

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 30, 2022

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Robert Hadden**, S2 20 Cr. 468 (RMB)

Dear Judge Berman:

      The Government respectfully submits this letter, with the defendant's consent, in response to the Court's requests as set forth during the Pretrial Conference of December 29, 2022 (the "Pretrial Conference").

      As an initial matter, the Government respectfully submits the following to the Court: (1) copies of the prior statements of Minor Victim-3, Victim-27, Witness-1, and Witness-2; and (2) copies of certain police reports containing Victim-15's statements made to law enforcement on or about June 29, 2012. (Ex. A (zip file submitted under seal)).

      The parties have conferred as to the following:

      1.  *Voir Dire*.  With respect to *voir dire*, the parties agree that reference copies of the Court's *voir dire* may be provided to potential jurors with a pen or pencil.  The parties request that the Court instruct potential jurors that they may circle any questions in their reference copy for which they have a "yes" response.  The parties request that the Court collect and discard all reference copies after *voir dire* (along with the sealed list of witness names); these copies need not be preserved.

      2.  The Defendant's 2016 State Guilty Plea.  At the Pretrial Conference, the Court granted the Government's motion to admit the defendant's 2016 state guilty plea through specific portions of the state guilty plea transcript.  The Court asked the parties to advise by noon today if there are other portions of the state guilty plea transcript that the parties jointly seek to offer.

      The Government communicated to the defense yesterday that, consistent with its reply memorandum in further support of its motions *in limine* (Dkt. 186 § 3), the Government would consent to the admission of certain additional portions of the state guilty plea transcript, but only under certain conditions as set forth in that memorandum.  (*Id.* at 2-4 & nn.5-7).  The Government understands that the defendant is not in a position to agree to the conditions set forth in the

Government's reply.  Accordingly, the Government does not presently seek to offer portions of the state guilty plea transcript beyond the Court's pretrial ruling.

3.  <u>The Government's Motion to Preclude the Defense from Challenging the Credibility of Individuals Who Are Not Witnesses At Trial (Dkt. 173 § V)</u>.  At the Pretrial Conference, the Court noted that challenges to the credibility of individuals who are not witnesses at trial may be irrelevant and prejudicial, but asked the parties to provide more specific information.

The Government further specifies that its motion pertains, but is not limited to (1) victims who are not testifying at trial, including those discussed in the defendant's briefing (Dkt. 116 at 48 (defense motion discussing Evelyn Yang and Marissa Hoechstetter)) and those who have spoken publicly about the defendant's abuse; and (2) attorneys who represent or have represented victims of the defendant's sexual abuse, including Anthony DiPietro, Esq.[1]

The Defense notes that it has no intention of calling into question the credibility of individuals who are not witnesses at trial.

4.  <u>The Government's Motion to Preclude the Defendant From Offering His Own Prior Statements, Including His Treatment Notes (Dkt. 173 § VI)</u>.  The Court asked the parties to provide specific notes or statements of the defendant that they propose to admit.

The Government's Response: The Government understood the Court to request medical records from the defense containing the defendant's treatment notes so that the Court could make a ruling on the Government's motion to preclude the defendant's out-of-court statements in any treatment notes as inadmissible hearsay.  (Dkt. 173 § VI).  Separate and apart from the Government's motion, the Government notes that it may offer notes made by the defendant as statements of an opposing party under Rule 801(d)(2)(A).  The Government's exhibits containing the defendant's treatment notes do not implicate the hearsay issues raised in the Government's motion because, when offered by the Government, the defendant's statements are admissible as statements of a party opponent under Rule 801(d)(2)(A).  Nevertheless, for the Court's awareness, the Government provides one example of such treatment notes to the Court as Exhibit B to this letter (the document is marked for identification for trial purposes as Government Exhibit 302-01A), which the Government respectfully submits under seal because it includes Victim-1's personal identifying information.  The Government plans to provide copies to the Court of all of its exhibits prior to trial.  The Government notes that the parties have been conferring and engaging with respect to questions each party has about the other party's exhibits, and the Government intends to continue such discussions with the defense.

The Defense's Response: The Defense notes that unless and until the Government specifies (a) which patients it actually intends to call as witnesses at trial, (b) which portions of the medical records it intends to seek admission of on its direct case (which it has not done to date, except one

---

[1] The Government understands that counsel for Mr. DiPietro plans to file a motion to quash a trial subpoena issued by the defense.  (Dkt. 212).  As the Government will set forth in its response to that anticipated motion, the Government believes that the testimony of Mr. DiPietro should be precluded in its entirety.  The Defense notes that it has brought to the attention of counsel for Mr. DiPietro that it understands that counsel may have a conflict due to a prior representation.

page, which it attaches here as Exhibit B) from among the thousands of pages of medical records currently identified as Government Exhibits, and (c) what theories of culpability it intends to pursue on its direct case, it is not possible for the Defense to identify which notes in the medical records it may want to use on cross-examination, nor which additional medical records might be required to be admitted under the rule of completeness. *See* Fed. R. Evid. 106.

In addition, the Defense should not be required to disclose to the Government in advance of – let alone ten days before – trial which exhibits it is considering using in cross-examination, nor should the Defense be limited to using only those exhibits it is currently able to identify without having heard the Government's direct case or knowing which exhibits the Government plans to introduce.  Any such requirement or limitation on cross-examination exhibits would impinge on the defendant's Confrontation Clause rights.  Indeed, and likely because of this Confrontation Clause concern, what the Government sought in its motion was the opportunity to review and seek a ruling by the Court, where appropriate, on any prior statements of the Defendant before they are used on cross-examination.  Dkt. 173, Section VI.  The Government did not seek a blanket ruling from the Court in advance of its direct case, nor did it ask that the Defense be required to identify specific statements at this stage of the case.  *Id.*

So that the Court may have a sense of what type of medical record evidence the Defense may seek to introduce on cross examination, the Defense requests permission to file on Monday, January 2, 2023 an *ex parte* sealed letter providing examples of how we might seek to use statements from the medical records at trial.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

by: s/_____
     Jane Kim / Paul M. Monteleoni / Lara Pomerantz
     Assistant United States Attorneys
     (212) 637-2038 / 2219 / 2343

cc:     Defense Counsel (By Email and ECF)