# Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

---

January 3, 2023

<u>By ECF and E-Mail</u>

Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

      Re:    *United States v. Robert Hadden*, 20 Cr. 468 (RMB)
             ***Motion to Exclude Government Expert Lisa Rocchio***

Dear Judge Berman,

The government informed the defense this afternoon that even though the defense no longer plans to call its defense memory expert, Dr. Charles Goodsell, the government still intends to call Dr. Lisa Rocchio, whom the government had previously noticed solely as a rebuttal expert. Because we just learned that the government now intends to call Dr. Rocchio in its case-in-chief, and given that jury selection begins tomorrow morning, we are simultaneously seeking the Court's permission to file this motion *in limine* to exclude the testimony of Dr. Rocchio and including the motion itself below for the Court's convenience, should the Court permit the motion.

**Procedural History**

This Court set January 3, 2022, as the deadline for government expert notice and January 17, 2022, as the deadline for defense expert notice. Consistent with those deadlines, the government served expert notice in this case on January 3, 2022 (noticing Dr. Keith Eddleman and two FBI agents whom it no longer plans to call to provide expert testimony). The defense responded with its expert notice on January 17, 2022. In relevant part, the defense indicated we would seek to call Dr. Charles Goodsell as an expert on memory. On July 18, 2022, the government moved to exclude Dr. Goodsell's testimony. After that motion was fully briefed, but not yet ruled on by the Court, on October 13, 2022, the government served notice that "in the event the Court permitted Dr. Goodsell to testify" it would seek to call Dr. Rocchio as an expert (Government Letter dated October 13, 2022, attached hereto as Ex. A). Although the Court

1

permitted Dr. Goodsell to testify in its Order at the pretrial conference on December 29, 2022, the defense advised the government today that it would not be calling Dr. Goodsell.  The government responded that it intended to call Dr. Rocchio in its case-in chief regardless.

### The Court Should Exclude Dr. Rocchio's Testimony

First, Dr. Rocchio's testimony should be excluded on strictly procedural grounds.  No notice that she would testify as part of the government's case-in-chief was ever served. The defense naturally understood that Dr. Rocchio was solely a rebuttal witness, given that notice was only served of her testimony 10 months after the Court's deadline for expert disclosure, and that notice stated it would only call her if Dr. Goodsell testified.  Although the Court has permitted Dr. Goodsell's testimony, the government's case has changed dramatically since the defense served notice that it would call Dr. Goodsell.  The government has moved to dismiss four out of eight indicted counts – dismissing two counts as recently as today --and has dramatically narrowed its request to call witnesses pursuant to Fed. R. Evid. 404(b) and 413. Accordingly, the defense has withdrawn its expert notice based on these changes in the government's case; much of the testimony concerning which the defense believed Dr. Goodsell's expertise was most relevant will not be presented.  The government should not be permitted to switch its rebuttal witness to part of its case-in-chief the night before jury selection begins.

Importantly, absent defense testimony concerning the role of memory, Dr. Rocchio's testimony could only serve to bolster improperly the credibility of the trial testimony of its witnesses and unduly invade the province of the jury.  According to the government's notice, it expects Dr. Rocchio to testify about the following:

> Relationships of trust can develop between a doctor and his patients over the course of a doctor's treatment of his patients due to a variety of factors, including but not limited to the power differential inherent within the doctor-patient relationship; reliance on the doctor's authority, profession, expertise, education, and medical training; the institution with which the doctor is affiliated; the nature of the medical care and medical advice provided; vulnerabilities associated with seeking medical care; and the patient's background and experiences. Relationships of trust, including those between a doctor and a patient, can contribute to difficulties with the patient's recognition of experiences of abuse, labeling it as abuse, and disclosing it to others. The fact that a patient may be reliant on the physician for ongoing medical care may also contribute to and exacerbate such difficulties. Victims in relationships of trust therefore may not identify themselves as victims of abuse, and victims who are sexually abused by their doctors in particular may not recognize certain acts as abuse because they are committed during the course of purported medical care, may question whether what they experienced was abuse, may not identify themselves as victims of abuse while the abuse is ongoing or after it has ended, and may not recognize the consequences of that abuse until a later point. Dr. Rocchio is also expected to testify that delayed disclosure—which refers to disclosing sexual abuse at a time after the abuse has occurred—is common among victims of sexual abuse for a variety of reasons,

including but not limited to confusion, fear of backlash, self-blame, shame, difficulty labeling the experience as abuse, fear of not being believed, lack of access to alternative sources of medical care, and the relationship with the perpetrator. Memory and disclosure of traumatic or abusive events is impacted by a number of factors, including but not limited to the circumstances surrounding the trauma and the details that the victim assigned importance to and attended to during the assault. Dr. Rocchio has not evaluated any specific victim in this case, and the Government does not presently intend to offer Dr. Rocchio's testimony regarding any specific victim.

(Ex. A.)  The government has indicated it no longer intends to ask Dr. Rocchio about memory, but would seek to call her in its case-in-chief as to the remaining issues outlined above.

Absent expert testimony about memory, the testimony outlined above is entirely within the ken of the average juror.   Jurors understand, for example, that doctors and patients sometimes have "relationships of trust"; that there are "vulnerabilities associated with seeking medical care" and that someone may be reluctant to identify abuse from someone they trust.  Nor does the jury need an expert to explain that a patient might be more likely to trust a doctor from a prestigious institution.  Jurors are also well aware that sexual abuse often happens in settings characterized by trust and that reports of abuse in such settings might be delayed given the frequency of belated reports of abuse within families, schools, religious settings, and so on.  It will also be obvious, given that Mr. Hadden was a gynecologist, that a patient "may not recognize certain acts as abuse because they are committed during the course of purported medical care."  The witnesses will all testify to the circumstances of the alleged abuse.  The fact that Mr. Hadden's role may have left them doubting themselves in a way they would not have had the abuse occurred in another context will be self-evident and intuitive.  The patient-witnesses will also corroborate each other on these points.

All of the proposed testimony should be excluded.  If the expert's "opinion is one that the jury could reach with their own 'common knowledge and common sense,' no expert testimony is warranted." *United States v. Mulder*, 273 F.3d 91, 101 (2d Cir. 2001) (explaining that "the district court should not admit testimony that is 'directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help'" (quoting *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991))).

Had the defense decided to introduce expert testimony concerning memory, in effect impeaching the veracity of the witnesses' recollections with expert testimony about their delay in disclosing the abuse, we might have opened the door to some of the above.  But in the absence of such an attack, Dr. Rocchio's testimony should be excluded because it serves only to bolster witnesses' credibility and risks, because it is premised entirely on the assumption the alleged abuse occurred, directly or indirectly giving an opinion as to whether the alleged abusive incidents did in fact occur   Judge Kaplan recently limited expert testimony by Dr. Rocchio on precisely this basis, ruling that

> The credibility of witnesses is exclusively for the determination of the jury. It is not a proper subject of expert testimony. Nor are legal conclusions. Accordingly, Dr. Rocchio shall not, directly or indirectly, give any opinion as to the credibility of the plaintiff or any other witness, whether the alleged incident did or did not occur, or whether any other circumstances support or undermine any view on either of those matters. By essentially parity of reasoning, she will not be permitted, directly or indirectly, to express herself in legal conclusions as, for example, by referring to the defendant's alleged conduct as a "sexual assault."

*Anthony Rapp v. Kevin Spacey Fowler*, 20-cv-09586 (LAK), ECF 282 (Mem. & Order) (filed Oct. 4, 2022) (internal quotations and citations omitted) (attached as Exhibit B).

While Dr. Rocchio's testimony was permitted in *United States v. Maxwell*, the testimony in that case was decidedly different. *United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 5283951, at *4 (S.D.N.Y. Nov. 11, 2021). The defendant in that case was not the victims' doctor, a known and obvious power dynamic which makes such "expert" testimony entirely unnecessary. In *Maxwell*, because the abuse charged there was perpetrated on minors by adult acquaintances, Dr. Rocchio was allowed to testify concerning (1) use of manipulation or coercion, often referred to as grooming, to make a minor vulnerable to abuse; (2) how grooming can prevent the minor from understanding their experience as abuse; (3) the long-term psychological consequences of abuse (which the Court deemed relevant only if the witnesses were impeached about their substance abuse) and (4) that delayed disclosure and secrecy are common among victims of sexual abuse and that memory can be affected by trauma (which again the Court deemed relevant only if the witnesses were impeached as to why their disclosures were delayed or memories hazy). *See id.*

The testimony permitted in *Maxwell* does not overlap with the testimony the government proposes to introduce here. The government has not given notice of any intention by Dr. Rocchio to talk about grooming in this case, presumably because the dynamic of trust, as well as Mr. Hadden's power over his patients, as well as their vulnerability, is all self-evident based on the facts alleged. Dr. Rocchio will thus simply echo the patients' testimony about common sense matters and invade the province of the jury in evaluating credibility and in applying their common sense to this situation.

It bears repeating that the defendant's late withdrawal of expert notice comes in the context of dramatic changes in the government's case. We learned only this morning that the government was withdrawing an additional two indicted victims and an additional three Rule 404(b)/413 witnesses, in addition to the other two indicted victims and other eight 404(b)/413 witnesses the government withdrew just two weeks ago. The defense had deemed the memory testimony most significant as to these newly-withdrawn witnesses.

At a minimum, the defense requests that the Court preclude the government from mentioning Dr. Rocchio in its opening statement and defer ruling on the admissibility of her testimony until it has heard from all or at least most of the government's other witnesses and is

in a better position to determine the relevancy of Dr. Rocchio's testimony, and its proper scope, if permitted.

Respectfully submitted,
/s/
Deirdre D. von Dornum
Michael D. Weil
Kathryn Wozencroft
Attorneys for Robert Hadden

cc:    Counsel of Record
        Robert Hadden