```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ANTHONY RAPP,

                               Plaintiff,

        -against-                                                           20-cv-9586 (LAK)

KEVIN SPACEY FOWLER,

                               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM AND ORDER ON CERTAIN MOTIONS *IN LIMINE*

LEWIS A. KAPLAN, *District Judge*.

        Defendant has filed four new motions *in limine* entitled in part Nos. 2 through 5. Although the Court may expand on the bases for these pre-trial rulings in the event of a verdict for the plaintiff, these pending motions are disposed of as follows.

*Motion No. 2*

        Federal Rule of Evidence 412(a) provides that "evidence offered to prove that a victim engaged in other sexual behavior" is not admissible in cases involving "alleged sexual misconduct." Rule 412(b)(2), however, creates an exception to this general rule in civil cases if the court determines that the probative value of the alleged victim's behavior "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."

        Plaintiff in this case alleges that defendant engaged in sexual misconduct and seeks potentially tens of millions of dollars in damages on the basis that the alleged misconduct caused plaintiff to sustain psychological injuries of various kinds, incur medical expenses, and abstain from

some of his vocational duties. He proposes to rely heavily on the expert testimony of a psychologist, whose report expresses the opinion, *inter alia*, that the plaintiff "is currently experiencing Posttraumatic Stress Disorder (PTSD), in response to this sexual assault [and] currently meets the full DSM 5 diagnostic criteria for Posttraumatic Stress Disorder, with *the identified Criterion A stressor being the alleged sexual assault by Mr. Spacey.*" Dkt. 233-5, at 20 (emphasis added).

Defendant proposes to offer evidence of six events of a sexual nature in Mr. Rapp's life behavior before and after the alleged incident which, Mr. Fowler contends, caused – in whole or in part – any emotional distress and PTSD from which plaintiff suffers now, suffered in the past, and may suffer in the future. Plaintiff counters that all six encounters were "either consensual or non-traumatic" and that defendant has offered no evidence that any of the six "caused Mr. Rapp any emotional trauma at all." Dkt. 272, at 1.

Two of the six events at issue, described at pages 4 and 6 of plaintiff's memorandum, occurred among peers at young ages and are without any indication of conduct that was not mutually voluntary. A third, described at page 5, is extraordinarily vague. In none of these three cases, nor in the case of a fourth incident described at pages 11 and 12 and a fifth described at pages 9 and 10, has defendant sustained his burden under Rule 412(b)(2).

The remaining incident, described at pages 7 though 9 of plaintiff's's memorandum, is another matter. While it involved what Mr. Rapp has described as a consensual interaction with a then fellow high school student, the episode left Mr. Rapp frightened that others would learn of the incident. When he encountered the other participant at a party years later, Mr. Rapp was "shocked and rattled." While Mr. Rapp testified at deposition that it was difficult to say that he was "traumatized" by the subsequent encounter, the jury reasonably might credit or disbelieve that assertion. Depending on the jury's view of all the evidence, the incident could prove significant on

3

the issue of causation of any emotional distress, the claim of which is at the heart of plaintiff's case. There would be no harm to the evidence coming in because Mr. Rapp reportedly discussed the incident in a book he published and at least in one prior interview. And I see no unfair prejudice to either party from this incident coming into evidence.

Accordingly, defendant's *in limine* motion no. 2 is granted with respect to the incident described at pages 7 through 9 and otherwise denied.

*Motion No. 3*

Defendant seeks to place four limitations on the testimony of Dr. Rocchio, plaintiff's psychologist: foreclosure of (1) comments, direct or indirect, on the credibility of plaintiff or other evidence, including whether the alleged incident actually occurred, (2) testimony concerning legal conclusions, (3) an unnecessary narrative based on hearsay or other evidence of which Dr. Rocchio has no personal knowledge, and (4) opinions not set forth in her written report.

Defendant's first and second points, as a general matter, are virtually indisputable. "The credibility of witnesses is exclusively for the determination [of] the jury[.]"[1] It is not a proper subject of expert testimony. Nor are legal conclusions.[2] Accordingly, Dr. Rocchio shall not, directly or indirectly, give any opinion as to the credibility of the plaintiff or any other witness, whether the alleged incident did or did not occur, or whether any other circumstances support or undermine any view on either of those matters. By essentially parity of reasoning, she will not be permitted, directly or indirectly, to express herself in legal conclusions as, for example, by referring

---

[1] *United States v. Scop,* 846 F.2d 135, 142 (2d Cir. 1988).

[2] *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir. 1992); *Scop,* 846 F.2d at 140.

to the defendant's alleged conduct as a "sexual assault." This ruling, however, does not preclude plaintiff's counsel from examining Dr. Rocchio on the basis of hypothetical questions that call upon her to assume evidentiary facts and from eliciting otherwise appropriate opinions within the scope of her expertise and her report. Nor does it foreclose her from expressing the opinion that plaintiff's symptoms or mental status are consistent with those of someone who has suffered a particular type of abuse.

The third point trenches upon a slightly murkier area. Experts often may be permitted to explain the bases for their opinions, subject to some qualifications. But there is a line, not always clearly delimited, where experts sometimes pass from appropriate explanations of the bases for their opinions to conduits for circumventing the rules on hearsay.[3] Attempting to draw that line in the abstract in advance of the trial would be inappropriate. So too would be attempting to generalize as to whether proposed testimony that has not yet even been described in general goes beyond the scope of the expert's report. The Court declines to do either here.

The Clerk shall terminate Dkts 231 and 255.

SO ORDERED.

Dated:   October 4, 2022

_____
Lewis A. Kaplan
United States District Judge

---

[3] *See, e.g., United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008).