

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 4, 2023

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>United States v. Robert Hadden</u>, S2 20 Cr. 468 (RMB)

Dear Judge Berman:

      The Government respectfully submits the following letter in response to the defendant's motion to preclude the testimony of Dr. Lisa Rocchio.

**I.    The Defendant's Procedural Objection is Meritless**

      The defendant first objects, without citation to any authority, that Dr. Rocchio's testimony should be excluded "strictly on procedural grounds." (Letter at 2). This argument is meritless.

      The Government's expert notice regarding Dr. Rocchio was served on the defense on October 13, 2022, nearly two months in advance of trial. Notice provided this far in advance of trial is clearly sufficient under existing practice and precedent in this District. *See, e.g.*, *United States v. Kidd*, 385 F. Supp. 3d 259, 262 (S.D.N.Y. 2019) (notice provided one month before trial, with change of expert nearly three weeks before trial found sufficient); *United States v. Ojeikere*, No. 03 Cr. 581 (JGK), 2005 WL 425492, at *8 (S.D.N.Y. Feb. 18, 2005) (ordering expert notice be provided one month before trial); *United States v. Lino*, 2001 WL 8356, at *21 (S.D.N.Y. Jan. 2, 2001) (30 days); *United States v. Pirro*, 76 F. Supp. 2d 478, 488 (S.D.N.Y. 1999) (15 days). Indeed, the defendant has not previously argued that this notice was untimely or otherwise deficient.[1]

      To be sure, the Government's notice regarding Dr. Rocchio indicated that she would be called as a rebuttal witness in the event the Court permitted the defense expert, Dr. Charles Goodsell, to testify about memory-related issues. This qualifier, and the defense's eleventh-hour decision not to call Dr. Goodsell despite the Court's ruling permitting his testimony, do not render the Government's notice deficient or otherwise sustain the defendant's procedural objection. The

---

[1] In its letter, the defense emphasizes that the Court's initial deadline for the Government's expert disclosures was January 3, 2022. But that deadline was set at a time when the trial was scheduled for March 21, 2022 (Dkt. 131). The trial was subsequently adjourned, and as noted, the defense made no objections to the timeliness of the Government's October 13, 2022 disclosure until last night.

purpose of Rule 16's expert notice requirement is to "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, advisory committee notes, 1993 amendment.[2] Dr. Rocchio's proposed testimony is no surprise, and the defense has had an ample opportunity to prepare for it.

Until yesterday, the day before jury selection began, the Government understood that the defense was in fact calling Dr. Goodsell to testify. The defense clearly was expecting to call Dr. Goodsell to testify as recently as December 29, 2022, when the Court resolved the motion *in limine* regarding his testimony.[3] The defense therefore must have been preparing to cross-examine Dr. Rocchio at least until that time. In addition to the notice provided nearly two months ago, the Government has made productions of notes reflecting Dr. Rocchio's statements during several interviews in preparation for trial—clearly indicating that she would be testifying at the trial. While the defense is entitled to decide not to call a witness shortly before trial, the defense's own change of plans cannot be used to manufacture a claim that the defense is prejudiced by the Government calling a witness that the defense has known about and presumably been preparing to cross-examine for months.

## II. Dr. Rocchio's Testimony is Admissible

### A. Applicable Law

Federal Rule of Evidence 702 governs the admissibility of expert testimony. That rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

---

[2] The parties previously agreed that no changes to their respective expert notices were necessary after the most recent amendments to Rule 16's notice requirements became effective on December 1, 2022 (to the extent such amendments would even apply to a case so close to trial on the effective date).

[3] Moreover, the defendant's letter indicates that the decision not to call Dr. Goodsell was made in response to the Government's notice of certain witnesses it did not intend to call, which notice was given yesterday. (Dkt. 222 at 2). Accordingly, the defendant was apparently planning to call Dr. Goodsell—and therefore to cross-examine Rocchio—until yesterday.

>(d) the expert has reliably applied the principles and methods to the facts of the case.

The Court exercises a "gatekeeper function" in assessing the admissibility of expert testimony. *Restivo v. Hessemann*, 846 F.3d 547, 575 (2d Cir. 2017). To determine whether an expert's method is reliable, the Court considers the non-exhaustive list provided by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), including whether the expert's method has been tested, whether it has been subjected to peer review, the rate of error, standards controlling the method's operation, and whether the method is accepted by the expert community. *Kidd*, 385 F. Supp. 3d at 263 (citing *Daubert*, 509 U.S. at 593–94).

Rule 702 ultimately sets a "liberal" and "permissive" standard of admissibility. *Nimely v. City of New York*, 414 F.3d 381, 395–96 (2d Cir. 2005). In particular, not every expert admissible under *Daubert* need rely on a method that conforms with "the exactness of hard science methodologies." *E.E.O.C. v. Bloomberg L.P.*, No. 07-CV-8383 (LAP), 2010 WL 3466370, at *13–14 (S.D.N.Y. Aug. 31, 2010) (quoting *United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006)).

**B.  Discussion**

Dr. Rocchio's testimony is plainly admissible, for the reasons stated by Judge Nathan in her thorough opinion admitting similar testimony from Dr. Rocchio in *United States v. Maxwell*, 20 Cr. 330 (AJN), 2021 WL 5283951 (S.D.N.Y. Nov. 11, 2021).[4] In *Maxwell*, in which the defendant was an adult woman accused of facilitating the sexual abuse of minor girls by an adult man, the Government proffered that Dr. Rocchio would offer several expert opinions regarding sexual abuse in the context of relationships of trust and attachment. Most relevant here are the first, second and fifth opinions described in that decision: (a) that perpetrators of sexual abuse of minors frequently use manipulation or coercion short of physical force as a pattern to render a minor vulnerable to abuse, (b) that manipulation can prevent minor victims of sexual abuse from understanding their experience as abuse and so prevent disclosure, and (c) that nondisclosure, incremental disclosure, and secrecy are common among victims of sexual abuse. *Id.* at *2. Judge Nathan admitted these opinions.

First, Judge Nathan found that Dr. Rocchio was qualified as an expert, given, *inter alia*, her extensive experience, publication of peer-reviewed articles, and credible testimony at a hearing. *Id.* at *2. Here, as in *Maxwell*, the defendant does not dispute Dr. Rocchio's qualifications.

Next, Judge Nathan found that Dr. Rocchio's method is reliable and well-accepted in her profession, citing numerous decisions from courts in this circuit that have admitted the testimony of similar experts. *Id.* at *2 (collecting cases). Judge Nathan also found that Dr. Rocchio's opinions were relevant to the Government's case against Maxwell. In so doing, Judge Nathan specifically considered the principles—stressed by the defense here—that an expert opinion cannot comment on witness credibility and must not consist of opinions jurors can reach with their own common knowledge and common sense. *Id.* at *4.

---

[4] Judge Nathan precluded one opinion not relevant here—that grooming can be done to facilitate sexual abuse by a third party. *Id.* at *5. The Government does not propose to elicit that opinion here.

There, as here, the Government made clear that Dr. Rocchio would not be testifying as to any witness's credibility, but rather would be testifying about general principles. *Id.* at *5. And as Judge Nathan found, those general principles were in fact helpful to the jury. For example, Dr. Rocchio's opinion that manipulation could prevent victims from understanding their experience as abuse would "assist the jury in assessing evidence that some alleged victims repeatedly interacted with Jeffrey Epstein, seemingly voluntarily, even after they suffered abuse." *Id.* Here, such testimony would help the jury in assessing evidence that some of Hadden's victims returned to him even after being abused. In addition, Judge Nathan found that Dr. Rocchio's testimony about delayed disclosure was relevant in light of anticipated defense arguments regarding delayed disclosure by the victims in that case. *Id.* Here, the defense has similarly previewed that it will impeach victims based on their alleged non-disclosure or delayed disclosure of sexual abuse by Hadden (*see, e.g.*, Dkt. 174 at 23 (noting possibility of defense references to patients "failing to report their allegations contemporaneously")), and thus Dr. Rocchio's testimony will be similarly relevant. As Judge Nathan found, such testimony would assist the jury in understanding concepts that are "outside the ken of the average person" without "directing the jury to reach any conclusion on a witness's credibility." *Maxwell*, 2021 WL 5283951 at *5.

The defense's attempts to distinguish *Maxwell* are unavailing. The defense notes that the relationship of trust at issue in *Maxwell* was adult-minor, whereas this case concerns doctor-patient relationships, and argues that the latter includes a "known and obvious power dynamic which makes such 'expert' testimony entirely unnecessary." (Letter at 4; *see also id.* at 3 ("[j]urors understand . . . that doctors and patients sometimes have 'relationships of trust'"). But the utility of Dr. Rocchio's testimony is not simply that doctor-patient relationships are ones of trust, just as the utility of her testimony in *Maxwell* was not simply that adult-minor relationships are often ones of trust. Dr. Rocchio's opinion is helpful to the jury because it explains how such relationships of trust can affect victims of sexual abuse, including by making it difficult for victims to recognize their experience as abuse. This is precisely the opinion Judge Nathan found to be outside the ken of the average juror. *Maxwell*, 2021 WL 5283951, at *4. And the defense's argument that "[j]urors are also well aware that . . . reports of abuse in [settings characterized by trust] might be delayed" (Letter at 3) is squarely refuted by Judge Nathan's decision. *See Maxwell*, 2021 WL 5283951, at *4 (Dr. Rocchio's "opinion about delayed disclosure [is] 'outside the ken of the average person'").

The defense's citation to a recent decision regarding Dr. Rocchio's testimony in another matter is equally unavailing. In that case, Judge Kaplan merely repeated the "virtually indisputable" proposition that an expert witness cannot opine on the credibility of a witness. *See Rapp v. Fowler*, 20 Civ. 09856 (LAK) (opinion attached to defense letter). Judge Nathan made the same point in *Maxwell*. *See* 2021 WL 5283951, at *4. But she then explained that Dr. Rocchio's opinion about general principles was not an improper comment on the credibility of any witness. So too here, where Dr. Rocchio, as in *Maxwell*, will not testify about or review any evidence regarding any individual witness.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's motion to preclude Dr. Roccio's testimony.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

by: s/_____
     Jane Kim
     Paul M. Monteleoni
     Lara Pomerantz
     Assistant United States Attorneys
     (212) 637-2038 / 2219 / 2343

cc:    Defense Counsel (By Email and ECF)