UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    *-v.-*

ROBERT HADDEN,

                  Defendant.

S2 20 Cr. 468 (RMB)

---

## [PROPOSED] JOINT REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Jane Kim
Lara Pomerantz
Paul Monteleoni
Assistant United States Attorneys
- Of Counsel -

Deirdre D. von Dornum, Esq.
Michael Weil, Esq.
Kathryn Wozencroft, Esq.
Federal Defenders of New York

**Table of Contents**

GENERAL INSTRUCTIONS ............................................................................................... 2

   Role of the Court ............................................................................................................. 2

   Role of the Jury; Jury's Recollection Controls ............................................................. 3

   Indictment is Not Evidence ............................................................................................ 5

   What is Evidence ............................................................................................................ 6

   Rulings on Evidence and Objections ............................................................................. 7

   What is Not Evidence ..................................................................................................... 8

   Presumption of Innocence and Burden of Proof ........................................................... 9

   Reasonable Doubt ......................................................................................................... 10

   Improper Considerations ............................................................................................... 12

   Sympathy: Oath as Jurors ............................................................................................. 13

   All Parties Equal Before the Law ................................................................................ 14

THE CHARGES ............................................................................................................... 15

   Summary of the Indictment .......................................................................................... 15

   Defense Request -- Theory of Defense Charge ........................................................... 19

   Multiple Counts ............................................................................................................ 21

   Time of the Offense ...................................................................................................... 22

   Counts One through Four: The Statute and the Elements of the Offense ..................... 23

   Counts One through Four: First Element – Knowing Persuasion, Inducement, Enticement, or Coercion ...................................................................................................................... 24

   Counts One through Four: Second Element – Interstate Travel ................................... 28

   Counts One through Four: Third Element – Intent to Engage in Unlawful Sexual Activity .... 29

   Count Three: Third Element – Violations of New York Law ....................................... 31

   Counts One, Two, and Four: Third Element – Violations of New York Law .................. 34

   Counts One through Four – Failure to Accomplish Intended Activity is Immaterial ............. 36

   Government Request -- Attempt .................................................................................... 37

   Venue ............................................................................................................................ 39

OTHER INSTRUCTIONS ................................................................................................ 41

   Direct and Circumstantial Evidence ............................................................................ 41

   Inferences ...................................................................................................................... 43

   Credibility of Witnesses ............................................................................................... 45

   Defense Request – Number of Witnesses .................................................................... 49

i

Expert Testimony...........................................................................................................50

Government Request – Uncalled Witnesses – Equally Available to Both Sides ...................51

Similar Acts / Rule 413 and 404(b) Evidence .....................................................................52

The Defendant's Guilty Plea................................................................................................55

Defendant's Right Not To Testify .......................................................................................57

Government Request -- Particular Investigative Techniques Not Required...........................58

Persons Not At Trial ...........................................................................................................60

Long-Term Impact on Victims ............................................................................................61

Punishment Not To Be Considered by Jury..........................................................................63

Stipulations ........................................................................................................................65

Charts and Summaries Not Admitted Into Evidence............................................................66

Redaction of Evidentiary Items ..........................................................................................67

Contact with Others/Social Media/Publicity .......................................................................68

Right to See Exhibits and Hear Testimony; Juror Note-Taking............................................69

Duty to Consult and Need for Unanimity ............................................................................70

Selection of Foreperson ......................................................................................................72

Return of Verdict ................................................................................................................73

CONCLUDING REMARKS.................................................................................................74

## [PROPOSED] JOINT REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully submit the following proposed jury instructions.  Where the parties disagree as to particular instructions, the Government's position is indicated in **blue**, and the defendant's position is indicated in **green**.

The parties respectfully reserve the right to make supplemental requests to charge based on the evidence and arguments offered at trial.

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, **just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.**

On these legal matters, you must take the law as I give it to you.  If any attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions (along with a Verdict Sheet to be filled out) to take with you into the jury room. Your decision (verdict) must be unanimous.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB) and in *United States v. Atilla*, 15 Cr. 867 (RMB).

2

**Role of the Jury; Jury's Recollection Controls**

Your role is to consider and decide the fact issues in this case.  You, the members of the jury, are the sole and exclusive determiners of the facts.  You pass upon the weight of evidence or lack of evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own independent recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence.  Nor should anything I may have said during the trial or may say during these instructions about a fact issue replace your own independent recollection.  What I say is not evidence.  In this connection, remember that a question put to a witness is never evidence.  Only the answer is evidence.  But you may not consider any answer as to which I sustained an objection or that I directed you to disregard or that I directed be struck from the record.

If there is any difference or contradiction between what any lawyer has said in their arguments to you and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence, not the lawyers' and not mine, that controls.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict

you should render in this case, and that if you nevertheless believe I did convey an opinion, you should not in any way follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be.  I will later discuss with you how to evaluate the credibility of the witnesses.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB) and in *United States v. Atilla*, 15 Cr. 867 (RMB).

**Indictment is Not Evidence**

The Defendant, Robert Hadden, has been formally charged in what is called an "Indictment."  As I instructed you at the outset of this trial, the Indictment is simply a charge or accusation in writing. It is not evidence.  It is not proof of Mr. Hadden's guilt. It creates no presumption and it permits no inference that Mr. Hadden is guilty.  Mr. Hadden begins trial with an absolutely clean slate and without any evidence against him.  You must give no weight to the fact that an Indictment has been returned against Mr. Hadden.

> Charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

**What is Evidence**

The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of witnesses, on both direct and cross-examination; (2) the **documents and** exhibits that were received in evidence; and (3) any stipulations of testimony or stipulations of other facts. Nothing else is evidence.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB) and in *United States v. Atilla*, 15 Cr. 867 (RMB).

## Rulings on Evidence and Objections

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not be swayed for or against either side simply because counsel for any party has chosen to make an objection.  Nor should you be swayed by any ruling I made on an objection.  Whether or not I may have sustained more objections for one side or the other has no bearing on your function to consider all of the evidence that was admitted.

Further, do not concern yourself with what was said at sidebar conferences or during my discussions with counsel.  Nor does it make any difference whether any lawyer or I asked for a sidebar conference.  Those discussions related to rulings of law and not to matters of fact.

At times I may have admonished a lawyer or witness, or directed a witness to keep his or her voice up.  At times I may have questioned a witness myself or made comments to a lawyer. Any questions that I asked, or instructions or comments that I gave, were intended only to move things along or to clarify the presentation of evidence and to bring out something which I thought was unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  This is entirely your role.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB) and in *United States v. Atilla*, 15 Cr. 867 (RMB).

**What is Not Evidence**

The following things are not evidence and you should disregard them in determining the facts:

- Arguments and statements by the lawyers are not evidence.

- Questions put to the witnesses, standing alone, are not evidence.

- Objections to the questions or to offered exhibits are not evidence.

- **Obviously**, anything you may have seen or heard outside the courtroom is not evidence.

## Presumption of Innocence and Burden of Proof

The Defendant has pleaded not guilty to the charges in the Indictment.  As a result of his plea of not guilty, the burden is on the prosecution (i.e., the Government) to prove the Defendant's guilt beyond a reasonable doubt.  This burden never shifts to the Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying himself or calling any witness or of locating or producing any evidence.  Even if the Defendant has presented evidence in his defense, the presumption of innocence remains with him and it is not his burden to prove that he is innocent.  It is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

The law presumes the Defendant to be innocent of the charges against him.  I, therefore, instruct you that the Defendant is to be presumed by you to be innocent when the trial began and throughout your deliberations and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit the Defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the Government fails to sustain its burden as to a charge against the Defendant, you must find him not guilty.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB) and in *United States v. Atilla*, 15 Cr. 867 (RMB).

## Reasonable Doubt

The question that naturally arises is: "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  Reasonable doubt is not whim or speculation.  It is not an excuse to avoid an unpleasant duty.  Nor is it sympathy for the defendant.  "Beyond a reasonable doubt" does not mean **mathematical certainty,[1] or** proof beyond all possible doubt.  The law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.  Therefore, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt as to any crime charged in this case, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict the defendant of the particular crime in question.

---

[1] **The Government's proposed instruction is based on the instruction given in *United States v. Maxwell*, 20 Cr. 330 (AJN), with the addition of the "mathematical certainty" instruction which is derived from Supreme Court precedent and has a long history in this Circuit.  *See, e.g.*, *United States v. Costello*, 221 F.2d 668, 671 (2d Cir. 1955) (Hand, J.) ("the prosecution must 'prove every element of the offense beyond a reasonable doubt though not to a mathematical certainty'" (quoting *Holland v. United States*, 348 U.S. 121 (1954))).  The Defense objects to the "mathematical certainty" instruction which this Court does not regularly give and which, in the words of Judge Sand "is basically a reductio ad absurdum argument that borders on the emotional, tends to minimize the government's burden, and does not actually serve the purpose of defining reasonable doubt for the jury." Sand et al., *Modern Federal Jury Instructions*, Comment on Instr. 1-4.**

On the other hand, if after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the defendant's guilt as to any charge, that you do not have an abiding belief of her guilt as to that charge—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstances it is your duty to acquit the defendant of that charge.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

**Improper Considerations**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the Government has the burden of proof, as I will discuss in a moment. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions. Finally, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Both the Government and Mr. Hadden are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

**Sympathy: Oath as Jurors**

Under your oath as jurors you are not to be swayed by sympathy or prejudice **or public opinion.**[2]  You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is:  Has the Government proven its case beyond a reasonable doubt?  You are to determine this solely on the basis of the evidence and subject to the law as I have charged you.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB) and in *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

---

[2] **The Government's position is that introducing "public opinion" into this instruction is not standard in this District and suggests to the jury that there is, in fact, a public opinion either way as to the defendant's guilt.  There has been minimal, if any, evidence presented at trial about press reports about the defendant's abuse.  There has been no evidence presented at trial about any talk shows or commercials run by civil counsel.  The Defense's position is that there is public opinion as to the defendant's guilt and it is expressed nightly on network television both on talk shows and on commercials run by civil counsel.**

**All Parties Equal Before the Law**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to this litigation.  By the same token, the Government is entitled to no less consideration.  All parties stand as equals at the bar of justice.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 440 (AJN).

## THE CHARGES

### Summary of the Indictment

The defendant, Robert Hadden, has been formally charged in what is called an Indictment. As I previously stated, the Indictment in this case is not evidence.

I will not read the entire Indictment to you.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

The Indictment contains four counts, or charges, against the defendant.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.  I am briefly going to summarize each count, and then will instruct you on the law in greater detail.

Each of the four counts of the Indictment charge Robert Hadden, the defendant, with knowingly persuading, inducing, enticing or coercing, or attempting to persuade, induce, entice, or coerce a particular individual to travel in interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense, or attempting to do so.

Count One relates to Victim-1, as referenced in the Indictment or the individual who testified at trial under the name Emily Anderson, and the time period is 2005 to 2012.  **Count One alleges that Mr. Hadden, the defendant, knowingly persuaded, induced, enticed, or coerced Victim-1 to travel in interstate commerce to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(a).[3]   Count One alleges that Mr. Hadden knowingly**

---

[3] **The Government's position is that the sentence in dispute in each paragraph describing each count of the Indictment is not necessary because the Court later provides detailed instructions as to each count.  However, if the description of each count is included, the Government's proposal summarizes the statutory allegations in the Indictment above.  Alternatively, if the Court intends to include further detail at this point, the Government**

persuaded, induced, enticed, and coerced Emily Anderson to travel to New York, New York, from another state to engage or attempt to engage in unlawful sexual activity with her, in violation of New York Penal Law Sections 130.52, 130.55 and 130.40, in violation of Title 18, United States Code, Section 2422(a).

Count Two relates to Victim-2, as referenced in the Indictment or the individual who testified at trial under the name Sara Stein, and the time period is 1998 to 2010. **Count Two alleges that Mr. Hadden, the defendant, knowingly persuaded, induced, enticed, or coerced Victim-2 to travel in interstate commerce to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(a).[4]** Count Two alleges that Mr. Hadden knowingly persuaded, induced, enticed, and coerced Sara Stein to travel to New York, New York,

---

proposes that the Court read the statutory allegations from the Indictment in full. The defendant's proposed language does not track the statutory language and inserts references to the New York Penal Code which—because these sections are not elements of the offense—is confusing and could be read to have the effect of improperly overstating the elements the Government must prove. The treatment of the New York Penal Code is dealt with, accurately, in the Government's proposed instructions on the elements of the counts below. As such, inserting shorthand references to it here is superfluous as well as confusing. The Government also notes that the defendant's proposal misstates the attempt theory, which relates to an attempt to induce travel. The defense's proposed language selectively quotes from the "to wit" clause of the Indictment. The Defendant's position is that the description of each count is necessary not only to provide the jury a roadmap of each count that will be individually explained in the following instructions but also because the Counts have different state law objects, so it is not sufficient to only give the Complaining Witness's name and the time period as to each. Further, the Defendant's proposed language as to each count quotes directly from the Indictment, with the exception of the substitution of the pseudonym under which the witness testified for "Victim". The New York Penal Code state law sexual offense is an element that the jury must determine, as discussed in greater detail below with respect to the Third Element.

[4] The Government's position, as noted in footnote 3, is that the defendant's proposed language deviates from the statutory language and inserts confusing references to the New York Penal Code. The Defendant's position, as noted above, is that its proposed language quotes directly from the Indictment as to each Count.

through another state to engage or attempt to engage in unlawful sexual activity with Sara Stein, in violation of New York Penal Law Sections 130.52, 130.55 and 130.40, in violation of Title 18, United States Code, Section 2422(a).

Count Three relates to Victim-3, as referenced in the Indictment or the individual who testified at trial under the name Melissa Taylor, and the time period is 2008 to 2009.  **Count Three alleges that Mr. Hadden knowingly persuaded, induced, enticed, or coerced Victim-3 to travel in interstate commerce to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(a).**[5]  Count Three alleges that Mr. Hadden knowingly induced, enticed, and coerced Melissa Taylor to travel to New York, New York, from another state to engage or attempt to engage in unlawful sexual activity with Melissa Taylor, in violation of New York Penal Law Sections 130.52 and 130.55, in violation of Title 18, United States Code, Section 2422(a).

Count Four relates to Victim-4, as referenced in the Indictment, or the individual who testified at trial under the name Kate Evans, and the time period is 2000 to 2011.  **Count Four alleges that Mr. Hadden, the defendant, knowingly persuaded, induced, enticed, or coerced Victim-4 to travel in interstate commerce to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(a).**[6]  Count Four alleges that Mr. Hadden knowingly

---

[5] **The Government's position, as noted in footnote 3, is that the defendant's proposed language deviates from the statutory language and inserts confusing references to the New York Penal Code.** The Defendant's position, as noted above, is that its proposed language quotes directly from the Indictment as to each Count.

[6] **The Government's position, as noted in footnote 3, is that the defendant's proposed language deviates from the statutory language and inserts confusing references to the New**

persuaded, induced, enticed, and coerced Kate Evans to travel to New York, New York, from

another state to engage or attempt to engage in unlawful sexual activity with Kate Evans, in

violation of New York Penal Law Sections 130.52, 130.55, and 130.40 in violation of Title 18,

United States Code, Section 2422(a).

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 81 (DLC); and Sand et al., *Modern Federal Jury Instructions*, Instr. 3-6.

---

York Penal Code. The Defendant's position, as noted above, is that its proposed language quotes directly from the Indictment as to each Count.

**Defense Request -- Theory of Defense Charge**

The defense asserts that Mr. Hadden did not induce, entice, persuade or coerce any of the four indicted victims to cross state lines for the purpose of sexually abusing them.  In addition, the defense asserts that Robert Hadden did not have the intent to sexually abuse any specific woman at the time he told them to come back for their next appointment.

### Defense Request – Consider Only The Charges

**The Defendant is not charged with committing any crime other than the offenses contained in the Indictment. You have heard evidence of other acts allegedly committed by the Defendant. When that evidence was introduced, I instructed you as to the purposes for which it is to be considered. I will explain those purposes again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purposes and you are only to return a verdict as to the charges contained in the Indictment.[7]**

> Sand et al., *Modern Federal Jury Instructions*, Instr. 3-3; the Charge of the Honorable Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL).

---

[7] **The Government's position is that the above charge is duplicative and inappropriate here where the Court is instructing the jury on the elements of the offense.  The instruction is also confusing in light of Rule 413 and the proposed instruction on "Similar Acts / Rule 413 and 404(b) Evidence."  To avoid confusion, discussion of similar act evidence should be confined to the similar act instruction.**

20

**Multiple Counts**

As I noted, the defendant is charged in four counts of the Indictment.  Each count charges the defendant with different criminal conduct.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.  Your verdict on any count should not control your decision on any other count.

You may only find Mr. Hadden guilty of a particular count if the Government has proven each element of the offense charged with respect to that count beyond a reasonable doubt.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

**Time of the Offense**

The Indictment alleges that certain conduct occurred on or about various dates or during various time periods.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly on such dates or throughout any such time periods.  As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.

**This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.**

> Adapted from the charge the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 81 (DLC); the charge of the Hon. P. Kevin Castel in *United States v. Walters*, 16 Cr. 338 (PKC); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW).

**Counts One through Four: The Statute and the Elements of the Offense**

I will now give you detailed instructions for the crimes charged in Counts One through Four of the Indictment.

Each of the four counts of the Indictment charges the defendant with violating the same statute: Section 2422(a) of Title 18 of the United States Code.  Section 2422(a) provides that "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate . . . commerce, or in any Territory or Possession of the United States, to engage in . . . in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so," is guilty of a federal crime.

To prove the defendant guilty of Counts One through Four, the Government must prove each of the following elements beyond a reasonable doubt as to each Count:

<u>First</u>, that the defendant knowingly persuaded or induced or enticed or coerced an individual to travel in interstate commerce;

<u>Second</u>, that the individual traveled in interstate commerce; and

<u>Third</u>, that the defendant acted with the intent that the individual would engage in sexual activity for which any person can be charged with a criminal offense under New York law, as alleged in the Indictment.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 81 (DLC); and Sand et al., *Modern Federal Jury Instructions*, Instr. 64-6.

### Counts One through Four: First Element – Knowing Persuasion, Inducement, Enticement, or Coercion

The first element that the Government must prove beyond a reasonable doubt as to each count of the Indictment is that the defendant knowingly persuaded or induced or enticed or coerced an individual to travel in interstate commerce.

The term "interstate commerce" means movement from one state to another state.  The term "State" includes a State of the United States and the District of Columbia.

#### "Knowingly" Defined

**The defendant must have acted knowingly.  The government must prove beyond a reasonable doubt that Mr. Hadden acted knowingly.**[8]  An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

Knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

#### "Persuaded," "Enticed," "Induced," "Coerced" Defined

**The terms "persuaded," "induced," "enticed," and "coerced" have their ordinary, everyday meanings.**[9]  **The other part of this first element that the Government must also**

---

[8] **The Government's position is that the Court has already instructed the jury that the Government must prove each element beyond a reasonable doubt.  It is not standard in this District to repeat the standard prior to introducing each element or defining terms within each element.  This repetition was not included in the *Maxwell* instruction.**

[9] **This definitional instruction has been used in multiple enticement cases in this District.  *See* the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 81 (DLC); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. Sidney H. Stein in *United States v. Waqar*, 18 Cr. 342 (SHS).  "The terms 'persuade,'**

'induce,' and 'entice' are . . . 'words of common usage that have plain and ordinary meanings,' and we look to the dictionary for their common definitions." *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010) (interpreting similar language in Section 2251); *accord United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006) (holding, with respect to Section 2422(b), that "the terms 'persuade,' 'induce,' 'entice' and 'coerce' . . . have a plain and ordinary meaning that does not need further technical explanation (internal quotation marks omitted)). By the term "inducement," "[t]he idea conveyed is of one person "lead[ing] or mov[ing]" another "by persuasion or influence, as to some action, state of mind" or "to bring about, produce, or cause;" "entice" is "to draw on by exciting hope or desire"; and "persuade" is "to prevail on (a person) to do something, as by advising, urging, etc." or "to induce to believe; convince." *Broxmeyer*, 616 F.3d at 125 (internal quotation marks & citations omitted); *see United States v. Waqar*, 997 F.3d 481, 484-85 (2d Cir. 2021) (stating that the "statutory verbs" in § 2422(b) "'attempt, persuade, induce, entice, [and] coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings'" (citation omitted)); *United States v. Tee*, 881 F.3d 1258, 1261-64 (10th Cir. 2018) ("a reasonable jury could have found an intent to lure [the informant] to Wichita to buy a prostitution business," including by "expressly encourage[ing] the informant to travel to Witchita").

The defendant seeks to import the definition of "inducement" from an entirely different context—the context of entrapment—to a reading of 18 U.S.C. § 2422(a) that is unsupported by case law and would in effect substantially rewrite the statute.

The Defense notes that the Government is certainly correct that the instruction that these statutory terms have their ordinary, everyday meanings has been used in prior cases. However, the factual context of this case is highly unusual. Whereas a stranger asking a pre-teen in an online chat room to come meet him for sex – as in *Waqar* -- is inherently inducing, the same is not true of a doctor telling a patient to come for an appointment in six months. The Circuit in *Waqar* expressly noted that "in most cases," it will suffice to instruct jurors to apply the plain and ordinary meanings of these verbs. *United States v. Waqar*, 997 F.3d 481, 488 (2d Cir. 2021). But not in all cases. Thus, in *Broxmeyer*, which involved a coach-athlete relationship and thus is factually closer to this case, the Circuit defined the words "[p]ersuade, induce, and entice [as] in effect synonyms … [that convey] the idea … of one person leading or moving another by persuasion or influence as to some action, state of mind, etc. or to bring about, produce, or cause." *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010) (internal citations and quotations omitted).

Because of the particular context of this case, in this unusual circumstance, the defense position is that advising the jury only that these words have their ordinary meaning renders the statute unconstitutionally vague as applied to this scenario where the complainants by their own testimony were traveling to see Mr. Hadden for medical care.

The Defense borrows from the definition of inducement from the entrapment instruction because it is the only other federal jury instruction that uses the word "induce" and actually defines it. The Government does not argue that there is or should be a substantive difference between the meaning of "induce" for entrapment purposes and the meaning of "induce" in the Mann Act context.

25

prove beyond a reasonable doubt is that Mr. Hadden "persuaded, enticed, induced, or coerced" the complaining witness in each count to travel across state lines.[10]  The words "persuade, entice, and induce" are in effect synonyms that all convey the idea of one person leading or moving another by persuasion or influence to take a particular action.  Actions that could amount to inducement or enticement or persuasion include fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.  A person does not induce another person to travel across state lines by merely approaching that person or soliciting, requesting or suggesting that she travel across state lines.[11]

I specifically instruct you that the defendant's provision of appropriate medical care, without more, cannot satisfy this element.[12]

---

[10] The Government's position is that the Court has already instructed the jury that the Government must prove each element beyond a reasonable doubt.  It is not standard in this District to repeat the standard prior to introducing each element or defining terms within each element.  This repetition was not included in the *Maxwell* instruction.

[11] *See United States v. Waqar*, 997 F.3d 481, 484-85 (2d Cir. 2021) (giving example of campaign worker proselytizing about her candidate, offering $100 to vote, or threatening to expose embarrassing information if the person does not vote for her candidate.). The other common area in federal criminal law where the term "induce" is used is in the entrapment context. There, the model jury instructions explain:

> "Government actions that could amount to inducement include persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship. The government does not induce a person to commit an offense if the government merely approaches that person, or solicits, requests, or suggests that he or she commit the offense, or affords an opportunity or facilities to commit the offense."
>
> Mod. Crim. Jury Instr. 3rd Cir. 8.05 (2021)

Please see footnote 9 for the Government's position.

[12] The Government objects to this insertion, which is unfounded in law and would effectively

Adapted from the charge of the Hon. Richard M. Berman, *United States v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB).

---

rewrite the statute.  The Second Circuit has held that the words in this statute have their ordinary meanings.  *Waqar*, 997 F.3d at 484-85 (stating that the "statutory verbs" in § 2422(b) "'attempt, persuade, induce, entice, [and] coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings'" (citation omitted)).  Instead of inventing a new hidden statutory definition of "induce" to mean "induce, other than through acts of inducement performed while practicing health care," as the defendant proposes, this Court should apply Section 2422 as written and as construed by the Second Circuit.  Accordingly, the Court should reject this unprecedented insertion.  The Government also notes that the defendant's justification for this charge paints a distorted view of the record at best.  Contrary to the defendant's assertion here, there has not been "much" evidence that the defendant provided medically appropriate care for his patients prior to any sexual assault.  Moreover, the defendant's purported provision of medical care was part of his grooming of patients so that he could sexually abuse them, and was part of the way the defendant induced victims to travel for appointments with him.

The Defendant's position is that much of the proof at trial indicated that the defendant provided medically appropriate care for his patients prior to any sexual assault.  The statute would be unconstitutionally vague if the jury were permitted to conclude that the mere provision of appropriate care, including advising patients when to return for further necessary care, constitutes enticement, inducement, coercion or persuasion.  *See United States v. Waqar*, 997 F.3d 481, 488 (2d Cir. 2021) (noting that instructing juries that statutory verbs have their plain and ordinary meaning will suffice "in most cases.").  This is no ordinary case.

**Counts One through Four: Second Element – Interstate Travel**

**Government's Proposed Instruction**

The second element of each Count of the Indictment is that the individual traveled in interstate commerce as alleged in the Indictment.

As I just stated, "interstate commerce" simply means movement between one state and another.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 64-8 and the charge of Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

**Defendant's Proposed Instruction**

The second element of each Count of the Indictment that the Government must prove beyond a reasonable doubt is that the individual traveled in interstate commerce on a particular occasion <u>because of</u> the Defendant's persuasion, enticement, inducement or coercion.

As I just stated, "interstate commerce" simply means movement between one state and another.[13]

> *See United States v. Broxmeyer*, 616 F.3d 120 (2d Cir. 2010) ("The plain wording of the statute requires that the *mens rea* of intent coincide with the *actus reus* of crossing state lines.").

---

[13] The Government believes that the defendant's proposed language is duplicative of the previous element, does not adequately justify its deviation from the charge given in *Maxwell*, and does not accurately convey the relationship between the defendant's persuasion, enticement, inducement or coercion and the travel. The Defense notes that its proposed language is entirely consistent with *Broxmeyer* and more clearly states the meaning of this element.  Unlike in *Maxwell*, where the alleged victims had no other reason to come to New York, here the patients had multiple reasons to come to New York, and in fact could have come to New York for an appointment with Mr. Hadden without him having induced them to do so.  Thus, it is a situation in which the causal connection emphasized in *Broxmeyer* is crucial to whether a crime was committed or not.

**Counts One through Four: Third Element – Intent to Engage in Unlawful Sexual Activity**

The third element of each count of the Indictment that the Government must prove beyond a reasonable doubt is that the defendant acted with the intent that the individual **named in that particular count** would engage in sexual activity for which any person can be charged with a criminal offense **under New York law.[14]  The government must establish the intent existed at the time of the inducement, persuasion, enticement or coercion.[15]**

**"Intentionally" Defined**

A person acts intentionally when the act is the product of his conscious objective, that is, when he acts deliberately and purposefully and not because of a mistake or accident.  Direct proof of a person's intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, he committed an act with a particular intent.  Such direct proof is not required.  The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

**Significant or Motivating Purpose**

In order to establish this element, it is not necessary for the Government to prove that the unlawful sexual activity was the defendant's sole purpose for encouraging the victims to travel

---

[14] **The Government's position is that a violation of New York law is not an element of the offense of enticement.**

[15] **The Government believes that the defendant's proposed language is unnecessary in light of the "Significant or Motivating Purpose" instruction below and does not see a reason for the Court to deviate from the charge given in *Maxwell*.  The Defense believes that the timing of the intent is different from the purpose discussed in the instruction below.  *Broxmeyer* makes clear that there must be both a causal and a timing correlation between intent and the inducement to travel.**

across state lines.  A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the victim's actions.  The Government must prove beyond a reasonable doubt, however, that a motivating or significant purpose of **encouraging,**[16] **persuading, enticing, inducing or coercing** the victims to travel across state lines was to engage in unlawful sexual activity.  In other words, the unlawful sexual activity must not have been merely incidental to the trip.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); Sand et al., *Modern Federal Jury Instructions*, Instrs. 64-9, 64-18; and the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC).  ***See United States v. Broxmeyer*, 616 F.3d 120, 129-30 & n.8 (2d Cir. 2010) ("The plain wording of the statute requires that the mens rea of intent coincide with the actus reus of crossing state lines."); *see id.* at 122 (evaluating whether there was evidence that the defendant "encouraged" minor victim to produce child pornography in enticement case under 18 U.S.C. § 2251).**

---

[16] **The word "encouraging" was included in Judge Nathan's instruction in *United States v. Maxwell*, 20 Cr. 330 (AJN), and was used in *United States v. Broxmeyer*, 616 F.3d 120, 129-30 (2d Cir. 2010), to describe the enticement conduct there, in violation of 18 U.S.C. § 2251. The Defense does not object to the word "encouraging" being used in defining the statutory verbs in the instruction on the first element above, if the entire *Broxmeyer* definition is used (this definition is included in the defense request as to the first element: "The words "persuade, entice, and induce" are in effect synonyms that all convey the idea of one person leading or moving another by persuasion or influence to take a particular action"). But to add "encouraging" here, conjoined with the statutory verbs, confusingly elevates it to a statutory status rather than a definition.**

30

**Count Three: Third Element – Violations of New York Law**

Each count alleges sexual activity for which a person could be charged with a crime under the criminal (or penal) law of New York State – or "unlawful sexual activity."

The unlawful sexual activity alleged in Count Three is a violation of New York Penal Law Section 130.52, the crime of Forcible Touching, and/or a violation of New York Penal Law Section 130.55, the crime of Sexual Abuse in the Third Degree. For this count, you need only find that the defendant acted with the intent that the individual engage in sexual activity for which a person could be charged with at least one of these crimes under New York law. However, you must be unanimous, that is, all twelve jurors must agree, as to at least one of the two New York state crimes the government has proven beyond a reasonable doubt that Mr. Hadden acted with the intent to have the individual engage in.[17]

---

[17] **Although the Government's position is that such unanimity is not required, in order to remove any unnecessary dispute, the Government does not oppose requiring the jury to make a unanimous finding as to the state law violation in this case. The Government does oppose a special verdict sheet, as they are "general disfavored in criminal cases," *United States v. Hernandez*, 894 F.3d 496, 505 (2d Cir. 2018), and "a general charge regarding unanimity is ordinarily sufficient to protect the defendant's right to a unanimous verdict," *United States v. Pizzaro*, 797 F. App'x 607, 612 (2d Cir. 2020) (quoting *United States v. Trupin*, 117 F.3d 678, 687 (2d Cir. 1997) (internal quotation marks omitted)).**

**The Defense position is that where a statute requires a defendant's conduct be contrary to some other law, courts have treated that other law as an element. *See e.g., United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008) ("An indictment [for importing merchandise contrary to law] only including the words 'contrary to law'—without stating *which* law the defendant's conduct violated—is inadequate because it does not fully set forth the 'contrary to law' element). Juror unanimity is required as to the elements of a crime, as opposed to the mere means by which an offense is committed. *See Richardson v. United States*, 526 U.S. 813, 817 (1999). Where, as here, commission, or the intent to commit, some other crime is an element of the crime charged, unanimity as to the specific other crime is required. Elements are "ordinarily listed in the statute that defines the crime," *id.* at 818, and are here: the requirement that a person be enticed to travel for the purposes of sexual activity for which a person "can be charged with a criminal offense" is explicit in 18 U.S.C. 2422.**

I instruct you as a matter of law that each of the two crimes I have just listed was a violation of New York State Penal Law from at least in or about 1997 up to and including in or about 2012, at the time the acts are alleged to have been committed.  I will now set out the elements of each of these New York State Penal Law crimes.

### N.Y.P.L. § 130.52 (Forcible Touching)

A person violates New York State Penal Law § 130.52, or the crime of Forcible Touching, when he "intentionally, and for no legitimate purpose," "forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire."

Forcible touching "includes squeezing, grabbing, or pinching" of another person's "sexual or other intimate parts" under § 130.52.

---

Thus, in this very context, the Court of Appeals for the Seventh Circuit held it was error for the court to permit the conviction of a defendant for enticing a minor to engage in sexual activity in violation of state law and 18 U.S.C. § 2422(b) without requiring unanimity as to the specific state crime the defendant committed. *United States v. Mannava*, 565 F.3d 412 (7th Cir. 2009). "The liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense in order to preserve the requirement of jury unanimity." *Id.* at 415. The same holds true for a typical conspiracy charge: where a defendant is accused of conspiring to violate multiple statutes the jury must unanimously agree as to at least one object of the conspiracy. *United States v. Sharpsteen*, 913 F.2d 59, 62 (2d Cir. 1990).

The Second Circuit has never directly addressed whether unanimity is required as to the underlying state offense under the enticement statute. The Court noted a circuit split on the issue in *United States v. Vickers*, 708 Fed. Appx. 732, 736 n. 1 (2d Cir. 2017), which involved a violation of 18 U.S.C. § 2423(a), which prohibits transporting minors for the purpose of engaging in "sexual activity for which any person can be charged with a criminal offense," the same language at issue here. The indictment did not specify the state statute the defendant intended to violate, but the Court deemed any error harmless beyond a reasonable doubt because the jury returned a verdict with special findings as to the specific criminal offenses involved. *Id.* at 735-36. That is precisely what the defense requests here and is clearly the safer course.

**N.Y.P.L. § 130.55 (Sexual Abuse in the Third Degree)**

A person violates New York State Penal Law § 130.55, the crime of Sexual Abuse in the Third Degree, when he "subjects another person to sexual contact without the latter's consent."

Under New York law, "'[s]exual contact' means any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party." "It includes the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed."

Also under New York law, lack of consent can result from a victim's incapacity to consent. A person is deemed incapable of consent for purposes of this penal law provision, Sexual Abuse in the Third Degree, when she is a client or patient, the actor is a health care provider, and the sexual act occurs during a treatment session, consultation, interview, or examination. A health care provider under New York law means any person who is, or is required to be, licensed or registered or holds himself out to be licensed or registered, or provides services as if he were licensed or registered in the profession of medicine.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); Sand et al., *Modern Federal Jury Instructions*, Instrs. 64-9, 64-18; New York Penal Law §§ 130.00(1)(a), 130.00(3), 130.00(12), 130.05(1)-(3), 130.40, 130.52, 130.55; New York State Pattern Jury Instructions §§ 130.40, 130.52, 130.55; the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. Ann M. Donnelly in *United States v. Kelly*, 19 Cr. 286 (AMD) (E.D.N.Y.).

**Counts One, Two, and Four: Third Element – Violations of New York Law**

The unlawful sexual activity alleged in Counts One, Two and Four is a violation of one or more of three New York Penal Law sections, which are the same two New York Penal Law Sections we have already discussed -- 130.52, the crime of Forcible Touching, and 130.55, the crime of Sexual Abuse in the Third Degree -- as well as a third section, New York Penal Law Section 130.40, the crime of Criminal Sexual Act in the Third Degree.  For each of these counts, you need only find that the defendant acted with the intent that the individual engage in sexual activity for which a person could be charged with at least one of these three crimes under New York law.  However, you must be unanimous as to at least one of the three New York state crimes the government has proven beyond a reasonable doubt Mr. Hadden acted with the intent to have the individual engage in.[18]

I instruct you as a matter of law that each of these three crimes I have just listed was a violation of New York State Penal Law from at least in or about 1998 up to and including in or about 2012, at the time the acts are alleged to have been committed.

I have already defined the crimes of Forcible Touching and Sexual Abuse in the Third Degree.  Those instructions apply equally here.  I will now set out the elements of the crime of Criminal Sexual Act in the Third Degree.

**N.Y.P.L. § 130.40 (Criminal Sexual Act in the Third Degree)**

A person violates New York State Penal Law § 130.40, or Criminal Sexual Act in the Third

---

[18] **As explained in footnote 17, the Government's position is that such unanimity is not required, but does not oppose this instruction.  The Government does oppose a special verdict sheet as they are disfavored, confusing, and necessary.  *United States v. Hernandez*, 894 F.3d 496, 505 (2d Cir. 2018); *United States v. Pizzaro*, 797 F. App'x 607, 612 (2d Cir. 2020).  The Defense conversely believes it is required and that it is certainly the safer course to ask the jury to make special findings as to the specific criminal offense involved.**

Degree, when he engages in oral sexual conduct with a person who is incapable of consent.

Under New York law, "oral sexual conduct" means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina.

As I previously stated, under New York law, a person is deemed incapable of consent under this statute when she is a client or patient. A person is also deemed incapable of consent for purposes of this penal law provision, Criminal Sexual Act in the Third Degree, when she is a client or patient, the actor is a health care provider, and the sexual act occurs during a treatment session, consultation, interview, or examination, as I have already instructed you. I have already defined a health care provider under New York law, and that instruction applies equally here.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); Sand et al., *Modern Federal Jury Instructions*, Instrs. 64-9, 64-18; New York Penal Law §§ 130.00(1)(a), 130.00(3), 130.00(12), 130.05(1)-(3), 130.40, 130.52, 130.55; New York State Pattern Jury Instructions §§ 130.40, 130.52, 130.55; the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. Ann M. Donnelly in *United States v. Kelly*, 19 Cr. 286 (AMD) (E.D.N.Y.).

**Counts One through Four – Failure to Accomplish Intended Activity is Immaterial**

Now, with respect to each count of the Indictment, it is not a defense that the sexual activity which may have been intended by the defendant was not accomplished.

In other words, it is not necessary for the Government to prove that anyone, in fact, engaged in any sexual activity for which any person can be charged with a criminal offense with the individual after she was enticed across state lines.  It is enough if defendant has the requisite intent at the time of the enticement.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); Edward J. Devitt, *et al.*, *Federal Jury Practice and Instructions*, Instr. 60-06. *See United States v. Broxmeyer*, 616 F.3d 120, 129-30 & n.8 (2d Cir. 2010) ("The plain wording of the statute requires that the *mens rea* of intent coincide with the *actus reus* of crossing state lines."); *Cleveland v. United States*, 329 U.S. 14, 20 (1946) ("[G]uilt under the Mann Act turns on the purpose which motivates the transportation, not on its accomplishment.").

36

### Government Request -- Attempt[19]

*[If applicable]*

As I have already told you, Section 2422(a) also makes it a crime to attempt to persuade, induce, entice, or coerce an individual to travel in interstate commerce to engage in unlawful sexual activity.  In order for you to find the defendant guilty of attempt, the Government must prove beyond a reasonable doubt that: (1) the defendant intended to commit the crime whose elements I have just described to you; and (2) the defendant took some action that was a substantial step in an effort to bring about or accomplish that crime. A substantial step is something more than mere preparation or intention.  In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation or intent on the one hand and the actual doing of the criminal deed on the other.  Mere preparation or intent, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts

---

[19] The Defense objects to an attempt instruction.  There would have to be a factual basis for the jury to find that Mr. Hadden had attempted to entice a person across state lines but was not successful in that attempt.  Each of the four patients described in the Indictment in fact traveled across state lines.  The Court should not charge the jury "upon a supposed or conjectural state of facts, of which no evidence has been offered". *Quercia v. United States*, 289 U.S. 466, 470 (1933).  *See also United States v. James*, 819 F.2d 674 (6th Cir. 1987) (error to instruct jury on constructive possession in firearms case without foundation in evidence); *United States v. McCoy*, 767 F.2d 395 (7th Cir. 1985) (same).  An erroneous instruction on this issue poses particular risks in this case where there will be testimony concerning unindicted victims that might support an attempt theory.  The Government expects that the trial evidence may prove that the defendant attempted to cause victims to cross state lines in violation of 18 U.S.C. § 2422, but was unsuccessful on certain occasions.

themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.[20]

If the Government succeeds in proving that the defendant engaged in the crime of attempt, as I have just described the elements of that crime to you, it need not prove that the individual he attempted to persuade, induce, entice, or coerce actually travelled in interstate commerce.

> Adapted from the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); the charge of the Hon. Edgardo Ramos in *United States v. El Gammal*, 15 Cr. 588 (ER) (S.D.N.Y. 2017) (Tr. 1966-67); the charge of the Hon. Lewis A. Kaplan in *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2006) (Tr. 2496-97); the charges of the Hon. John F. Keenan in *United States v. Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2271-72), and *United States v. Haouari*, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1013-14); and Sand, *Modern Federal Jury Instructions*, Instrs. 10-1, 10-3.

---

[20] **The Government believes that this language is confusing and less consistent with instructions typically given in this District.** If the Court decides to give such an instruction, the Defense asks that the language in green in the first paragraph, which is drawn directly from the Sand Pattern Instructions, be included.  The Defense notes that in its request to charge in *Ray*, the government requested this specific language be included in the attempt charge, and it was.  Charge of the Honorable Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL).

## Venue

With respect to each count of the Indictment, you must consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York encompasses the following counties: New York County (i.e., Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, though if applicable, you may rely on the same evidence to establish venue on multiple counts.

If the crime charged was committed in more than one district, venue is proper in any district in which the crime was begun, continued or completed. Thus, venue will lie in the Southern District of New York if you find that any part of the crime took place here. The Government's burden of proof with respect to establishing venue under each count of the Indictment is by a preponderance of the evidence. A "preponderance of the evidence" means more likely than not.  Thus, the Government, which bears the burden of proving venue, has satisfied that burden as to venue if you conclude that it is more likely than not that some act or communication in furtherance of each charged offense occurred in the Southern District of New York.  If, on the other hand, you find that the Government has failed to prove the venue requirement as to a particular offense, then you must acquit the defendant of that offense, even if all the other elements of the offense are proven.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. P. Kevin Castel in *United States*

*v. William Walters*, 16 Cr. 338 (PKC). *See also United States v. Khalupsky,* 5 F.4th 279 (2d Cir. 2021) ("The government bears the burden of proving appropriate venue on each count, as to each defendant, by a preponderance of the evidence.").

## OTHER INSTRUCTIONS

### Direct and Circumstantial Evidence

There are two kinds of evidence **that you may use in deciding whether the government has proved beyond a reasonable doubt the crimes charged:[21]** direct and circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses – i.e., something seen, felt, touched, heard or tasted. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.  But you would not know from this combination of facts exactly when the rain began or whether it had now stopped.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of

---

[21] **The Government believes that the repetitive mention of the beyond a reasonable doubt standard is unnecessary and contrary to the typical practice in this District, including in** *United States v. Maxwell.*

some other fact.  The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proved.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.   Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence, or lack of evidence, presented.

> Adapted from L. Sand, et al., *Modern Federal Jury Instructions*, Instruction # 5-2; the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB); and the charge of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB).

**Inferences**

During the trial, and as I give you these instructions, you have heard and will hear the term "infer" or "inference." For instance, in their closing arguments, the attorneys may have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact. I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"? What does it mean to "infer" something? An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you are satisfied exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. **For example, I previously mentioned that if you walked into the courthouse this morning and the sun was shining, but you later saw two people with wet umbrellas walk into a particular room, you could infer that it had rained at some point after you came into the courthouse. The government might argue that you should infer that it is still raining. The defense might argue that based on the evidence or lack of evidence presented that you have no way of knowing whether it is still raining at this moment. You have to consider these arguments in light of all the evidence.[22]**

---

[22] **The Government believes that this modification of the well-understood and commonly-given hypothetical regarding circumstantial evidence is inappropriate, as it assigns purely hypothetical arguments of different strengths to different parties and does so in a way that suggests the Government's argument is more superficial and less convincing. The Government believes the Court should simply adhere to the standard instruction on circumstantial evidence rather than injecting a loaded and entirely counterfactual minitrial**

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience and common sense.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

---

into it.  The defense agrees that no one wants a loaded and entirely counterfactual minitrial. However, this extension of the common hypothetical is often given in the Eastern District of New York to illustrate the limits of inferences from circumstantial evidence.

**Credibility of Witnesses**

You have had the opportunity to observe the witnesses.  It is your job to decide how believable each witness was in his or her testimony.  You are the sole determiners of the credibility of each witness and of the importance of witness testimony.

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense, judgment, and experience.  **Common sense is your greatest asset as a juror.  You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.**

You watched the witnesses testify.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, as though the witness was trying to hide something?  **How responsive was the witness to the questions asked on direct examination and on cross-examination?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?** Consider the witness's demeanor, manner of testifying, and accuracy of the witness's recollection.  **Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.**[23]

---

**[23] The Government does not believe that a lengthy list of examples such as given here is necessary to explain the concepts to the jury.  The Defense believes that for jurors who are not accustomed to being in this role – unlike the Court – it is useful to provide concrete examples.**

**In addition, consider how well the witness recounted what was heard or observed, as the witness may be honest but mistaken.  Everything a witness said or did on the witness stand counts in your determination.  Often it is not what people say but how they say it that moves us.**

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  You may reject the entirety of the witness testimony, part of it or none of it.  It is for you to decide how much of any witness's testimony, if any, you wish to credit.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such untruths or inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. **Does the witness have a relationship with the Government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?[24]**  If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when

---

**[24] The Government does not believe that a lengthy list of examples such as given here is necessary to explain the concepts to the jury.**

evaluating the credibility of his or her testimony and accept it with great care.  This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is not contradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, **or because the witness did not have an opportunity to observe the facts he or she testified about,** or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.   It is not the number of witnesses called in a case but rather their credibility when called to the witness stand that is directly at issue.

There is no magic formula by which you can evaluate testimony.  You bring to this courtroom all your experience and common sense.  You determine for yourselves in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act.  You may use the same tests here that you use in your everyday lives.

Finally, as you know, I have permitted certain witnesses to be referred to in open court by a pseudonym.  As I explained to you in my preliminary instructions before opening statements, this process is to protect the privacy of witnesses as this case has received attention in the media.

47

I instruct you again that this process should not bear in any way on your evaluation of the evidence or credibility of any witness in this case.

> Adapted from the charge of the Hon. Richard M. Berman in *United States v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Honorable Paul G. Gardephe, *United States v. Russell*, 20 Cr. 538 (PGG); the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. P. Kevin Castel in *United States v. Collins*, 19 Cr. 395 (PKC). *See United States v. Solano*, 966 F.3d 184 (2020) (reversing conviction based on jury instruction that any witness who has an interest in the outcome of this trial has a motive to testify falsely because the instruction was applied to the defendant's testimony).

### Defense Request – Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side. I have just discussed the criteria for evaluating credibility; keep in mind that the burden of proof is always on the Government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[25]

L. Sand, et al., *Modern Federal Jury Instructions*, Instruction # 4-3.

---

[25] The Government's view is that this instruction is unbalanced. The Government believes that the basic concept that the jury should not simply count witnesses is adequately covered by the Court's instructions on evaluating the testimony of witnesses. To the extent the Court believes an additional instruction on this point is needed, however, the Government believes that any such instruction should be balanced, including language indicating the jury may ultimately believe the side with more witnesses. And the reference to the Government's burden of proof is not only superfluous with the Court's prior instructions on the burden of proof but unbalancing here, reinforcing the suggestion of this instruction that the defense's view of events should more readily be believed. Here, moreover, where evidence from multiple victims under Rule 413 is admissible, the above instruction is confusing. The Defense notes that this is the pattern instruction from Sand, verbatim.

49

**Expert Testimony**

You have heard testimony from two witnesses, Dr. Keith Eddleman and Dr. Lisa Rocchio, who were proffered as experts in different areas.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

> Adapted from the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN); Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-21.

**Government Request – Uncalled Witnesses – Equally Available to Both Sides[26]**

*[If applicable]*

There are people whose names you heard during the course of the trial but did not appear to testify.

[If applicable: One or more of the attorneys has referred to their absence from the trial.]

I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN); Sand, et al., *Modern Federal Jury Instructions*, Instr. 6-7.

---

[26] The Defense objects to an uncalled witness charge. It is inherently burden-shifting. It is also inaccurate in this particular case in which counsel for Columbia University has prevented the defense from speaking to any Columbia employee, while encouraging, and arranging for, the same employees to speak with the Government. This means that while each party can subpoena the witness, the defense would have to put a witness on the stand cold, with no idea what the witness will say, while the Government can prep the same witness multiple times. That is an equal opportunity in name only. If the Court does give such an instruction, it should also instruct the jury that "You may consider whether a witness who is represented either by counsel for Columbia or by a civil lawyer was willing or unwilling to speak to either of the parties and how that may have impacted their testimony." The Government submits that this instruction is regularly given where applicable whether or not witnesses are represented by counsel and regardless of what legal advice the counsel provides them. This is a standard instruction given in this District, including in *United States v. Maxwell*.

51

### Similar Acts / Rule 413 and 404(b) Evidence

*[If applicable / subject to the Court's rulings on the Government's motions in limine]*

The Government has offered evidence that it argues shows that on different occasions, the defendant engaged in conduct similar to the charges in the Indictment.  **It is for you to decide whether Mr. Hadden engaged in the other conduct.**

**Let me remind you that Mr. Hadden is on trial only for committing acts alleged in the Indictment.  Accordingly, you may not consider any evidence of similar acts as a substitute for proof that Mr. Hadden committed the crimes charged.  Nor may you consider this evidence as proof that Mr. Hadden has a criminal personality or bad character.  The evidence of the other, similar acts was admitted for a much more limited purpose which I will now explain to you and you may consider it only for that limited purpose.[27]**

There are two forms of similar act evidence offered by the Government, and I will discuss each separately.

The first form of similar act evidence offered by the Government is evidence that it argues shows that on different occasions, the defendant committed other sexual assaults similar to the charges in the Indictment.  Sexual assault includes unlawful and nonconsensual contact between any part of the defendant's body, or any object, and another person's genitals or anus.  It is for you to decide whether the defendant engaged in other sexual assaults.

---

[27] **The Government's position is that this instruction is contrary to Rule 413, which permits the introduction of evidence of similar acts of sexual assault for any purpose.  This instruction deviates from Sand as to Rule 413 and from the plain text of the rule, and would amount to overruling, in the form of jury instructions, of Rule 413 in its entirety.  This language is taken directly from Judge Nathan's instruction in** *Maxwell.* **Charge of the Hon. Alison J. Nathan,** *United States v. Maxwell,* **20 Cr. 330 (AJN).**

52

In a criminal case in which the defendant is accused of sexual assault, evidence of the defendant's commission of other sexual assaults may be considered for its bearing on whether the defendant committed the offense for which he is charged in the Indictment.  However, evidence of another offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the Indictment.

The second form of similar act evidence offered by the Government is evidence that it argues shows that on different occasions, the defendant engaged in conduct that is also similar to the charges in the Indictment but that did not involve unlawful and nonconsensual genital and anal contact.  You may consider this second form of similar act evidence, but for a more limited purpose than the first form of similar act evidence.

You may consider both types of similar act evidence if you determine that the defendant committed the acts charged in the Indictment and the similar acts, and then you may, but you need not draw an inference that in doing the acts charged in the Indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons. You may also consider this evidence in determining whether the defendant utilized a common scheme or plan in committing both the crimes charged in the Indictment and the similar acts introduced by the Government.

But, as I mentioned, there are more limitations on this second form of similar act evidence, that is, evidence of similar acts not involving unlawful and nonconsensual genital or anal contact. You may not consider this second type of evidence as proof that the defendant is of bad character or has the propensity to commit crimes.  You may only consider such evidence to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  You may not consider this second type of similar act evidence for

any other purpose.  As I have just indicated, these limitations apply only to the second type of similar act evidence and do not apply to your consideration of evidence of similar acts that involve unlawful and nonconsensual genital or anal contact.

Let me remind you again that the defendant is on trial only for committing acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.

As you consider both types of similar act evidence, bear in mind at all times that the Government has the burden of proving that the defendant committed each of the elements of the offense in the Indictment as I have explained them to you.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instrs. 5-25, 5-27; the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN); the charge of the Hon. Allyne R. Ross in *United States v. Schaffer*, 12 Cr. 430 (ARR) (E.D.N.Y.).  *See United States v. Schaffer*, 851 F.3d 166, 183-84 (2d Cir. 2017); Fed. R. Evid. 404(b), 413; *United States v. Hensley*, 17 Cr. 310 (SWW) (D. Ark.).

**The Defendant's Guilty Plea**

You have heard evidence regarding the defendant's guilty plea in New York state court.  I instruct you that whether or not the defendant **accepted responsibility in the New York state case brought by the Manhattan District Attorney's Office,[28]** or was sufficiently punished in

---

[28] **The Government believes that explaining that acceptance of responsibility is not relevant to the jury's task is necessary to rebut the prejudice caused by the defense's opening statement and the introduction, at its request, of a portion of the plea transcript on the ground that it bore on acceptance of responsibility. Acceptance of responsibility is a sentencing concept bearing on punishment,** *see, e.g.*, **U.S.S.G. § 3E1.1, and is thus relevant only to the argument that the defendant has already been "punished or punished enough," which argument the Court has already precluded.  (Tr., Dec. 29, 2022, at 23-24).  It is thus legally correct to so instruct the jury.**

**The defense opening statement sounded heavily in nullification.  Defense counsel began by reading the defendant's guilty plea, ultimately asking the jury "So if Robert Hadden accepted responsibility for the sexual abuse seven years ago, why are we here?  And why are you here?" (Trial Tr. at 43).  Counsel then repeatedly described the charged offenses as "technical" (Tr. 43, 44, 46), and skirted the Court's ruling prohibiting reference to the #MeToo social movement by invoking a charged reference to so-called "cancel culture."  (Tr. 48 (defense counsel suggesting prosecution was prompted by a belief that the defendant "deserve[d] to be canceled and condemned")).  According to the defense, "this is a case that tests our criminal justice system."  (*Id.*).  These themes have nothing to do with whether the evidence proves the elements of the offense, but sound instead purely in nullification.  This instruction is also all the more necessary given that the defendant received, at its request, introduction of a portion of the plea transcript that indicated the defendant had received a promise of nonprosecution for his conduct related to an unspecified number of additional victims, which—notwithstanding the Court's amendments to clarify that the promise was on behalf of the Manhattan District Attorney—compounds the risk of nullification.**

**The defense's position is that it was the government, not the defense, that sought introduction of the state guilty plea in extensive pre-trial filings.  The defense statement that the case "tests the criminal justice system" was meant to make clear to the jury that, notwithstanding the emotional and upsetting testimony they would hear, their job is to assess the evidence dispassionately and apply the law as instructed.  This is precisely what the Court asks the jury to do in every criminal trial.  By contrast, the government strongly implied reverse nullification – that the defendant had not sufficiently accepted responsibility for those state sex abuse changes. Further, the instruction offered by the government contradicts itself.  The government first asks that the Court instruct the jurors that they should not consider the defendant's acceptance of responsibility as to the state court charges but then**

that case, is not your concern.  Your task is to determine whether or not the Government has proven the elements of the offenses charged in this Indictment beyond a reasonable doubt.  **The evidence related to his guilty plea—like the other evidence of similar acts by the defendant, which I have already instructed you on—was admitted only for the purpose of assisting you in that task.**[29]

---

goes on to instruct the jurors that they should consider it as evidence of similar acts.  This instruction is confusing, misleading and there is no support in the caselaw for it.

[29] The Government believes that the last sentence the Government proposes in this instruction is appropriate to indicate to the jury the purpose for which they can consider the plea, which is not to show his acceptance of responsibility but to show his intent, just as with any other form of Rule 404(b) or Rule 413 evidence.

The defense objects to this last sentence. To give an instruction on a singular piece of prior bad acts evidence is unduly prejudicial and would shift the already delicate balancing the Court has done in considering admission of such evidence.  The defense is aware of no precedent for giving such an instruction.

## Defendant's Right Not To Testify

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.[30]

You may not speculate as to why Mr. Hadden did not testify.  It was his constitutional right not to take the witness stand.  There are many reasons why a defendant may decide not to testify.  You may not attach any significance to the fact that the defendant did not testify.  You must not allow this fact in any way to prejudice the defendant, and you must not consider it as an indication, admission, evidence or inference of guilt.

Simply put, the fact that the defendant did not testify must never enter into your deliberations or discussions in the jury room.

Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Raymond J. Dearie, *United States v. Welnicki*, 22 Cr. 164 (RJD); Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-21.

---

[30] Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN); and Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-21.

**Government Request -- Particular Investigative Techniques Not Required[31]**

*[If applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used or not used by the Government.

There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

The Government is not on trial.  Law enforcement techniques are not the concern of the jury.[32]

You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the Government has proved its case beyond a reasonable doubt.  However, you are also instructed that there is no legal requirement that the Government prove its case through any particular means.

Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of

---

[31] The Defense objects to this instruction being given; it seems irrelevant here.  If it is given, we would ask that the Court use the Sand pattern instruction, which was used by Judge Nathan in *Maxwell*, rather than the government's proposed instruction, which includes loaded language, such as "the Government is not on trial."

[32] Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB).

the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330
(AJN); Sand, *Modern Federal Jury Instructions*, Instr. 4-4.

**Persons Not At Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the

defendant on trial from the fact that any person in addition to the defendant is not on trial here.

You also may not speculate as to the reasons why other persons are not on trial.  Those matters are

wholly outside your concern and have no bearing on your function as jurors in deciding the case

before you

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. P. Kevin Castel in *United States v. Walters*, 16 Cr. 338 (PKC).

### Long-Term Impact on Victims

There was **emotional** testimony at this trial as to the long-term impacts of Mr. Hadden's sexual abuse. **This testimony was admitted for limited purposes as potentially bearing on the credibility of the witnesses.** You may not consider evidence of the long-term impact of the defendant's sexual abuse as a substitute for proof that the defendant committed the crimes charged. I remind you that the only question for you here is whether the Government has proved each element of the charged crimes beyond a reasonable doubt.

Compensating the victims for any harms they may have suffered is not your function. As I've instructed you, your task is solely to determine whether the evidence proves the defendant's guilt beyond a reasonable doubt.[33]

---

[33]  **The Government agrees that a limiting instruction as proposed here is appropriate in order to limit any possibility of prejudice under Rule 403, but submits that testimony about the effects of the defendant's abuse was not unduly prejudicial.  -The questioning challenged by the defense was often quite brief, typically consisting of one or two questions without follow-up.  Additionally (because, as described below, this testimony was elicited in order to better allow the jury to assess witness credibility), the Government also intentionally elicited testimony that indicated the *lack* of long-term effects.  (Tr. 496:16-20 (eliciting that Ms. Kanyok did "not know" how if at all her experiences with Hadden affected her relationship with Mr. Gabbay)).**

**With respect to the defendant's description of the testimony below, the Government submits that some of the below testimony was elicited in response to questions asked or anticipated by the defense as relevant to the witness's credibility or potential bias.  In all of the pretrial litigation leading up to this trial, the defendant made clear that he planned to aggressively attack the credibility of the victims and witnesses in this case, including because of their civil lawsuits.  Even immediately before trial, the parties conferred about potential topics of cross-examination for victims.  From these conversations, the Government believed that the defendant planned to attack the credibility of victims.  On the first day of trial, even after the first victim had testified, the Government asked the defense if it planned to cross-examine the second victim (Anna Moore) about her civil lawsuit and settlement.  Because the defense indicated that it would cross-examine Ms. Moore on these topics, the Government asked Ms. Moore about the lawsuit on direct.  Moreover, the defense, not the Government, asked Sara Stein questions on cross-examination about her civil lawsuit and settlement.With respect to Kayvan Gabbay, based on the parties' discussions, the Government understood that Mr. Gabbay could be cross-examined on topics arguably relevant to his credibility.  The**

Government also understood that the defendant was not conceding that he had sexually abused Laurie Kanyok on at least four occasions prior to his licking of Ms. Kanyok's vagina. The questions asked of Mr. Gabbay were therefore relevant to his arguable bias and truthfulness in light of his relationship with Ms. Kanyok.  For Emily Anderson, the defense asked Ms. Anderson about returning for an appointment with the defendant and emailing the defendant after she had been sexually assaulted; the only purpose for those questions was to attack her credibility.  It was therefore relevant and appropriate for the Government to ask questions explaining why Ms. Anderson did not immediately process or want to believe that the defendant had assaulted her.  Although the defense's strategy has not, as the trial unfolded, involved aggressive attacks on victim credibility, it has, as the Government has put forth in its filings, put the credibility of victims at issue in subtler ways.  While the Government—prior to conducting additional interviews with victims in preparation for trial—initially anticipated certain uses for victim impact testimony in its motion *in limine* papers, the Court's ultimate ruling was not so limited (Tr. Dec. 22, 2022, at 7), and the Government understood it to encompass eliciting basic facts bearing on credibility.

The Defense's position is that the Government represented in its in limine filings that it did "not plan to elicit testimony as to the long-term effects, psychological or otherwise, that the defendant's abuse has had on the victims" and that it would only "seek to elicit testimony about the impact of the defendant's abuse as it relates to:

(i)     The timing of victim decisions to tell others about and/or report the defendant's abuse;

(ii)    Whether victims returned for medical appointments with the defendant and why;

(iii)   Whether victims referred other patients to the defendant;

(iv)    Whether victims changed doctors or avoided appointments with the defendant; and

(v)     Whether victim approaches to OB/GYN care changed because of the defendant's abuse.

Gov't Opp. To Def't Mot. In Limine, ECF 178, at 30.

Relying on this representation, at the December 29, 2022, Pretrial Conference, the Court denied the defense's motion to preclude victim impact testimony.

However, at trial, the government went far beyond these five categories and elicited substantial victim impact testimony about how the abuse had affected the victims' romantic relationships and mental health, including years later, and even how the abuse had affected an outcry witness. For example, the government elicited testimony from both Laurie Kanyok and Kayvan Gabbay as to how the defendant's conduct impacted their relationship years after the abuse:

Q.  Mr. Gabbay, are you and Ms. Kanyok still in a romantic

relationship?

**Punishment Not To Be Considered by Jury**

Under your oath as jurors, you cannot allow a consideration of possible punishment that

may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to

---

A.  No.

Q.  When did your relationship end?

A.  Five years ago.

Q.  What, if any, impact did Ms. Kanyok's experiences with Hadden have on your relationship with her?

MS. WOZENCROFT:  Objection.

THE COURT:  Overruled.

A.  It did not help.  You're dealing with having a child and then a horrendous act of this nature takes place.  It was not good.  It was -- it was horrible.

January 11, 2023 Trial Tr. at 636.

Then, in the very next question, the government asked Mr. Gabbay if he had filed for custody of their daughter, directly linking Mr. Hadden's conduct to the fact that this child was growing up with her parents living apart.  *Id.*  The government asked Ms. Kanyok how the process of coming forward has impacted her, which elicited extremely emotional testimony about protecting her daughter from what happened to her.  January 10 Trial Tr. at 496-97).   Again the defense objection was overruled.

Similarly, with Mr. Anderson:

Q.  Ms. Anderson, how, if at all, have you struggled to process your experiences with Hadden?

A.  It's been extremely hard, because I'm in healthcare, and it's had a major impact on my life, my personal life, and --it's been 10 years, and it's – it's still very present.

Jan 11, 2023, p 615, p 7-11

The above are just highlights of pervasive victim impact testimony.

The defense believes the considerable victim impact testimony permitted by the Court, over the defendant's objection, requires a curative jury instruction, and that the general instruction that sympathy should play no role is insufficient.  Though some victim impact testimony as to near-term effects is inevitable, testimony as to long term effects is treated differently.  *See United States v. Copple*, 24 F.3d 535, 545 -46 (3d Cir. 1994) (error under 403 to admit testimony that victims of fraud had to use savings from children's college fund to make up losses or how the fraud effected their health, but harmless in light of other proof).

63

enter into your deliberations.  Under our system, sentencing or punishment is exclusively the function of the court.  It is not your concern and you should not give any consideration to that issue in determining what your verdict will be.

You also cannot allow a consideration of possible prior punishment imposed on the defendant to influence you in any way or in any sense to enter into your deliberations.

Your function is to weigh the evidence in the case and to determine whether or not the government has proved that Mr. Hadden is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

> Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC).

**Stipulations**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect or weight to give that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

**Charts and Summaries Not Admitted Into Evidence**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I had noted this fact to you.  For these charts and exhibits not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in this case and are here to act as visual aids for you.  It is the underlying evidence that gives value and significance to these charts.  These demonstrative charts and summaries are not themselves evidence.

> Adapted from the charge of the Hon. Ronnie Abrams in *United States v. Galanis*, 16 Cr. 371 (RA); and Sand, *Modern Federal Jury Instructions*, Instr. 5-13.

**Redaction of Evidentiary Items**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document has been blacked out.  Material may be redacted for any number of reasons, including that it is not relevant to the issues you must decide in this case, among other reasons.  You are to concern yourself only with the part of the item that has been admitted into evidence, and you should not consider any possible reason for the redactions.

> Adapted from the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); and the charge of the Hon. Richard J. Sullivan, *United States v. Adony Nina, et al.*, 13 Cr. 322 (RJS).

## Contact with Others/Social Media/Publicity

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, or any internet service, or any text or instant messaging service; or any internet chat room, blog, or website, such as Facebook, Instagram, LinkedIn, YouTube, Twitter, Snapchat, or TikTok, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone or in person, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

### Right to See Exhibits and Hear Testimony; Juror Note-Taking

You are about to go into the jury room and begin your deliberations. The documentary evidence will be given to you at the start of deliberations. If you want any of the testimony read back **[or a recording exhibit played],** you may also request that. Please remember that it is not always easy to locate what you might want, so please try to be as specific as you possibly can in requesting portions of the testimony or exhibits, so that we can get them to you as quickly as possible and that we can be sure we understand what you are asking for.

Any communication with the Court, including requests for testimony or exhibits, should be made to me in writing, signed by your foreperson, and given to one of the Marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any communication, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

Adapted from the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

### Duty to Consult and Need for Unanimity

The Government, to prevail, must prove the essential elements of any crime charged beyond a reasonable doubt, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, your verdict should be not guilty.

You must base your verdict solely on the evidence or lack of evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question

A verdict must be unanimous.  That means all twelve of you must agree.  Your verdict must represent the considered judgment of each juror; whether your verdict is guilty or not guilty, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether the defendant is guilty or not guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and entirely on the evidence if you can do so without surrendering your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears incorrect.

If, after carefully considering the evidence and the arguments of your fellow jurors, you hold a conscientious view that differs from the others, you are not required to change your position simply because you are outnumbered.

Your final vote must reflect your conscientious belief as to how the issues should be decided.

> Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

### Selection of Foreperson

Your first task as a jury will be to choose your foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court through written note when questions arise and to indicate when you have reached your verdict.

> Adapted from the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

## Return of Verdict

I will give you a verdict sheet form to be filled in by the jury. I will hand this form to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question. The order of the questions corresponds to the order that the four counts were described in these instructions.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

Before the jury attempts to answer any question, you should read all the questions and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form that I am giving you. Remember, all answers must be unanimous.

Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB).

## CONCLUDING REMARKS

I have nearly finished with these charges and my instructions to you and I thank you again for your patience and attentiveness over the course of this trial.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered. Your final vote must reflect your conscientious belief as to how the issues should be decided.

Thus, the verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

If at any time you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

Now, I say this not because I think it is necessary but because it is the tradition of this Court. I remind the jurors to be polite and respectful to each other as I am sure you will be in the course of your deliberations so that each juror may have his or her position made clear to all the others. I also remind you once again that your oath is to decide without fear or favor and to decide the issues based solely on the evidence and my instructions on the law.

> Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).