UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────

UNITED STATES OF AMERICA

    -*v.*-

ROBERT HADDEN,

              Defendant.

S2 20 Cr. 468 (RMB)

HONORABLE RICHARD M. BERMAN:

### JOINT PROPOSED VERDICT SHEET

Where the parties disagree, the Government's position is indicated in **blue**, and the defendant's position is indicated in **green.**

### VERDICT SHEET

Please indicate your verdict with a check mark (✓). Your verdict as to each count must be unanimous.

**COUNT ONE:** **[Inducement of]** **[Knowing Persuasion, Enticement, or Inducement or Coercion of]** **an Individual (who testified at trial under the name Emily Anderson) to Travel Across State Lines with Intent to Engage in Unlawful Sexual Activity**[1]

---

[1] **The Government objects to the defense's additions to the description of the offenses in Counts One through Four. The inclusion of these additional words is unnecessary for purposes of the verdict form. Indeed, the verdict form could simply read "Inducement of [Victim's Name]." The jury will be properly instructed on each element of the offenses elsewhere. The Government further notes that the Government's proposed language for each of the counts in the verdict sheet largely mirrors the verdict sheet used by the Honorable Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN), Dkt. No. 565 at 82 (Count Two).** **The government's position is confusing to the defense. The statute reads: "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate . . . commerce." Thus, knowingly" is an element of the offense. If the jury does not find that Mr. Hadden acted knowingly, it must acquit him. Likewise, the jury must find that Mr. Hadden "persuaded, induced, enticed, or coerced." Those are each parts of the first element of the statute, as the parties' joint jury instruction states. "Across state lines" or "in**

1

Guilty _____        Not Guilty _____

**If you found the defendant Not Guilty as to this Count, please go on to the next count.²**

---

interstate … commerce" similarly is the second element of the statute that the jury must find. "Travel" is not sufficient.

² Special verdict sheets "are generally disfavored in criminal cases." *United States v. Hernandez*, 894 F.3d 496, 505 (2d Cir. 2018). Indeed, there is a "historic preference for general verdicts" and a "traditional distaste for interrogatories in criminal cases." *United States v. Bell*, 584 F.3d 478, 484 (2d Cir. 2009) (internal quotation marks and citation omitted). As set forth in the parties' Request to Charge, the Government does not oppose instructing the jury that they must be unanimous as to the unlawful sexual activity for each count—although such unanimity is not required—but the verdict sheet need not require the jury to specify the state law violated. *See United States v. Pizzaro*, 797 F. App'x 607, 612 (2d Cir. 2020) (stating that the Second Circuit has "'time and again [ ] held that a general charge regarding unanimity is ordinarily sufficient to protect the defendant's right to a unanimous verdict.'" (quoting *United States v. Trupin*, 117 F.3d 678, 687 (2d Cir. 1997)).

As also set forth in the Parties' Request to Charge, the Defense position is that where a statute requires a defendant's conduct be contrary to some other law, courts have treated that other law as an element. *See e.g., United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008) ("An indictment [for importing merchandise contrary to law] only including the words 'contrary to law'—without stating *which* law the defendant's conduct violated—is inadequate because it does not fully set forth the 'contrary to law' element). Juror unanimity is required as to the elements of a crime, as opposed to the mere means by which an offense is committed. *See Richardson v. United States*, 526 U.S. 813, 817 (1999). Where, as here, commission, or the intent to commit, some other crime is an element of the crime charged, unanimity as to the specific other crime is required. Elements are "ordinarily listed in the statute that defines the crime," *id.* at 818, and are here: the requirement that a person be enticed to travel for the purposes of sexual activity for which a person "can be charged with a criminal offense" is explicit in 18 U.S.C. 2422.

Thus, in this very context, the Court of Appeals for the Seventh Circuit held it was error for the court to permit the conviction of a defendant for enticing a minor to engage in sexual activity in violation of state law and 18 U.S.C. § 2422(b) without requiring unanimity as to the specific state crime the defendant committed. *United States v. Mannava*, 565 F.3d 412 (7th Cir. 2009). "The liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense in order to preserve the requirement of jury unanimity." *Id.* at 415. The same holds true for a typical conspiracy charge: where a defendant is accused of conspiring to violate multiple statutes the jury must unanimously agree as to at least one object of the conspiracy. *United States v. Sharpsteen*, 913 F.2d 59, 62 (2d Cir. 1990).

The Second Circuit has never directly addressed whether unanimity is required as to the underlying state offense under the enticement statute. The Court noted a circuit split

**If you found the defendant guilty as to this Count, please indicate which New York Penal Law Section the jury unanimously found the government proved beyond a reasonable doubt that the defendant had enticed, induced, persuaded or coerced the individual to cross state lines in order to commit.  You must be unanimous as to at least one:**

**N.Y.P.L. § 130.52 (Forcible Touching) _____**

**N.Y.P.L. § 130.55 (Sexual Abuse in the Third Degree) _____**

**N.Y.P.L. § 130.40 (Criminal Sexual Act in the Third Degree) _____**


**COUNT TWO:** **[Inducement of] [Knowing Persuasion, Enticement, or Inducement or Coercion of] an Individual (who testified at trial under the name Sara Stein) to Travel Across State Lines with Intent to Engage in Unlawful Sexual Activity**

   Guilty _____     Not Guilty _____

**If you found the defendant Not Guilty as to this Count, please go on to the next count.**

**If you found the defendant guilty as to this Count, please indicate which New York Penal Law Section the jury unanimously found the government proved beyond a reasonable doubt that the defendant had enticed, induced, persuaded or coerced the individual to cross state lines in order to commit.  You must be unanimous as to at least one:**

**N.Y.P.L. § 130.52 (Forcible Touching) _____**

**N.Y.P.L. § 130.55 (Sexual Abuse in the Third Degree) _____**

**N.Y.P.L. § 130.40 (Criminal Sexual Act in the Third Degree) _____**

---

**on the issue in *United States v. Vickers*, 708 Fed. Appx. 732, 736 n. 1 (2d Cir. 2017), which involved a violation of 18 U.S.C. § 2423(a), which prohibits transporting minors for the purpose of engaging in "sexual activity for which any person can be charged with a criminal offense," the same language at issue here.  The indictment did not specify the state statute the defendant intended to violate, but the Court deemed any error harmless beyond a reasonable doubt because the jury returned a verdict with special findings as to the specific criminal offenses involved.  *Id.* at 735-36. That is precisely what the defense requests here and is clearly the safer course.**

**COUNT THREE:** **[Inducement of] [Knowing Persuasion, Enticement, or Inducement or Coercion of]** an Individual (who testified at trial under the name Melissa Taylor) to Travel **Across State Lines** with Intent to Engage in Unlawful Sexual Activity

Guilty _____     Not Guilty _____

**If you found the defendant Not Guilty as to this Count, please go on to the next count.**

**If you found the defendant guilty as to this Count, please indicate which New York Penal Law Section the jury unanimously found the government proved beyond a reasonable doubt that the defendant had enticed, induced, persuaded or coerced the individual to cross state lines in order to commit. You must be unanimous as to at least one:**

**N.Y.P.L. § 130.52 (Forcible Touching) _____**

**N.Y.P.L. § 130.55 (Sexual Abuse in the Third Degree) _____**


**COUNT FOUR:** **[Inducement of] [Knowing Persuasion, Enticement, or Inducement or Coercion of]** an Individual (who testified at trial under the name Kate Evans) to Travel **Across State Lines** with Intent to Engage in Unlawful Sexual Activity

Guilty _____     Not Guilty _____

**If you found the defendant Not Guilty as to this Count, please stop here.**

**If you found the defendant guilty as to this Count, please indicate which New York Penal Law Section the jury unanimously found the government proved beyond a reasonable doubt that the defendant had enticed, induced, persuaded or coerced the individual to cross state lines in order to commit. You must be unanimous as to at least one:**

**N.Y.P.L. § 130.52 (Forcible Touching) _____**

**N.Y.P.L. § 130.55 (Sexual Abuse in the Third Degree) _____**

**N.Y.P.L. § 130.40 (Criminal Sexual Act in the Third Degree) _____**


_____
Foreperson

5

_____
Date and Time