**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
UNITED STATES OF AMERICA,

                Government,                            20 CR. 468 (RMB)

    - against -                                      DECISION AND ORDER

ROBERT HADDEN,
                Defendant.
------------------------------------------------------x

Having reviewed the parties' letter motions, each dated January 11, 2023, which substantially repeat motions previously made and resolved by the Court, and having heard oral argument from the parties, the Court concludes as follows:

    1. The Court confirms its prior ruling admitting into evidence specific, limited portions of the plea allocution transcript of the Defendant's New York State court proceeding on February 23, 2016. (*See* Hr'g Tr., dated Dec. 22, 2022, at 3–4; *see also* Decision & Order, dated Dec. 15, 2021, at 12–15.) The Court grants the Defense application, dated January 11, 2023, to add the following language from the State plea allocution: "the defendant will not be prosecuted [by the Manhattan District Attorney] for any similar crimes which are known to the District Attorney's office as of on or before February 22, 2016".[1] The Court also grants the related request for an instruction to the jury concerning punishment which Defendant may have received. (*See* Gov't Ltr., dated Jan. 11, 2023 at 6–7.) This issue was resolved on consent at the charge conference held on January 18, 2023.

    2. The Court confirms its prior determinations, including the Court's rulings on December 29, 2022 and January 9, 2023, that evidence of the Defendant's other sexual assaults

---

[1] The bracketed language has been added by the Court for purposes of clarity.

and abusive acts may, during the Hadden trial, be addressed by seven "bad act" witnesses under Federal Rules of Evidence 413 and 404(b).[2] (*See, e.g.*, Hr'g Tr., dated Dec., 29, 2022, at 8; Hr'g Tr., dated Jan. 9, 2023, at 156–57.) Evidence of the Defendant's prior bad acts is admissible under Rule 413 for any purpose and under Rule 404(b) for any purpose other than proving propensity. (*See* Hr'g Tr., dated Dec. 29, 2022, at 6.)

The Court also finds that the so-called "bad act" testimony is (was) not cumulative. As the Government contends, "The as-yet-uncalled victims and witness[es] show that the defendant abused patients over his tenure as a physician in a way that the testimony to date does not fully reflect." The testimony demonstrates the "timeline and escalation of the defendant's abuse" from the 1980s to 2011, revealing a "pattern of conduct." (Gov't Ltr., dated Jan. 12, 2023, at 2.) The Rule 413/404(b) witnesses are necessary to create a complete and accurate record. At the Court's request, the Government reduced the originally projected number of Rule 413/404(b) witnesses from approximately 30 to 7. **"Evidence of the [D]efendant's other acts of sexual abuse and assault remain[s] critical to establish the [D]efendant's ongoing intent to abuse the victims and to disprove the [D]efense's claim that his acts of sexual abuse were impulsive rather than premeditated."** (Gov't Ltr., dated Jan. 11, 2023, at 3 (emphasis added).)[3] The Court also adopted the Defense proposal to limit

---

[2] The witnesses include: Anna Moore (pseudonym), Laurie Kanyok, Melissa Taylor (pseudonym), Rosalina Lozada, Willie Terry, Gabriella Diaz (pseudonym), and Charlotte Books (pseudonym).

[3] *See also* 18 U.S.C. § 2422(a) ("Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate . . . to engage . . . in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."). "The idea conveyed is of one person 'lead[ing] or mov[ing]' another 'by persuasion or influence, as to some action, state of mind, etc.' or 'to bring about, produce, or cause.'" *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010) (interpreting analogous statute) (quoting The Random House Dictionary of the English Language 1076 (unabridged ed. 1971)); *United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006); *United States v. July*, 958 F.2d 379 (9th Cir. 1992).

the testimony of one of the Rule 413 witnesses, *i.e.*, Witness-1. "I am accepting the suggestion of the defense that the government can explore why that witness referred her friend to Mr. Hadden, but I would exclude oral discussions of what happened to the friend after she became a patient of Mr. Hadden." (Trial Tr., dated Jan. 12, 2023, at 780:23–781:5.)

3. The Court confirms its prior determinations, including rulings on December 22, 2022, December 29, 2022, and January 10, 2023, that "the 911 call from witness-3 [Kayvan Gabbay] . . . reporting [to the police] an alleged sexual assault by defendant upon his girlfriend [Victim-15] [be] admitted into evidence as an excited utterance." (Hr'g Tr., dated Dec. 29, 2022, at 12–13.) In reaching this conclusion, the Court was fully aware of the obvious emotional facts and circumstances surrounding Mr. Gabbay's 911 call, namely that Mr. Gabbay's significant other, Victim-15, had locked herself in the Defendant's exam room (hospital) bathroom immediately after the Defendant allegedly "licked [her] vagina" during a routine pelvic exam. (Gov't Mot. in Lim, dated July 18, 2022, at Ex. 1.) Victim-15 had urgently ("freaked out") called Mr. Gabbay to take her home from the Defendant's office. (*See* Gov't Opp. To Def's. Mot. in Lim, dated Aug. 1, 2022, at 30–31.) Before ruling on this issue, the Court stated the following:

> During the [medical exam] appointment, the defendant allegedly licked [Victim-15's] vagina; at or about the same time victim-15 told witness-3 . . . initially by text message, [] what the defendant had allegedly done. Victim-15 wrote to witness-3, who was her boyfriend that . . . Dr. Hadden just licked [her] vagina. I'm shaking and freaked out . . . . [W]itness-3, who is the boyfriend, called 911, and victim-15 reported the Defendant's sexual assault to the police approximately one hour later. Witness-3 . . . . states, "We need to file a report. My fiancée was at her OB/GYN, and he basically did something inappropriate to her. I just went up there and took her from there and brought her home. He basically touched her orally. It has now been about a half an hour to 40 minutes."

3

(Hr'g Tr., dated Dec. 29, 2022, at 10:4–22.) The Court had reviewed the text message that Victim-15 sent to Mr. Gabbay. (Gov't Mot. in Lim, dated July 18, 2022, at Ex. 1.) *See also* Trial Tr., dated Jan. 11, 2023, at 632:25–633:5, 12–13 ("It was an extreme[ly] urgent matter. It had to be dealt with right away. . . . She was abducted, raped. I don't even know what is the [term] – you know, the language that you want to put on something like this. . . . [I felt a] lot of anxiety, you know, nervousness, but I had to go take care of this.").)

The Court's December 29, 2022 ruling includes the following:

> The Court grants the government motion to admit . . . witness-3 . . . testimony, and witness-3, the boyfriend's 911 call. . . . And as discussed in connection with the Court's December 22, 2022 ruling . . . the 911 call from witness-3, the boyfriend -- and now we have the contents -- the reporting of an alleged sexual assault by defendant upon his girlfriend can be admitted as an "excited utterance" under Federal Rule of Evidence 803(2).

(Hr'g Tr., dated Dec. 29, 2022, at 12–13.) Predictably, the audio recording of the 911 call is consistent with the foregoing analysis of Mr. Gabbay's "excited utterances."

4. In sum, the Court's rulings help to ensure that the Defendant has a fair trial which protects his innocence unless and until the jury determines otherwise. The Court's rulings also enable victims to testify publicly in court without infringing upon the rights of the defense. *See, e.g., United States v. Schaffer*, 851 F.3d 166, 180 (2d Cir. 2017) (affirming that Federal Rule of Evidence 413 "does not threaten a defendant's right to due process").

Dated: New York, New York
January 24, 2023

　　　　　　　　　　　　　　　　　　　*RMB*
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**RICHARD M. BERMAN, U.S.D.J.**