

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 11, 2023

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: **United States v. Robert Hadden,**
         **S1 20 Cr. 468 (RMB)**

Dear Judge Berman:

    The Government respectfully writes in response to the defense letter of May 9, 2023 (Dkt. 287), regarding: (1) the proposed sentencing date of June 28, 2023; (2) the defense's request for notice of victim statements; and (3) other potential sentencing dates and defense requests. For the foregoing reasons, the Government respectfully requests a sentencing date of June 28, 2023, in this case.

**I.**     **The Proposed Sentencing Date of June 28, 2023**

    In light of the defense's request for an adjournment so that it can provide additional time to the defense's evaluator, Dr. Alexander Bardey, to complete his psychosexual report, June 28, 2023, appears to be the earliest possible sentencing date for the parties. The Government is prepared to proceed to sentencing on June 28, 2023, and submits that the proposed schedule below affords the defense with more than sufficient time to review and object to victim statements.

    If the Court is available on June 28, 2023, and if sentencing is scheduled for that date, the Government proposes the following schedule for submissions:

- The defense shall provide Dr. Bardey's report to the Probation Office and to the Government on or about May 23, 2023, based on the defense's belief that it will be able to disclose the report by May 23, 2023.

- The parties shall promptly provide objections to the current Draft Presentence Investigation Report ("PSR") and to any additions to the PSR based on Dr. Bardey's report and per the deadlines set forth by the Probation Office.

- The Probation Office shall provide a Final Presentence Investigation Report to the Court and to the parties on or about June 9, 2023. Probation Officer Ashley Geiser has confirmed

that this date is feasible so long as it timely receives the defense report and the parties' objections.[1]

- The Government shall produce to the defense written victim statements on a rolling basis prior to sentencing, and the defense will be afforded the opportunity to object to written statements, as discussed in greater detail below.

- The defense shall file its sentencing submission on or before <u>June 16, 2023</u>.

- The Government shall file its sentencing submission on or before <u>June 23, 2023</u>.

The Government respectfully submits that the above schedule would serve the interests of justice in this case because it would afford the defense additional time to submit its report and more than sufficient time to object to written victim statements, while also minimizing delays in sentencing.

## II. The Defense's Request for Notice Regarding Victim Statements

The defense has requested notice and adequate time to review and, where warranted, object to any proposed victim impact statements, written or oral. (Dkt. 287 at 1). Below, the Government discusses the applicable law regarding notice and the Government's intention to provide the defense with notice well beyond what is required by due process.

### A. Applicable Law

"A defendant has a due process right to notice of, and an opportunity to challenge the accuracy of, information on which the district court intends to rely in imposing sentence." *United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997). Notice "both of the identity of the victims who [] address the sentencing court and of the nature of their statements" is sufficient where, after the victim's statement is made at sentencing, the court affords the defendant "an opportunity to respond after hearing from the victims." *United States v. Eberhard*, 525 F.3d 175, 178 (2d Cir. 2008). Indeed, in this District, the Government typically provides notice that a victim wishes to speak at sentencing and/or of written victim impact statements to the Court and to the defense prior to sentencing—and, at times, even at the start of a sentencing proceeding. *See, e.g.*, *United States v. Kaufman*, 20 Cr. 577 (NSR).

During a sentencing proceeding, a defendant may contest a particular fact presented during sentencing and ask for a *Fatico* hearing. That said, "[t]he procedures to be adopted for resolution of such disputes lie within the sound discretion of the sentencing judge." *Berndt*, 127 F.3d at 257. For instance, "if there is a dispute as to a fact that the sentencing court will not rely on, no resolution

---

[1] The Government will provide copies of any victim impact statements it receives before June 9, 2023, to the Probation Office, including statements made in connection with the detention hearing. To the extent the Government receives additional victim impact statements after June 9, 2023—which, given the high number of victims in this case is very likely—those will not be included in the PSR but will be submitted to the Court consistent with Federal Rule of Criminal Procedure 32 and the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA").

of that dispute is necessary. *Id.* (rejecting defendant's argument that he was denied due process because the district court refused his request for an evidentiary hearing).

In *United States v. Maxwell*, Judge Alison J. Nathan ordered (1) the Government to inform the defense of anticipated victim impact statements on June 23, 2022, four business days before the sentencing; and (2) the defense to object to any victim impact statements within 24 hours of the Government's disclosure. *United States v. Maxwell*, 20 Cr. 330 (AJN), Dkt. 668.

### B. The Government's Proposal

Given the large number of anticipated victim statements and the specific facts and nature of this case—and as communicated to the defense yesterday—if the sentencing is scheduled for June 28, 2023, the Government plans to provide written victim statements to the defense on a rolling basis, beginning on or about June 5, 2023.[2] The Government plans to confer with the defense regarding the timing of defense objections (*e.g.*, within five days for the first production of victim statements, perhaps within one or two days for the remaining productions depending on their size).

This proposal provides the defense with more than adequate notice and satisfies the Due Process and Confrontation Clauses, while also ensuring that victims' rights under the CVRA are honored. In addition, this proposal will reduce the likelihood that the defense may object mid-sentencing while a victim delivers a statement, or seek to cross-examine a victim or request a *Fatico* hearing regarding her statement.

The parties are continuing to confer about parameters for, among other things, victim statements that may be delivered orally at sentencing.

### IV. Other Potential Sentencing Dates and Defense Requests

If the sentencing is scheduled on <u>July 12 or July 13, 2023</u>, the parties request the following submission schedule: defense submission to be filed on or before June 23, 2023; and the Government's submission to be filed on or before June 29, 2023, as set forth in the defense letter. (Dkt. 287 at 2).

If the sentencing is scheduled on <u>July 24, 2023</u>, the parties request the following submission schedule: defense submission to be filed on or before July 7, 2023; and the Government's submission to be filed on or before July 17, 2023, as set forth in the defense letter. (*Id.*).

The Government, however, opposes the defense's request for court-ordered deadlines for the parties' disclosures to the Probation Office for inclusion in the PSR, disclosure of victim impact statements, and disclosure of proposed victim oral statements. For the reasons discussed above, such deadlines are neither appropriate nor warranted given the parties' recent discussions, the Government's proposal for the disclosure of written victim statements to the defense, and the

---

[2] The Government expects that it will likely receive victim statements up until the date of sentencing. If the sentencing is scheduled for a date other than June 28, 2023, the Government will propose a new schedule for the disclosure of victim statements.

parties' continued discussions regarding victim statements that may be delivered orally at sentencing.

<div style="text-align:center">*          *          *</div>

For the foregoing reasons, the Government respectfully requests a sentencing date of June 28, 2023, in this matter.

<div style="margin-left:50%">
Respectfully submitted,

DAMIAN WILLIAMS  
United States Attorney

by: /s/  
    Jane Kim / Paul M. Monteleoni / Lara Pomerantz  
    Assistant United States Attorneys  
    (212) 637-2038 / 2219 / 2343 / 2580
</div>

cc:    Defense Counsel (By ECF)