**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 11, 2023

<u>Via Email and ECF</u>
Hon. Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

Re:   *United States v. Robert Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

The defense does not believe that a June 28, 2023 sentencing date will afford it adequate time to receive, review, and, where warranted, object and respond to victim impact statements, as we must do, pursuant to the Due Process Clause, 18 U.S.C. § 3771, and Federal Rule of Criminal Procedure 32, in order to protect Mr. Hadden's right to a fair sentencing based on reliable and relevant evidence, and to reduce the likelihood of the defense needing to object mid-sentencing or seek a *Fatico* hearing.  The process suggested by the government (ECF 288 at 3), where it continually produces victim statements piecemeal over a three-week period leading up to sentencing and the defense must object to each production within 24 hours will produce a morass of litigation that seems totally unnecessary and sub-optimal, given that the parties are available in July and the government has not asserted that even a single victim has a reliance interest in a June vs. July sentencing date.

To boil it down: let's do this once and do it right.  If the Court sets a July date, Probation can take account of the vast majority of victim impact statements in the Presentence Report and the defense raise any objections as part of its submission.

The Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, governs victims' rights at federal sentencing proceedings.  The government asserts that it anticipates a large number of victim statements. ECF 288 at 3.  It draws no distinction between statements from statutory victims covered by the CVRA and non-statutory victims, nor between written victim impact statements and victims who wish to be heard orally at sentencing.  But these distinctions are legally significant.  This Court is sentencing Mr. Hadden only for the federal crimes for which he was convicted: four counts of inducing patients across state lines for the purpose of sexual abuse. Mr. Hadden is not being sentenced for state sexual abuse (a crime he was already sentenced for

1

seven years ago).   Due process requires careful, adversarial gatekeeping of the information relied on by the Court to sentence Mr. Hadden.

1. **Only the four victims encompassed by the CVRA's definition have a right to be heard at sentencing.**

A "crime victim" under the CVRA is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771; *In re Rendon Galvis,* 564 F.3d 170, 174–75 (2d Cir. 2009).   One of the chief sponsors of the bill, Sen. John Kyl, has explained that "the CVRA's definition of a crime victim is based on the federal restitution statutes," citing the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

The CVRA definition of victim does not encompass victims of "predicate" offenses such as state sexual abuse.  *United States v. Guevera-Toloso*, 2005 WL 1210982 (E.D.N.Y. 2005) (where defendant was charged with "illegally re-entering the United States after being convicted of a felony and subsequently deported," victims of predicate offenses, if any, were not entitled to notice because the predicates were state offenses, and expressing doubt that a victim of a federal predicate would be entitled to notice); *see also In re Wild*, 994 F.3d 1244, 1261 (11th Cir. 2021), *cert. denied sub nom. Wild v. United States Dist. Ct. for S. Dist. of Fla.*, 142 S. Ct. 1188 (2022) ("in order to determine whether [a person is a CVRA crime victim], the court must decide whether a 'Federal offense' has occurred"); *In re McNulty*, 597 F.3d 344, 351 (6th Cir. 2010) (court determines CVRA victim status "based solely on facts reflected in the jury verdict or admitted by the defendant").

Thus, in this case, the statutory "victims" are those four patients whom the jury convicted Mr. Hadden of inducing across state lines for the purpose of sexual abuse. The CVRA gives those victims the right to be reasonably heard at sentencing.  18 U.S.C. 3771 (a) (4).

The defense does not anticipate any objection to the written or oral statement of any of the four statutory victims who testified at trial unless the victim makes a new factual allegation or goes outside the bounds of victim impact testimony by, for example, seeking a particular sentence be imposed against the defendant, which is not permissible. *See In re Brock*, 2008 WL 268923 (4th Cir. Jan. 31, 2008); *In re Kenna*, 453 F.3d 1136 (9th Cir. 2006); *United States  v. Coxton*, 598 F. Supp. 2d 737 (W.D.N.C. 2009); *United States v. BP Products*, 2008 WL 501321 *9 (S.D. Tex. Feb. 21, 2008); *United States v. Hunter*, 2008 WL 53125 *7 (D. Utah Jan. 3, 2008) (Kimball, J.); *United States v. Citgo Petroleum Corp.*, 2007 WL 2274393 *2 (S.D. Tex. Aug. 8, 2007); *United States v. Sacane*, 2007 WL 951666 *1 (D. Conn. Mar. 28, 2007).

2. **<u>Non-statutory victims may only submit victim impact statements (written or oral) at the Court's discretion and the defendant must be given a fair opportunity to investigate, object to, and respond to any factual allegations contained therein, as well as to object to the non-statutory victims' statements being considered by the Court in setting sentence.</u>**

   Non-statutory victims have no right to be heard at sentencing. It is our understanding that, as at the bail hearings, the government intends to submit written statements from a large number of non-statutory victims and to elicit oral statements from some number of non-statutory victims at sentencing. The Court has the discretion to accept or reject such written statements and to deny or limit oral statements by non-statutory victims. *See, e.g., United States v. Maxwell*, 20 Cr. 330, ECF No. 626 (Order) (June 27, 2022) (statutory victims may speak at sentencing and submit written impact statements, three non-statutory victims are permitted to speak at sentencing but must read a shortened version of a prepared statement that has been provided to the defendant); *United States v. Forsyth*, 2008 WL 2229268 (W.D. Pa. May 27, 2008) (excluding victim impact letter because author was not a "victim" under CVRA, and although "relevant" for sentencing purposes, it did not have sufficient reliability under the Due Process Clause).

   The defense must have an adequate opportunity with respect to any written or oral victim statement to investigate, object and present contrary evidence and argument, and where necessary, to request that a person making factual allegations be placed under oath and be subject to cross-examination. *See* Fed. R. Crim. Pro. 32; U.S.S.G. 6A1.3; *United States v. Rakes,* 510 F.3d 1280, 1285-86 & n.3 (10th Cir. 2007); *United States v. Endsley*, 2009 WL 385864 (D. Kan. Feb. 17, 2009) (the victims' right to be treated "with fairness and with respect for dignity and privacy" does not "impinge[] on a defendant's right to refute by argument and relevant information any matter offered for the court's consideration at sentencing."); *United States v. Rubin*, 558 F. Supp. 2d 411, 427-28 (E.D.N.Y. 2008) ("the Court refuses to adopt an interpretation of [sec. 3771](a)(8) that prohibits the government [or the defendant] from raising legitimate arguments in support of its opposition to a motion simply because the arguments may hurt a victim's feelings or reputation.").

3. **<u>The government should provide all written victim impact statements to Probation and the defense in advance of the final disclosure of the PSR and the due date of the defense sentencing submission.</u>**

   Understanding that even if the government's Witness Coordinator sets a deadline for the submission of written victim impact statements, a handful of statements may trickle in later and those would be provided as soon as they are received, in order for this sentencing to occur in a fair and orderly fashion, the government should endeavor to collect the majority of victim impact statements prior to the final disclosure of the PSR. Rule 32(d)(2)(B) explicitly contemplates that the ordinary procedure will be for victim impact information to be included in the Presentence Report, exactly so that a defendant will have adequate notice and opportunity to object. The government provides no reason why such a procedure cannot be followed here. Setting a July sentencing date will allow the Witness Coordinator to notify the victims of the deadline and help them to complete and submit their statements. To proceed, instead, as the government suggests,

with a constantly rolling production of statements following the disclosure of the PSR and even after the defense's sentencing submission is due, defies common sense and is likely to result in exactly what this court hates: endless late night filings on individual issues.

4. **The government should provide any factual allegations to be made in an oral victim impact statement to the defense in advance of the due date of its sentencing submission.**

In order to uphold the defendant's due process rights, the defense should receive sufficient notice of any factual allegations to be made by a non-statutory victim in an oral statement at the hearing to permit the defense to raise any appropriate objections in its sentencing submission. Otherwise, counsel will be forced to object and interrupt a victim, and may be forced to request an evidentiary hearing, which would only delay sentencing further. The victims who spoke at the bail hearing made comments far outside the bounds of the bail determination, including casting aspersions on Mr. Hadden's relationship with his wife and son and opining on what sentence he deserved. Such unbridled comments should not be permitted at sentencing.

5. **A July Date Will Protect the Defendant's and the Victims' Rights.**

The defense is aware of the Court's desire to move forward with sentencing and respects the victims' desire for sentencing to occur. But an adjournment of less than a month would provide protection for Mr. Hadden's due process rights, allow the victims' statements to be considered by Probation, and would not prejudice any victim's ability to be heard. Accordingly, we reiterate our previously filed request for sentencing to be set for July 12, 13, or 24, 2023.

Respectfully Submitted,

_____/s/_____
Deirdre D. von Dornum
Michael D. Weil
Kathryn Wozencroft
*Counsel for Robert Hadden*

cc:  Counsel of Record (by ECF)
     U.S. Probation Officer Ashley Geiser (by E-mail)
     Robert Hadden (by U.S. Mail)