

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 26, 2023

**ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Robert Hadden**, S2 20 Cr. 468 (RMB)

Dear Judge Berman:

      The Government respectfully writes in response to the defendant's letter motion of June 23, 2023, seeking to bar certain victims from making oral victim impact statements on June 28, 2023. (Dkt. 299 ("Def. Ltr.")). On May 11, 2023, for the first time, the defendant raised concerns about victim impact statements by letter to the Court. (Dkt. 289). That same day, the Court addressed the defendant's concerns by bifurcating sentencing over two days to begin with victim impact statements on the first day, followed by a round of briefing allowing the defense to raise objections to any victim impact statements, followed by a second day at which time the Court will resolve outstanding disputes and impose its sentence. (Dkt. 290 ("May 11 Order")). Consistent with the Court's May 11 Order and for the reasons that follow, the Government respectfully asks the Court to deny the defendant's motion and proceed as planned (and as outlined below):

1. <u>The Court Shall Permit the Submission of All Victim Impact Statements (Written and Oral)</u>, consistent with the Court's May 11 Order. (*Id.*). Victims may be heard in-person on June 28, 2023, without submitting a written copy of their oral statement to the defendant prior to June 28 (*i.e.*, by tomorrow, June 27, 2023).

2. <u>The Defendant Shall Have the Opportunity to Object to Victim Statements and Request a *Fatico* Hearing</u>. If the defendant has any objections to the Court's consideration of any portion of a victim impact statement or disputes any facts from the victim impact statements, he will have the opportunity to raise such objections and request a *Fatico* hearing in his supplemental submission to be filed by July 6, 2023—a briefing schedule already provided by the Court at the defendant's request. (*Id.*).

3. <u>The Government Shall Respond to the Defendant's Objections and Any Request for a *Fatico* Hearing</u>. The Government shall file any supplemental submission by July 13, 2023—a briefing schedule already provided by the Court. (*Id.*).

4. <u>The Parties Shall Be Prepared to Resolve Any Outstanding Disputes By Hearing or Otherwise on July 24, 2023, at 9:30am</u>. (*Id.*).

The above process, as already ordered by the Court, provides the defendant with due process and both protects his rights and the rights and dignity of the victims in this case.

## DISCUSSION

The Court has already permitted any victim of the defendant to participate at sentencing by submitting a written or oral victim impact statement. (May 11 Order).[1] Now, days before the first day of sentencing is to commence on June 28, 2023, the defendant asks the Court for the second time to bar certain victims from speaking at sentencing. (Def. Ltr. at 1; *see also* Dkt. 289 (defense's prior request)). The Court should again deny the defendant's request. *See United States v. Eberhard*, 525 F.3d 175, 177 (2d Cir. 2008) (holding that the Court's discretion at sentencing "is 'largely unlimited either as to the kind of information [it] may consider, *or the source from which it may come*'") (quoting, *e.g.*, *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989) (emphasis in original))). The Government responds to each of the defendant's arguments below.

*First*, sentencing is not trial. Victims are not "testifying" when they submit victim impact statements nor is the Government "eliciting" testimony from them. (Def. Ltr. at 1-3 & n1). The defendant has fabricated an absurd rule that victims who make victim impact statements must have been subject to cross-examination. (*Id.* at 2-3).[2] But that is far from the law. The Supreme Court and the Second Circuit "have consistently held that the right of confrontation *does not apply* to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." *United States v. Martinez*, 413 F.3d 239 (2d Cir. 2005) (citing many cases, including *Williams v. Oklahoma,* 358 U.S. 576, 584 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge . . . is not restricted to evidence derived from the examination and cross-examination of witnesses in open court.")); *United States v. Simmons,* 164 F.3d 76, 79 (2d Cir. 1998) ("Generally, sentencing judges are not restricted to information that would be admissible at trial. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy."); *United States v. Carmona,* 873 F.2d 569, 574 (2d Cir. 1989) ("[A]ll of the strict procedural safeguards and evidentiary limitations of a

---

[1] The Court's May 11 Order is consistent with its practice throughout the course of this case. (*See, e.g.*, 1/24/2023 Tr. at 1176-77 (advising that all victims are "eligible to attend . . . and also to be heard at every proceeding that I preside over"). Likewise, the defendant even argued at his bail hearing that the appropriate time for the victims to be heard was at sentencing. (2/1/2023 Tr. at 15-16 ("[T]he victims' feelings should be heard, and they should be considered by you [the Court] at sentencing, and I know they will be.")). Notably, many non-statutory victims spoke at the defendant's bail hearing, and the defendant neither objected to their participation nor contested the reliability of their statements during those proceedings.

[2] The defendant's fabricated rule would have harmful consequences. It would mean that victims in all cases resolved by guilty plea or who had not testified at trial would be prohibited from submitting victim impact statements. Further, the case cited by the defendant nowhere states that a victim submitting a victim impact statement must have been subject to cross-examination. (Def. Ltr. at 3 (citing *United States v. Forsyth*, No. 06 Cr. 429 (NBF), 2008 WL 2229268 (W.D. Pa. May 27, 2008)). Further, in *Forsyth*, the defendant was not convicted of sex offenses; rather, he was charged with 28 counts of making or possessing a counterfeit security, in violation of 18 U.S.C. § 513(a). *See United States v. Forsyth*, No. 06 Cr. 429, (W.D. Pa.), Dkt. 3 (2006 Indictment).

criminal trial are not required at sentencing. It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine." (internal citations omitted)); *United States v. Fischer,* 381 F.2d 509, 511 (2d Cir. 1967) (rejecting a Sixth Amendment right of confrontation challenge and noting that "weighty countervailing policies have led the Supreme Court to hold that the constitutional guaranty of [the] right [to confront witnesses] has no application at the sentencing stage of a criminal prosecution")).

*Second*, each of the eleven anticipated oral victim impact statements have more than an "indicia of reliability to support [their] probable accuracy." *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998); *see also United States v. Juwa*, 508 F.3d 694, 700-01 (2d Cir. 2007) ("[f]actual matters considered as a basis for sentence must have some minimal indicium of reliability beyond mere speculation") (internal quotation marks and citations omitted). There is no dispute that the defendant sexually abused numerous patients between in or about 1987 through 2012 in his capacity as an obstetrician-gynecologist employed by Columbia University Medical Center—as conceded by the defendant at trial. (PSR ¶¶ 16, 23). There is also no dispute that the defendant used similar tactics across victims to carry out his abuse. (*Id.* ¶¶ 17, 19-21). Three of the eleven victims testified at trial. The Court has already received written or oral statements from the remaining eight victims, either in connection with bail or sentencing. (Dkt. 296-2, Ex. A (victim lists) (sealed)). In addition, prior to trial, the Government provided 3500 material for dozens of non-testifying victims, including for seven of the eight victims who plan to speak at sentencing who did not testify at trial. The Government attaches portions of 3500 material for these seven victims hereto as Exhibits S to Y to the Government's sentencing submission. (Exs. S-Y (sealed)). Further, all eleven victims have come forward at sentencing knowing that their names would be provided to the Court and to the defense. (Dkt. 296-2, Ex. A (victim lists) (sealed)). The fact that these victims are willing to speak publicly in federal court about the defendant's horrific abuse and the pain and trauma it has caused speaks volumes as to the reliability of their statements. The Court, moreover, can evaluate the credibility of each victim in court and the reliability of each victim statement by reviewing its substance. *See, e.g.*, *United States v. Kinney*, 684 F. App'x 73, 75-76 (2d Cir. 2017) (summary order) (noting that the "specificity of the statements" was one factor in determining that it had the "requisite minimal indicia of reliability").[3]

---

[3] The defendant's attempt to silence victims by challenging their reliability further undermines his claim that he has accepted responsibility by conceding his abuse of victims and deciding "to not cross-examine the victims concerning the abuse" at trial. (Dkt. 296 at 68-69 (citing Dkt. 295 at 22)). Further, the defendant now baldly asserts that the Government should have called *more victims* to testify at trial under Rules 413 and 404(b) (Def. Ltr. at 2)—despite having repeatedly moved to preclude such victim testimony even during the course of trial (Dkts. 177 § IV, 193, 228; Trial Tr. at 149, 574, 576).

*Third*, the Government is not aware of any cases restricting what a victim may say in her victim impact statement at sentencing—nor has the defendant cited any.[4] Consistent with their rights under the Crime Victims' Rights Act "to be reasonably heard at any public proceeding in the district court involving . . . sentencing," which does not limit the topics of victim statements at such proceedings, victims should be able to offer their opinions of the defendant and the sexual abuse they experienced at the defendant's hands as those views relate to the harm the defendant caused. *See* 18 U.S.C. § 3771(a)(4). In fact, even the defendant's own sentencing letters provide unsworn factual statements and opinions about the defendant and his conduct at home. (*See, e.g.*, Dkt. 295-2, 295-5, 295-6, 295-10). The Government has informed victims as to the topics typically discussed in impact statements, namely, the impact of the defendant's conduct on the victim and those close to the victim. To the extent that victims offer views that the defendant deems inappropriate, the Court is well-positioned to determine whether such statements have an "indicia of reliability."

*Fourth*, the Court's briefing schedule affords the defendant with more than adequate notice and opportunity to object to victim impact statements. (May 11 Order at 1). *See United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997) ("A defendant has a due process right to notice of, and an opportunity to challenge the accuracy of, information on which the district court intends to rely in imposing sentence."). Due process is satisfied where, after a victim makes a victim impact statement at sentencing, the defendant has learned of "the identity of the victims who [] address[ed] the sentencing court" and "the nature of their statements," and the Court affords the defendant "an opportunity to respond after hearing from the victims." *United States v. Eberhard*, 525 F.3d 175, 178 (2d Cir. 2008). Here, in response to the defendant's concerns regarding victim impact statements, the Court rescheduled sentencing to proceed on <u>two days</u> rather than one so that the defendant would have an extensive opportunity to review victim impact statements and make objections pursuant to a supplemental briefing schedule. (May 11 Order at 1).

*Fifth*, if the defendant has objections to the Court's consideration of any portion of a victim impact statement or any facts from such statements—for example, if he claims that he did not sexually abuse a certain victim—then he may raise subjections, identify the facts he disputes, and request a *Fatico* hearing in his supplemental briefing (due by July 6, 2023). (*Id.*). The Government will respond by July 13, 2023. (*Id.*). If a hearing is warranted, the Court may resolve any factual disputes by considering hearsay evidence, including by reviewing prior victim statements. *Berndt*, 127 F.3d at 257 ("The procedures to be adopted for resolution of such disputes lie within the sound discretion of the sentencing judge."); *United States v. Orozco-Prada,* 732 F.2d 1076, 1085 (2d Cir. 1984) ("[T]here is no question that hearsay evidence may be used at sentencing."). Moreover, "if there is a dispute as to a fact that the sentencing court will not rely on, no hearing or resolution of that dispute is necessary. *Berndt*, 127 F.3d at 257 (rejecting defendant's argument that he was denied due process because the district court refused his request for an evidentiary hearing).

---

[4] The two cases cited by the defendant are entirely distinguishable capital cases involving victim impact statements presented *to the jury* during *the penalty phase of a death-penalty trial* that included victim views that the defendant should be sentenced to death. (Def. Ltr. at 4 (citing *Payne v. Tennessee*, 501 U.S. 808 (1991); *United States v. Savage*, 970 F.3d 217, 299 (3d Cir. 2020)).

## CONCLUSION

Accordingly, the Government respectfully requests that the Court deny the defendant's motion seeking to silence his victims at sentencing and proceed in the manner previously set forth in the May 11 Order.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Jane Kim
Paul M. Monteleoni
Lara Pomerantz
Assistant United States Attorneys
(212) 637-2038 / 2219 / 2343

cc:   Defense Counsel (By ECF and Email)