

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 19, 2023

<u>ECF AND EMAIL</u>
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**
**P4**

Re:   <u>United States v. Robert Hadden, S2 20 Cr. 468 (RMB)</u>

Dear Judge Berman:

The Government respectfully submits this letter in advance of the sentencing proceeding scheduled for July 24, 2023, in light of recent communications from the defense indicating that the defendant may seek a sentencing adjournment. (Exs. A, B). For the reasons that follow, the Government respectfully requests that the Court (1) grant the defendant's request for a *Fatico* hearing with respect to the Five Victims, as referenced in the Government's supplemental submission (Dkt. 312); (2) deny the defendant's request for a *Fatico* hearing with respect to the L&D Victims, as referenced in the Government's supplemental submission (*id.*); and (3) deny any additional defense requests to adjourn sentencing. Further delays are neither warranted nor in the interests of the public, including the victims, who have made travel and other arrangements to attend Monday's sentencing proceeding, have already suffered through multiple adjournments, and are awaiting closure, accountability, and justice. The Government respectfully requests the above rulings in advance of sentencing in order to coordinate with victims and witnesses who may testify or be present in the courtroom for Monday's proceedings.

**I.      Background**

The Defendant's Request for a *Fatico* Hearing. On July 6, 2023, the defendant requested a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). (Dkt. 309 at 1, 11). On July 13, 2023, the Government consented and stated that it was prepared to proceed to a *Fatico* hearing on July 24, 2023. (Dkt. 312 at 1, 3, 8-9, 15, 20, 26, 28). The Government further highlighted that apart from the defendant's objections to certain trial evidence and the fact that he had abused two minor and three adult victims (the Five Victims), the defendant had failed to clearly dispute facts to be addressed at any *Fatico* hearing. (*Id.* at 3).

Recent Communications from the Defense. On July 18, 2023, in order to confirm the facts in dispute and to prepare any additional disclosures, the Government contacted defense counsel. (Ex. A). The Government was surprised to learn that, despite having requested the *Fatico* hearing, the defendant does not wish to proceed to such a hearing on July 24, 2023. (Ex. A). Instead, the defendant plans to seek an adjournment if the Court grants his *Fatico* request so that he can make

certain arguments to the Court, as discussed below. (*Id.*). On July 19, 2023, defense counsel sent an email to the Court's Judicial Assistant, conveying that if the Court grants the defendant's request for a *Fatico* hearing, the defendant plans to seek another sentencing adjournment. (Ex. B).

## II.   The Court Should Grant the Defendant's Request for a *Fatico* Hearing With Respect to Five Victims

The Government consents to the defendant's request for a *Fatico* hearing as to the Five Victims for the reasons set forth in its supplemental submission. (Dkt. 312). Should the Court proceed to a *Fatico* hearing, the Government is prepared to offer on July 24, 2023, the testimony of FBI Special Agent Aaron Spivack whom the Government anticipates will testify about the statements of the Five Victims as to the defendant's sexual abuse.[1] The Government produced materials relating to the Five Victims to the defendant prior to trial and will produce any additional materials under Rule 26.2 prior to Monday's sentencing proceeding. The Government does not plan to elicit testimony from SA Spivack regarding the broader scope of the Government's investigation.[2]

## III.   The Court Should Deny the Defendant's Request for a *Fatico* Hearing With Respect to the L&D Victims

The Court should deny a *Fatico* hearing with respect to the fact that the defendant sexually abused the L&D Victims, as established at trial, because the Court is "entitled to rely upon the trial evidence in" making factual findings at sentencing. *United States v. Cacace*, 796 F.3d 176, 191 (2d Cir. 2015). The defendant had ample opportunity to challenge the Government's evidence, including through cross-examination of witnesses, including expert witness Dr. Keith Eddleman. Indeed, the defense did cross-examine Lozada, Terry, and Eddleman—but the defendant's efforts

---

[1] Today, the defendant made clear that he disputes any allegation of sexual abuse made by any victim who did not testify at trial, including those who submitted victim impact statements to the Court. (Ex. B). The Government respectfully submits that the defendant's conduct as established at trial warrants an above-Guidelines sentence of at least 25 years' imprisonment. Should the Court decide, however, that it intends to rely on victim impact statements submitted by victims other than the nine who testified at trial (and the Five Victims, assuming the Court finds that the defendant sexually abused them), the Government is prepared to offer evidence of the defendant's sexual abuse of victims who were interviewed by the Government and submitted victim impact statements (including Victim-8, Victim-9, Victim-11, Victim-12, Victim-14, Victim-39, Victim-41, and Victim-69). The Government produced materials regarding these additional victims to the defendant prior to trial and several of them were included in the Government's notice to the defendant under Rules 413 and 404(b).

If the *Fatico* hearing is adjourned despite the Government's strenuous objection, the Government reserves the right to present evidence of the defendant's sexual abuse of victims other than the Five Victims.

[2] Accordingly, the Government does not plan to produce Rule 26.2 material for SA Spivack relating to parts of the Government's investigation other than those that are directly about the Five Victims.

were unavailing.[3] *See id.* ("No *Fatico* hearing was required because [the defendant] already had an opportunity to rebut the government's allegations and to do so in a trial presided over by the sentencing judge. . . . We agree with the district court that [the defendant] 'had ample opportunity to present to the jury [his] claims about the lack of credibility of Government witnesses through cross-examination and closing arguments.'"). The defendant does not get a second bit at the apple.

## III.  The Court Should Deny Any Additional Defense Requests for a Sentencing Adjournment

The Court should deny the defendant's tactics to delay sentencing again in this matter. (Dkt. 296 at 31-32 (discussing defense's prior adjournment requests pushing sentencing from April 25 to July 24, 2023)). Based on today's email from the defense, the Government understands that although *the defendant* requested a *Fatico* hearing and has had sufficient time to prepare for one, he does not wish to proceed to such a hearing on July 24, 2023. (Exs. A, B). Instead, if the Court proceeds with a *Fatico* hearing, the defendant apparently plans to ask for an adjournment of sentence so that he can: (1) obtain an expert witness, presumably to contest the trial testimony of Dr. Keith Eddleman as it relates to the L&D Victims; (2) object to the Government's presentation of hearsay evidence at a *Fatico*; and (3) make additional discovery requests regarding civil lawsuits against Columbia and "dig" into a victim's public statements. (Exs. A, B). These claims are without merit—and the Court should proceed to sentencing on July 24, 2023, as scheduled.

The L&D Victims. As set forth above and in the Government's supplemental submission, the defendant has already had ample opportunity at trial to contest the fact that he sexually abused dozens of pregnant patients in the 1990s in the labor and delivery room. The defendant's request for additional time to obtain another expert witness should be denied.

Constitutional Requirements. It is well-established that the Court "is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) (internal quotation marks and citations omitted); *United States v. Vanier*, No. 18 Cr. 873 (VSB), 2021 WL 5989773, at *6 (S.D.N.Y. Dec. 17, 2021) (quoting *Slevin* and citing cases, including *United States v. Ghailani*, 733 F.3d 29, 54 (2d Cir. 2013)). "All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *Slevin*, 106 F.3d at 1091; *Ghailani*, 733 F.3d at 54. The defendant has had ample "opportunity to rebut the Government's allegations" prior to sentencing—and the Government presumes that the Court will afford defense counsel an additional opportunity on Monday. *See Slevin*, 106 F.3d at 1091.

Here, the defendant has: (1) had discovery materials relating to statutory and non-statutory victims for years; (2) materials, including statements, of non-testifying victims, including the Five Victims, since at least prior to trial; (3) access to publicly available materials for the duration of this matter, as attached in the defendant's own pretrial filings (Dkt. 312 at 16 n.14; Dkt. 117 at 5-7, 9-10; Dkt.. 118, Exs. 21-23); (4) access to the trial testimony; (5) the opportunity to object to the PSR since on or about April 27, 2023; and (6) weeks to prepare for any *Fatico* hearing. Any claims by the defendant that he needs to adjourn sentencing stem from his own personal

---

[3] Despite the defendant's best efforts, the defendant did not (and could not) elicit any testimony that it is medically necessary or appropriate for an OB/GYN to repeatedly rub a patient's labia.

preferences—not from the U.S. Constitution.  A *Fatico* hearing, moreover, is not the defendant's opportunity for a second trial or to attempt to harass and humiliate victims.

<u>Hearsay Evidence Is Admissible at a *Fatico* Hearing</u>.  It is also well-established that hearsay evidence is admissible at a *Fatico* hearing if the Court finds that such evidence has an indicia of reliability.  *Fatico*, 603 F.2d at 1057; *United States v. Orozco-Prada*, 732 F.2d 1076, 1085 (2d Cir. 1984).  To the extent the defendant seeks to make arguments that any of the Five Victims have "strong financial motivations" to fabricate their statements about the defendant's abuse or have been "contaminat[ed] by having listened to others speak" (Ex. B), the defendant is free to make those arguments to the Court and to raise those questions through cross-examination of SA Spivack.

## IV.   Conclusion

For the reasons that follow, the Government respectfully requests that the Court (1) grant the defendant's request for a *Fatico* hearing with respect to the Five Victims; (2) deny the defendant's request for a *Fatico* hearing with respect to the L&D Victims, as referenced in the Government's supplemental submission (Dkt. 312); and (3) deny any additional defense requests to adjourn sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: <u>s/</u>_____

Jane Kim
Paul M. Monteleoni
Lara Pomerantz
Assistant United States Attorneys
(212) 637-2038 / 2219 / 2343

cc:   Defense Counsel (By ECF and Email)

The sentencing on July 24, 2023 is confirmed (and will not be adjourned). The Court will resolve any open issues at the sentencing, and needs no further submissions from the parties. No hearing is required prior to the sentence.

SO ORDERED:
Date: July 20, '23   Richard M Berman
                                    U.S.D.J.