**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 24, 2023

**BY EMAIL & ECF**
Honorable Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10001

      Re:    *United States v. Hadden*, 20 Cr. 468 (RMB)

Dear Judge Berman,

      As the Court requested, the defense and the government conferred this evening about the outstanding objections to the Presentence Report ("PSR"). We set forth below the pending objections to the PSR that we believe the Court has not yet ruled on. We respectfully request explicit rulings from the Court as to each.

*First,* the defense has asked that Paragraphs 2, 4, 5, 7, and 70 be struck from the PSR because they pertain to counts in the Indictment that the government did not proceed to trial on and have not proven in a *Fatico* hearing. The defense notes that these allegations are also outside the conduct that the Court ruled today constitutes relevant conduct for sentencing. Should the Court decline to strike these paragraphs, the defense asks that, at the least, they be moved out of the "Offense Conduct" section (which we believed should be limited to counts of conviction and trial testimony) and that it be placed in a separate section labeled "Other Allegations of Sexual Abuse." *The government has no objection to paragraph 70 being struck from the PSR but objects to Paragraphs 2, 4, 5 and 7 being struck.*

*Second,* the defense asks that Paragraph 22 be struck from the PSR because it pertains to people and allegations outside the trial testimony and outside this Court's findings regarding what constitutes relevant conduct. Should the Court decline to strike this paragraph, the defense asks that, at the least, it be moved out of the "Offense Conduct" section (which should be limited to counts of conviction and trial testimony), and that it be placed in a separate section of the PSR labeled "Other Allegations of Sexual Abuse." *The government objects to this request.*

*Third,* the defense asks that Paragraph 71 be struck because it pertains to an extra-trial allegation and thus is outside the scope of the PSR. The defense has also contested the reliability of this

1

allegation, including based on the fact that there are no records indicating this person was ever a patient of Mr. Hadden's.  *The government maintains that Mr. Hadden did in fact abuse minors but has consented to the striking of all references to any Minor Victim. This paragraph pertains to an alleged Minor Victim and for this reason the government has no objection to it being struck from the PSR.*

*Fourth*, the parties agree that all references to minors should be struck from the PSR.  This includes striking paragraphs 2, 16, 70, 71, 82, 89, 96, 103 and all references to minors in the justification sections of the Probation recommendation.

*Fifth,* the defense asks that all references to Mr. Hadden directing people "when" to come for appointments or to come on a certain date should be struck from the PSR as inaccurate, because we contend that the trial evidence was that the patients chose which date to return on (while Mr. Hadden recommended a period of time in which they should return).   This includes paragraphs 28, 31, 36, and 49.  *The government objects to this request.*

*Sixth,* the defense asks that Paragraph 75 subsections d, e, f, and g be struck from the PSR.  The defense notes that these are victim impact statements from people who did not testify at trial.  There is no indication that the Probation Department has independently verified their reliability.  Moreover, subsections 75(f) and (g) are statements from individuals (Victims 90 and 95) for whom the defense has received no medical records and only limited 26.2 or *Giglio* information and whose reliability the defense has contested.  *The government believes these four statements are reliable and should be part of the record at sentencing, but has no objection to these victim statements being taken out of the PSR.*

*Seventh,* the defense has asked that paragraph 117 of the PSR include information concerning Mr. Hadden's acceptance of responsibility for the state sexual abuse, which was also part of his federal trial by virtue of the other bad acts testimony the Court permitted over defense objection.  "Mr. Hadden has repeatedly and clearly accepted responsibility for sexually abusing patients. He relinquished his medical license (before it was revoked as part of the state prosecution), he pleaded guilty in state court, he registered as a sex offender, he enrolled in a decade long course of psychotherapy and when he was charged in federal court, he disputed the interstate commerce element, but did not dispute the sexual abuse. He authorized his counsel to not even cross-examine a single victim as to the sexual abuse allegations and to agree to every protection for victims requested by the government at trial".  *The government objects to this request.*

                Respectfully Submitted,
                   /s/
                Deirdre D. von Dornum
                Michael D. Weil
                Kathryn Wozencroft
                *Attorneys for Robert Hadden*

Cc:    Counsel of Record
       U.S. Probation Officer Ashley Geiser